```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARYL COOK,                        :   CIVIL ACTION
                                   :   NO. 17-331
          Plaintiff,               :
                                   :
     v.                            :
                                   :
CITY OF PHILADELPHIA, et al.       :
                                   :
          Defendants.              :
```

**O R D E R**

**AND NOW**, this **27th** day of **October, 2017**, upon consideration of Defendants' Motions to Dismiss (ECF Nos. 13, 14), the replies and responses thereto (ECF Nos. 33, 34); Plaintiff's Motions for Leave and Default (ECF Nos. 16, 18, 23, 30), the replies and responses thereto (ECF Nos. 17, 19, 22, 24, 25); and Defendants' Motion to Stay Discovery (ECF No. 26), it is hereby **ORDERED** as follows:

1.  The Motion to Dismiss filed by Defendant Judge Allen (ECF No. 13) is **GRANTED**. Plaintiff's claims against Defendant Judge Allen are dismissed with prejudice.[1]

---

[1] Plaintiff's claims against Defendant Judge Allen in her personal capacity are dismissed because declaratory relief is not available to declare that Plaintiff's constitutional rights were violated, and because the Federal Courts Improvement Act ("FCIA") bars Plaintiff's claim for injunctive relief.

Plaintiff seeks a declaration that Defendant Judge Allen's actions in the underlying state proceeding were unconstitutional. Compl. ¶ 26.(ECF No. 6) The remedy of declaratory relief is prospective in nature. CMR D.N. Corp. v. City of Phila., 703 F.3d 612, 628 (3d Cir. 2013). Declaratory relief is inappropriate solely to adjudicate past conduct. Capozzi v. Bledsoe, 560 F. App'x 157, 159 (3d Cir. 2014); Corliss v. O'Brien, 200 F. App'x 80, 84 (3d Cir. 2006). Plaintiff asks this Court to pass judgment on Defendant Judge Allen's past judicial actions in the underlying state case.

   2. The Motion to Dismiss filed by Defendants the City of Philadelphia and Amanda C. Shoffel ("City Defendants") (ECF No. 14) is **GRANTED in part and DENIED in part** as follows.

   3. The City Defendants' Motion to Dismiss (ECF No. 14) is **GRANTED** with respect to Plaintiff's claim against Defendant the City of Philadelphia. Plaintiff's claim against the City of Philadelphia for damages for claims settled in the parties' January 23, 2015 Settlement Agreement (ECF No. 14-3) is dismissed.[2]

---

Declaratory relief is not appropriate for this purpose, and, because amendment would be futile, Plaintiff's claims thereto are dismissed with prejudice.

  Plaintiff's claims against Defendant Judge Allen in her judicial capacity are barred by Eleventh Amendment immunity as well as judicial immunity, pursuant to the FCIA. Pub. L. No. 104-317, 110 Stat. 3847 (1996). The Eleventh Amendment bars actions in federal courts against, inter alia, a Commonwealth judge who acts in his or her official capacity. Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Benn v. First Judicial District, 426 F.3d 233 (3d Cir. 2005). Similarly, the FCIA amended 42 U.S.C. § 1983 to extend judicial immunity to injunctive relief as well as to damages, for acts by a judge taken in his or her judicial capacity. Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006). Here, Defendant Judge Allen acted solely in her judicial capacity in entering the orders of which Plaintiff complains. Accordingly, Eleventh Amendment immunity and judicial immunity bar Plaintiff's claims against Defendant Judge Allen in her judicial capacity, and those claims are dismissed with prejudice.

[2] Plaintiff's claim against the City of Philadelphia is barred by res judicata. This doctrine prohibits parties who previously concluded litigation from asserting the same claims in a subsequent action where there has been a final judgment on the merits in the prior suit. Pracht v. Sec'y Pa. Dep't of Corr., 675 F. App'x 112, 115 (3d Cir. 2017); Wilkes v. Phoenix Home Life Mut. Ins. Co., 902 A.2d 366, 376 (Pa. 2006). Here, the Settlement Agreement among the parties is a final judgment under Pennsylvania law. See Barson's & Overbrook, Inc. v. Arce Sales Corp., 324 A.2d 467, 468 (Pa. Super. 1974).

  The preclusive effect of a prior state court judgment is generally a matter of state law. Gregory v. Chehi, 843 F.2d 111, 116 (3d Cir.

      4.    The City Defendants' Motion to Dismiss (ECF No 14) is **DENIED** with respect to Plaintiff's claims against Defendant Shoffel.

      5.    The City Defendants' Motion to Dismiss (ECF No. 14) is **DENIED** with respect to all other claims by Plaintiff.

      6.    Plaintiff's Motions for Leave to Conduct Discovery (ECF Nos. 16, 23) are **DENIED.**

      7.    Defendants' Motion to Stay Discovery (ECF No. 26) is **DENIED** as moot.

      8.    Plaintiff's Motion for Default (ECF No. 18) is **DENIED.**

      9.    Plaintiff's Motion for Enlargement of Time (ECF No. 30) is **GRANTED.**

---

1988). In Pennsylvania, res judicata applies where there is the concurrence of identity in (1) the thing being sued on; (2) the cause of action; (3) the persons or parties to the action; and (4) the quality or capacity of the parties suing or being sued. Bearoff v. Bearoff Bros., Inc., 327 A.2d 72, 74 (Pa. 1974).

    Here, the concurrence in identity is met regarding all four elements. The identity of the thing being sued upon and the cause of action are concurrent because they are the same claim for damages stemming from the alleged violation of Plaintiff's civil rights on June 6, 2008. Similarly, the identity of the parties and their quality and capacity is concurrent because the City of Philadelphia was named as a defendant in both actions as well as in the Settlement Agreement. See ECF No. 14-1 Ex. B. Therefore, both the instant action and the underlying state action involve the same claim, and res judicata bars Plaintiff's attempt to force the City of Philadelphia to re-litigate the previously settled matter. Accordingly, Plaintiff's claim against the City of Philadelphia for damages for the claims settled in the Settlement Agreement is barred in this action by res judicata and is dismissed.

10. Plaintiff's Motion in Opposition to Motions to Dismiss (ECF No. 33) is **GRANTED in part and DENIED in part** in accordance with the disposition of the Motions to Dismiss (ECF Nos. 13, 14) as stated above.

**AND IT IS SO ORDERED.**

**/s/ Eduardo C. Robreno**
**EDUARDO C. ROBRENO,    J.**