IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARYL COOK, : CIVIL ACTION
    Plaintiff, : NO. 17-331
v. :
CITY OF PHILADELPHIA, et al., :
    Defendants.

FILED
APR 27 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk



## MOTION FOR APPOINTMENT OF COUNSEL AND DECLARATION

Plaintiff, pro se, hereby respectfully request this Honorable Court to appoint counsel to represent him and thus conduct discovery and all further proceedings, if the Court deem it necessary for Plaintiff to respond further to Defendant Shoffel's motion for summary judgment, for the following reasons:

In compliance with the Court's order of January 3, 2018, Defendant Shoffel filed her motion for summary judgment with a copy of the transcript of Plaintiff's deposition timely

1

(i.e. on April 4, 2018). <u>See</u> Order of January 3, 2018; Motion for Summary Judgment of Defendant, Amanda C. Shoffel, Esq. and Memorandum of Law in Support thereof.

Contrary to Defendant Shoffel's argument in support of her motion for summary judgment, Plaintiff believes that she has "failed to properly support her motion and show that there is no genuine issue as to any material fact and that she is entitled to summary judgment as to all claims," and that in light of the pleadings and Plaintiff's deposition on file thus far, there is a sufficient evidentiary basis on which a reasonable jury could find for Plaintiff. <u>See</u> Memorandum of Law in Support of Motion for Summary Judgment of Defendant, Amanda C. Shoffel, Esq. (citing Plaintiff's deposition); Complaint; Plaintiff's Motion in Opposition to Motions to Dismiss of Defendants City of Philadelphia, Allen, and Shoffel; Deposition of Plaintiff on File. Thus, a reasonable resolution of conflicting evidence and inferences therefrom could result in a judgment

2

for Plaintiff (and i.e. despite Plaintiff testimony in his deposition indicating that he does not have personal knowledge or information as to how Defendant Shoffel communicated with the Motion Clerk and "everything" that was said between her and the Trial Court Action judge, the facts set forth in Plaintiff's pleadings and his deposition show that it can be "reasonably" inferred therefrom that the Defendant's actions/inactions were done "intentionally" to deny Plaintiff "procedural" and "substantive" due process regarding the default judgments he won, his amended complaint against the City of Philadelphia,[1] and his appeal rights, and to thus injure Plaintiff's litigation on her own accord and/or in collusion and/or conspiracy with the City of Philadelphia and/or the Motion Clerk and/or the Trial Court Action judge). See Adickes v. S.H. Kress + Co., 398 U.S. 144, 157, 160.

---

[1]. Defendant caused Plaintiff not to be able to proceed with his "Amended Complaint" against the City of Philadelphia, by not withdrawing the City from the Release as she had agreed to and not conceding that she had agreed to withdraw the City when Plaintiff filed his motion to strike the settlement.

3

(1970); <u>Robbins v. United States Bureau of Land Management</u>, 438 F. 3d 1074, 2006 U.S. App. LEXIS 4384 (10th Cir. 2006) (indicating that, a person's interest in a benefit is a "property" interest for due process purposes if there are rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke a hearing). Here, the rules entitled Plaintiff to the default judgments entered against Detective Gregory Rodden and Lieutenant Dean, thus the $4,875.000 (four million, eight hundred, seventy-five thousand dollars) which he demanded from them in his complaint, and also, the rules certainly entitled Plaintiff to the issuance of a rule to show cause order because Defendant was required to attach a rule to show cause order to her petition to open judgment and the Motion Clerk or Judge was required to issue the rule to show cause order to afford Plaintiff notice of the petition to open judgment and an opportunity to be heard in order for him to be able to protect his "property" interest (i.e. the $4,875.000 he was entitled to); <u>George</u>

