IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED

DARYL COOK                          :   CIVIL ACTION

JUN 04 2018

v.                KATE BARKMAN, Clerk
            By_____Dep. Clerk        :

CITY OF PHILADELPHIA, et al     :   NO. 17- 331

RECEIVED
JUN 4 2018

PLAINTIFF'S DOCUMENT IN SUPPORT OF SUPPLEMENTAL
__MOTION FOR APPOINTMENT OF COUNSEL AND DECLARATION__

In support of Plaintiff's request for judgment in his favor
or appointment of counsel to conduct discovery and all
further proceedings, in his "supplemental motion for appointment
of counsel and declaration", Plaintiff hereby submits the
attached document (i.e. copy of "Answer and New Matter of
Defendants Detective Dean and Lt. Rodden") as proof that he
was __not__ served with a copy of same as indicated by the
"Certificate of Service" attached thereto and as proof that
Defendant Shoffel did __not__ serve Plaintiff with a copy of same
and a copy of her petition to open the default judgments

-1-

and she did _not_ attach a copy of same to her petition to open or to her motion for summary judgment along with her petition to open, because her petition to open and her answer to the complaint filed in the state court does _not_ state a meritorious defense, thus, she knew that the state court action judge would open the default judgments due to Plaintiff _not_ filing an answer to the petition to open. _See_ Supplemental Motion for Appointment of Counsel and Declaration; Answer and New Matter of Defendants Detective Dean and Lt. Rodden (failing to show a meritorious defense and that Plaintiff was served)[1]; Petition to Open attached as Exhibit B to Defendant Shoffel's Motion for Summary Judgment (failing to show a meritorious defense). _See_ also _Fleet National Bank v. Taylor_, 2005 Phila. Ct. Com. Pl. LEXIS 3; Complaint at 8-22, 26-27, 29 and 33.

Date: May 27, 2018

Respectfully submitted,

Daryl Cook
DARYL COOK
Pro se Plaintiff

---

1. It is significant to note that the Defendants' names are Detective Rodden and Lieutenant Dean and the certificate of Service indicate that "counsel for Plaintiff" was served "via electronic mail," not Plaintiff, who was pro se.

- 2 -

CITY OF PHILADELPHIA LAW DEPARTMENT
**AMANDA C. SHOFFEL**
DEPUTY CITY SOLICITOR
IDENTIFICATION NO. 306956
1515 ARCH STREET, 14TH FLOOR
PHILADELPHIA, PA 19102-1595
TEL (215) 683-5443 AND FAX (215) 683-5397
amanda.shoffel@phila.gov

---

**NOTICE TO PLEAD**

You are hereby notified to file a
written response to the within New
Matter within twenty (20) days from
service hereof or a judgment may be
entered against you.

Amanda C. Shoffel
Deputy City Solicitor

---

**DARYL COOK**
          Plaintiff

    v.

**THE CITY OF PHILADELPHIA, et al.**
          Defendants

COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY

April Term 2012

No. 120404474

## ANSWER AND NEW MATTER OF DEFENDANTS DETECTIVE DEAN AND LT. RODDEN

      Defendants, Detective Dean and Lt. Rodden, by and through the undersigned counsel, Amanda Shoffel Deputy City Solicitor, hereby file this Answer and New Matter to the Plaintiff's Complaint, and aver as follows:

1.     The allegations in this paragraph are conclusions of law to which no response is required. To the extent and response is required, denied.

2.     The allegations in this paragraph are conclusions of law to which no response is required. To the extent and response is required, denied.

3.     The allegations in this paragraph are conclusions of law to which no response is required. To the extent and response is required, denied.

### PARTIES

4.     Admitted, under information and belief.

Case ID: 120404474

5.      Denied. By way of further response, The City of Philadelphia has been
        dismissed from the instant action and is no longer a party.

6.      The allegations in this paragraph are directed to persons other than the
        Answering Defendants, therefore- no response is required.

7.      Admitted only that Lt. Dean is employed by the Philadelphia Prison System.
        All remaining allegations are denied.

8.      The allegations in this paragraph are directed to persons other than the
        Answering Defendants, therefore- no response is required.

9.      Admitted only that Det. Rodden is employed by the Philadelphia Police
        Department. All remaining allegations are denied.

10.     The allegations in this paragraph are directed to persons other than the
        Answering Defendants, therefore- no response is required.

11.     The allegations in this paragraph are directed to persons other than the
        Answering Defendants, therefore- no response is required.

12.     The allegations in this paragraph are directed to persons other than the
        Answering Defendants, therefore- no response is required.