4

v. Mapp, 2006 Phila. Ct. Com. Pl. LEXIS 275 (indicating that the purpose of the rule to show cause procedure is to give the parties the opportunity to create a record upon which the petition to open/strike may be decided, and to allow the parties to develope legal arguments supporting their positions). Here, Plaintiff did not receive notice of the petition to open and nor was "a rule to show cause" ordered as required to give Plaintiff an opportunity to be heard. Id. See also Complaint at paragraphs 8-10; High Tech Auto Repair, Inc., v. Commonwealth of Pennsylvania Department of Transportation, 2010 Phila. Ct. Com. Pl. LEXIS 361, 17 Pa. D. & C. 5th 14 (indicating that under Philadelphia County, Pa., C.P. Ct. R. 206.4(c), Philadelphia County, Pennsylvania has adopted the Pa. R.C.P. No. 206.6 rule to show cause process for all "petitions" filed pursuant to Pa. R.C.P. No. 206.1 et seq.); Pa. R.C.P. No. 206.1(a)(1) (indicating that "petition" means an application to open a default judgment); Pa. R.C.P. No. 206.6; Exhibit "A", Rule 206.4(c) attached hereto (indicating that upon the filing of a petition, a rule to show cause shall be issued as of course by the Motion Court Clerk on behalf of the Court); Pa. R.C.P. No. 239.2(c)(1)(ii) (in-

5

dicating that, if a court has by local rule adopted the procedure of Rule 206.6 providing for the issuance of a rule to show cause as of course, Local rule 206.4(c) shall expressly describe the steps that the moving party must take for the rule to issue). The Defendant herein failed to attach a rule to show cause to her petition to open judgment even though the "Petition/Motion Cover Sheet" show that she was aware that she was required to **attach a Rule to Show Cause** to her petition where she indicated by marking an "x" in the Petition **box** and in parenthesis next to Petition it say "Attach Rule to Show Cause." See Exhibit "B", Copy of Petition/Motion Cover Sheet attached hereto. Despite no Rule to Show Cause Order Form being attached to the petition to open judgment filed by Defendant Shoffel, the petition was still accepted for filing in accordance with Pa. R.C.P. No. 205.2, however, the Motion Court clerk and the Trial Court Action judge, namely, Judge Jacqueline F. Allen, failed to require Defendant Shoffel to comply with Pa. R.C.P. No. 206.6(c) or issue a rule to show cause as of course without requiring Defendant Shoffel to attach to the petition a proposed order as required by Rule 206.6(c) and indicated in Local Rule

206.4(C), Exhibit "A" attached hereto.[2] Thus, it can be reasonably inferred from the circumstances regarding the filing of the petition to open, that the Motion Court clerk, i.e. Defendant Motion Clerk, and/or the Trial Court Action judge acted in collusion and/or conspiracy with Defendant Shoffel to deny Plaintiff an opportunity to be heard on the petition to open, and thus due process, to protect his property right, and i.e. the $4,875.000.00, which he was entitled to, and/or that Defendant Shoffel "_intentionally_" did _not_ attach a Rule to Show Cause proposed Order form to the petition to open _and_ did _not_ serve Plaintiff with a copy of the petition "_intentionally_" because she knew that Plaintiff had in fact "_properly_" served the complaint upon Detective Gregory Rodden and Lieutenant Dean, and therefore, she "_intentionally_"

---

2. Moreover, despite Defendant Shoffel not attaching a RULE TO SHOW CAUSE ORDER form to her "petition", and that Defendant Motion Clerk (i.e. the Motion Court clerk) nor the Trial Court Action judge did not issue a rule to show cause order as of course, contrary to Defendant Shoffel's contention that she is entitled to summary judgment as to all claims, the Petition to Open Judgment which was filed with her motion for summary judgment does not have a "Petition/Motion Cover Sheet" attached to it, however, the copy of the "Petition/Motion Cover Sheet" attached hereto as Exhibit "B" show that although Defendant Shoffel indicated thereon that she served Plaintiff and checked the box next to "Petition (Attach Rule to Show Cause)", she did not sign the "Cover Sheet", and at the bottom of the Cover Sheet it indicate that it was filed on Dec. 10, 2013, not on the Date the petition was filed, and it does not indicate on the face that it was stamped by the filer.