## FACTS

13.     Denied.  Strict proof demanded.

14.     Denied.  Strict proof demanded.

15.     Denied.  Strict proof demanded.

16.     Denied.  Strict proof demanded.

17.     Denied.  Strict proof demanded.

18.     Denied.  Strict proof demanded.

2

19.    Denied. Strict proof demanded.

20.    Denied. Strict proof demanded.

21.    Denied. Strict proof demanded.

22.    Denied. Strict proof demanded.

23.    Denied. Strict proof demanded.

24.    Denied. Strict proof demanded.

25.    Denied. Strict proof demanded.

26.    Denied. Strict proof demanded.

27.    Denied. Strict proof demanded.

## **RELIEF**

28.    Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

29.    Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

30.    Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

31.    Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

Case ID: 120404474

## JURY TRIAL DEMAND

32.     Defendant demands a trial by jury on all counts of Plaintiff's Complaint.

**WHEREFORE**, answering Defendants deny they are liable upon all of the

causes of action declared upon, and demands judgment in their favor plus interests and

costs.

Respectfully Submitted,

Date:  January 27, 2014                        AMANDA C. SHOFFEL
                                               Deputy City Solicitor
                                               1515 Arch Street, 14th Floor
                                               Philadelphia, PA  19102-1595

4

Case ID: 120404474

CITY OF PHILADELPHIA LAW DEPARTMENT
**AMANDA C. SHOFFEL**
DEPUTY CITY SOLICITOR
IDENTIFICATION NO. 306956
1515 ARCH STREET, 14TH FLOOR
PHILADELPHIA, PA  19102-1595
TEL (215) 683-5443 AND FAX (215) 683-5397
amanda.shoffel@phila.gov

<table>
<tr><td>

---

**DARYL COOK**
          Plaintiff

          v.

**THE CITY OF PHILADELPHIA, et al.**
          Defendants

---
</td></tr>
</table>

**NOTICE TO PLEAD**

You are hereby notified to file a written response to the within New Matter within twenty (20) days from service hereof or a judgment may be entered against you.

Amanda C. Shoffel
Deputy City Solicitor

COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY

April Term 2012

No. 120404474

## NEW MATTER

    Defendants, by and through this undersigned counsel, Amanda C. Shoffel, plead the following New Matter:

1. Plaintiff's alleged injuries, sufferings, and/or damages, if any, were caused by his own willful and/or malicious misconduct.

2. It is further averred that if Plaintiff sustained injuries and damages as alleged, they were due solely and or primarily to his assumption of the risk of said injuries and damages.

3. Answering Defendants assert all of the defenses, immunities, and limitations of damages available to them under the "Political Subdivision Tort Claims

5

Act," and aver that the Plaintiff's remedies are limited exclusively thereto.

Act of Oct. 5, 1980, No. 142, P.L. 693, 42 Pa. C.S.A. §8541 et seq.

4. Any force used against plaintiff was reasonable and necessary under the circumstances.

5. Law enforcement privilege sanctioned any physical contact the Defendants had with Plaintiff.

6. Defendant's actions were sanctioned by 18 Pa. Cons. Stat. § 508, which expressly authorizes the use of force by law enforcement to prevent another person from committing or consummating the commission of a crime involving or threatening bodily injury.

**WHEREFORE,** Answering Defendants deny they are liable upon all causes of action declared upon and demand judgment in their favor, plus interest and costs.

Respectfully Submitted,

Date: January 27, 2014

AMANDA C. SHOFFEL
Deputy City Solicitor
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595

6

Case ID: 120404474

## CERTIFICATE OF SERVICE

I, _Daryl Cook_, do hereby certify that I caused a true and correct copy of the foregoing document to be served on this _28th_ day of May, 2018, by first class mail, to:

Meghan E. Claiborne, Esq.
Assistant City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 14th Fl.
Philadelphia, PA 19102
(215) 683-5447
(Counsel for Defendant Shoffel)

FILED
JUN 04 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

By: _Daryl Cook_
    DARYL COOK
    JR8635
    SCI-Fayette
    48 Overlook Drive
    LaBelle, PA 15450-1050
    (Pro Se Plaintiff)

... K, # JR**8635**
- Fayette
Overlook Drive
LaBelle, Pa 15450-1050

U.S. POSTAGE >> PITNEY BOWES

ZIP 15450 $ 000.21⁰
02 4W
0000354482 MAY 30 2018

FOREVER
U.S.A.

Bank Swallow

URGENT
LEGAL MAIL

Inmate Mail-Pa
Department of Corrections

Office of the Clerk
United States District Court
601 Market Street
Philadelphia, PA 19106

pci

"Inmate Mail - PA DEPT. OF CORRECTIONS"

19106$1729 C019