7

committed "fraud," and "misrepresentation" regarding the filing of the petition, especially in light of her "falsely" stating in the petition that Plaintiff did not properly serve Detective Rodden and Lieutenant Dean. See Exhibit "C", Inmate's Request to Staff Member (indicating that upon inquiry, the prison mailroom informed Plaintiff that there was no record of any correspondence from Defendant Shoffel in the month of December). See also Plaintiff's Motion in Opposition to Motions to Dismiss of Defendants City of Philadelphia, Allen, and Shoffel at Exhibits "E", "F," and "G" (indicating that the same person who accepted service for the City of Philadelphia, had also accepted service for Detective Gregory Rodden and Lieutenant Dean, thus they were "properly" served).[3] Moreover, it can be reasonably inferred from the petition to open being granted without a RULE TO SHOW CAUSE ORDER being issued as of course and from Plaintiff's Motions for Extraordinary Relief being denied without Defendant filing any responses, that Defendant acted in collusion and conspired with the Trial Court Action judge, and thus

---

3. Also, in light of all the foregoing circumstances and conference between Defendant Shoffel and the Trial Court Action judge on November 4, 2013 without Plaintiff present for no reason, at which time said Defendant falsely stated she was advised by Trial Court Action judge that a default had been entered, it can be reasonably inferred therefrom that the Defendant and Trial Court Action judge acted in collusion and/or conspired together in order to be able to have the default judgments opened (i.e. it can be reasonably inferred that the judge told Defendant that because of the default judgments she must file the petition to open so that she, and i.e. the judge, could open the judgments, and Defendant agreed).

"intentionally" misrepresented that she had authority to settle the lawsuit, when the judge asked her did she have the authority to settle the lawsuit and Defendant said yes, your honor, and then the judge said, "Mr. Cook, I hear that she has $2,500.00 to offer you a total settlement of this civil lawsuit," and the Defendant did not advise the judge that she only had authority to settle the lawsuit against the City defendants who were served because she did not represent the unserved defendants and nor did she represent Michael Barry, Jeffrey P. Minehart, and Lee Mandell, with their intent to interfere with Plaintiff's right of appeal to prevent him from being successful on appeal. See Exhibit "D", Letter of July 19, 2016 from Counsel for the City of Philadelphia (indicating who the City represented in the Trial Court Action); Petition to Open Default Judgment at paragraph 11, and 12 attached to Defendant's Summary Judgment Motion; Memorandum of Law in Support of Motion for Summary Judgment of Defendant, Amanda C. Shoffel, Esq. Consequently, Defendant's actions/inactions caused Plaintiff's litigation to be injured, by causing him to be denied due process. See Complaint; Great Western Mining + Mineral Company v. Fox Rothschild LLP, 615 F. 3d 159, 2010 U.S. App. LEXIS 16210 (3d. Cir., August 5, 2010);

<u>Barrett v. United States</u>, 798 F.2d 565, 1986 U.S. App. LEXIS 27841 (2nd Cir., July 31, 1986)(indicating that "unconstitutional deprivation of a cause of action occurs when government officials thwart vindication of a claim by violating basic principles that enable civil claimants to assert their rights effectively"). Here, Defendant intentionally thwarted vindication of all Plaintiff's claims by violating Plaintiff's right to notice and opportunity to be heard and defend his right to the $4,875.000 he was entitled to from the default judgments he had won against Detective Rodden and Lieutenant Dean and Plaintiff's right of appeal, by acting on her own accord and/or in collusion and/or conspiracy with Defendant Motion Clerk, the City of Philadelphia Solicitor, and the Trial Court Action judge. <u>Id.</u> Defendant also had thwarted vindication of Plaintiff's claims by committing fraud and misrepresentation when she filed her petition to open and when she told the Trial Court Action judge that she had the authority to settle the total lawsuit even though she knew that she did not and could not represent all defendants named in the lawsuit. Thus, Plaintiff believes that Defendant

Shoffel and the Trial Court Action judge agreed to place on the record that said Defendant offer Plaintiff the $2,500.00 for "a total" settlement of the lawsuit to thwart a vindication of Plaintiff's right of appeal."[4] Id. See also Lites v. Berman, 390 Pa. Super. 10, 567 A.2d 1093, 1989 Pa. Super. LEXIS 3759 (indicating that no appeal as of right may be taken from... order opening the default judgment); Complaint; Conestoga National Bank of Lancaster v. Patterson, 442 Pa. 289, 295, 275 A.2d 6, 9 (1971); United Student Aid Funds, Inc. v. Espinosa, 559 US -, 130 S Ct. -, 176 L Ed 2d 158, 2010 US LEXIS 2750 (2010); Haines v. Kerner, 404 US 519, 30 L Ed 2d 652 (1972).

Accordingly, Plaintiff believes that Defendant's Motion for Summary Judgment should be denied and judgment should be entered in favor of Plaintiff or counsel should be appointed to conduct discovery and/or represent him in all further proceedings.

WHEREFORE, for the foregoing reasons, Plaintiff pray for the relief requested herein.

Date: April 20, 2018

Respectfully submitted,
Daryl Cook
DARYL COOK, Pro Se
Plaintiff

---

4. It can be reasonably inferred from the facts in the complaint and what transpired between Defendant Shoffel and Trial Court Action judge at the conference on November 4, 2013 without Plaintiff present, and at the settlement conference on January 23, 2015, that they agreed to force Plaintiff to agree to settle to thwart his right of appeal regarding the default judgments and his right to proceed with his amended complaint.

11

## DECLARATION

I, Daryl Cook, plaintiff herein, declare under the penalties of perjury that he has made the foregoing motion in good faith, because he believes that he will be successful on the merits with the assistance of counsel, however, he is unable to afford counsel due to his poverty at this time, although he was able to pay the filing fee, and due to him not having any available financial resources and only receiving approximately $19.00 per month in wages from his prison job and only having approximately $6.50 in his prison account at this time.

Date: April 20, 2018

BY: Daryl Cook
DARYL COOK
Pro Se Plaintiff

*EXHIBIT "A"*

## Rule *206.4(C). Rule to Show Cause. Issuance as of Course. Form of Order. Stay

The **Rule** to **Show cause** process set forth in Pa.R.C.P. **206.6** is hereby adopted for all **petitions filed** pursuant to Pa.R.C.P. 206.1 et seq. Upon the **filing** of a **petition**, a **rule** to **show cause** shall be **issued as** of course **by** the Motion **Court** clerk on behalf of the **Court**. The form of **rule** to **show cause order** shall be substantially **as** set forth hereunder. To obtain a stay of proceedings, the **filing** party shall specifically set forth in the **petition** the reasons why the stay is **required**, and shall further indicate on the *Petition/Motion Cover Sheet* that a stay has been requested. The **Court** may schedule a conference on the request for stay, or **grant** or deny the stay *ex parte*.

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA FIRST JUDICIAL DISTRICT OF

PENNSYLVANIA CIVIL TRIAL DIVISION

#TABLE#

4

___ Term, 20___

No.:

Petition

### RULE TO SHOW CAUSE ORDER

AND NOW, this ___ day of ___, ___, upon consideration of the foregoing Petition, it is hereby ordered that:

(1) a Rule is issued upon the respondent to show cause why the petitioner is not entitled to the relief requested;

(2) the respondent shall file an answer to the Petition within twenty days;

(3) A Hearing or Argument shall be scheduled at the discretion of the Assigned Judge; and

(4) notice of the entry of this order shall be provided immediately to all parties by the petitioner.

BY THE COURT:

parules            1

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement

# PHILADELPHIA COURT OF COMMON PLEAS
## PETITION/MOTION COVER SHEET

**CONTROL NUMBER:** 13121149

*(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)*

| FOR COURT USE ONLY | |
|---|---|
| ASSIGNED TO JUDGE: | ANSWER/RESPONSE DATE: 12/30/2013 |

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response. Status may be obtained online at http://courts.phila.gov*

Month: April     Term, Year: 2012
No. 04474

COOK JR8635 VS CITY OF PHILADELPHIA CITY SOLICITOR

**Name of Filing Party:**
GREGORY DETECTIVE RODDEN-DFT
LIEUTENANT DEAN-DFT

**INDICATE NATURE OF DOCUMENT FILED:**
☒ Petition *(Attach Rule to Show Cause)*  ☐ Motion
☐ Answer to Petition    ☐ Response to Motion

Has another petition/motion been decided in this case? ☒ Yes ☐ No
Is another petition/motion pending? ☒ Yes ☐ No
*If the answer to either question is yes, you must identify the judge(s):*
JUDGE ALLEN, JUDGE MOSS, JUDGE TERESHKO

**TYPE OF PETITION/MOTION** *(see list on reverse side)*
PETITION TO OPEN JUDGMENT

**PETITION/MOTION CODE** *(see list on reverse side)*
PTOJD

**ANSWER / RESPONSE FILED TO** (Please insert the title of the corresponding petition/motion to which you are responding):

### I. CASE PROGRAM
DAY FORWARD/MAJOR JURY PROGRAM

Name of Judicial Team Leader: JUDGE JACQUELINE ALLEN
Applicable Petition/Motion Deadline: N/A
Has deadline been previously extended by the Court: N/A

### II. PARTIES *(required for proof of service)*
(Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each at

ELIZABETH HORNEFF
  6TH & WALNUT STS., 4TH FL THE CURTIS
  CENTER , PHILADELPHIA PA 19106
AMANDA C SHOFFEL
  1515 ARCH STREET 14TH FLOOR ,
  PHILADELPHIA PA 19102
DARYL COOK JR 8635
  SCI FAYETTE BOX9999 , LA BELLE PA
  15450
OFFICER FENNELL
  CURRAN FROMHOLD CORRECTIONAL 7901
  STATE ROAD , PHILADELPHIA PA 19136
LIEUTENANT DEAN
  CURRAN FROMHOLD CORRECTIONAL 7901
  STATE ROAD , PHILADELPHIA PA 19136

### III. OTHER

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

| *(Attorney Signature/Unrepresented Party)* | December 9, 2013 *(Date)* | AMANDA C. SHOFFEL *(Print Name)* | *(Attorney I.D. No.)* |

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.
No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

30-1061B E-File# 1312015803
10-DEC-13 09:34:12

```
MAJOR MAY
  CURRAN FROMHOLD CORRECTIONAL FACILITY
  7901 STATE ROAD , PHILADELPHIA PA
  19136
GREGORY DETECTIVE RODDEN
  PHILA POLICE HEADQUARTERS HOMICIDE
  DIVISION 8TH RACE ST , PHILADELPHIA
  PA 19106
MICHAEL BARRY
  DISTRICT ATTORNEY'S OFFICE THREE
  SOUTH PENN SQUARE , PHILADELPHIA PA
  19107
```

**FILED**
09 DEC 2013 04:53 pm
**Civil Administration**
A. WARREN

|  |  |
|---|---|
| DARYL COOK | COURT OF COMMON PLEAS |
| Plaintiff | OF PHILADELPHIA COUNTY |
| v. | April Term 2012 |
| THE CITY OF PHILADELPHIA, et al. | |
| Defendants | No. 120404474 |
|  | **Jury Trial of 12 Demanded** |

## ORDER

AND NOW, this _____ day of _____, 2013, it is hereby **ORDERED** and **DECREED** that the Petition of Defendants Detective Rodden and Lt. Dean is granted and the default entered against the Defendants is OPENED and VACATED. It is further ORDERED that Defendants file a responsive pleading within twenty (20) days from the date of this Order.

BY THE COURT:

_____
J.

1

Case ID: 120404474
Control No.: 13121149

EXHIBIT "C"
Case 2:17-cv-00331-ER Document 51 Filed 04/27/18 Page 17 of 20

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |
| | **INSTRUCTIONS** Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1. To: (Name and Title of Officer) Mailroom Supervisor | 2. Date: 1-22-2014 |
|---|---|
| 3. By: (Print Inmate Name and Number) Daryl Cook, JR-8635 *Daryl Cook* Inmate Signature | 4. Counselor's Name: N/A |
| | 5. Unit Manager's Name: N/A |
| 6. Work Assignment: None | 7. Housing Assignment: JB1037 GB57 |

8. Subject: State your request completely but briefly. Give details:

Dear Supervisor:
  Please be advised that I am requesting that you forward a copy of your record of the name(s) and address(es) of who you received mail from for me on December 9, 2013 thru December 13, 2013. More specifically, I need to know and have proof of whether your mailroom received correspondence for me from "Amanda C. Shoffel, Esquire, Assistant City Solicitor, City of Philadelphia Law Department, 1515 Arch Street, 14th or 17th Floor, Philadelphia, PA 19102 on any one of the given dates because according to the docket of the Court she filed a Petition which I should have received a copy of on one of the aforementioned dates, however, I did not receive any correspondence from her at all in the month of December, 2013 or this month thus far. Also, please advise me why it took seven (7) days for me to receive the legal mail I received today from the Superior Court of Pennsylvania (i.e. it was mailed from Philadelphia on 1-15-14). Thank you for your attention hereto. Sincerely, cc: DC/file

9. Response: (This Section for Staff Response Only)

We don't have any record of above mentioned correspondence

To DC-14 CAR only ☐     To DC-14 CAR and DC-15 IRS ☐

STAFF MEMBER NAME ____Am____  _____ DATE 1-29-14
                        Print              Signature

7.2.1, Counseling Services Procedures Manual - Section 3, Request Slips          Attachment 3-A

*EXHIBIT "D"*



CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Daniel Auerbach
Assistant City Solicitor
(215) 683-5461 (Direct dial)
(215) 683-5069 (Fax)
daniel.auerbach@phila.gov

*Via fax: (717) 787-9559*

July 19, 2016

Chief Clerk's Office, Pennsylvania Judicial Center
601 Commonwealth Avenue, Suite 2100
Harrisburg, PA 17106

    RE:    <u>Cook v. City of Philadelphia City Solicitor, et al.</u>
             Docket No. 2304 C.D. 2016

To whom it may concern:

This Court recently entered a dormant order because appellee Major May and Michael Barry did not timely file briefs. Michael Barry is an Assistant District Attorney; the City's Law Department does not represent him. Major May is a City of Philadelphia employee. However, I, on behalf of the City's Law Department, am not representing him in this appeal because he was not served below. This issue is explained further in the brief I filed on behalf of the City and three of its employees (Gregory Rodden, Lieutenant Dean, and Officer Fennell).

I cannot speak for Major May because I have not entered my appearance on his behalf. But the Law Department will not file a brief for him in this matter or otherwise represent him.

Respectfully,

/s/ *Daniel J. Auerbach*

Daniel J. Auerbach (Counsel for the City of Philadelphia)


cc: Daryl Cook (appellant *pro se*)
via U.S. Mail: SCI-Fayette (#JR-8635), P.O. Box 9999, LaBelle, PA 15450-0999

Michael Barry (appellee *pro se*)
via U.S. Mail: District Attorney's Office, Three South Penn Square, Philadelphia, PA 19107

Anne E. Horneff, Esq (counsel for appellee Lee Mandell)
via email: ehorneff@margolisedelstein.com

Major May (appellee *pro se*)
via U.S. Mail: Curran-Fromhold Correctional Facility, 7901 State Road, Philadelphia, PA 19136

## CERTIFICATE OF SERVICE

I certify that I caused a true and correct copy of the foregoing Motion to be served on this 20th day of April, 2018, by first class mail, to:

Meghan E. Claiborne, Esquire
Assistant City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5447
(Counsel for Defendant Shoffel)


By: Daryl Cook
DARYL COOK
JR8635
SCI-Fayette
48 Overlook Drive
LaBelle, PA 15450-1050

DARYL COOK, #JR8635
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450-1050

URGENT
AIR MAIL

Inmate Mail-Pa
Department of Corrections

OFFICE OF THE CLERK
United States District Court
601 Market Street
Philadelphia, PA 19106-9865



U.S. POSTAGE >> PITNEY BOWES
ZIP 15450  $ 001.10⁰
02 4W
0000354482 APR. 24. 2018



FOREVER USA
Barn Swallow

"Inmate Mail - PA DEPT. OF CORRECTIONS"