# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARYL COOK, | : | |
|               Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | CIVIL ACTION |
|               Defendants. | : | NO. 17-0331 |
| | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2018, upon consideration of Plaintiff's Motion for Appointment of Counsel and additional supporting documents, and the response thereto, it is hereby **ORDERED** that Plaintiff's Motion for Appointment of Counsel is **DENIED.**

                                                **SO ORDERED:**

                                                Robreno, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARYL COOK, : | |
|           Plaintiff, : | |
| : | |
| v. : | |
| : | |
| CITY OF PHILADELPHIA, et al., : | CIVIL ACTION |
|           Defendants. : | NO. 17-0331 |
| : | |

**OPPOSITION TO PLAINTIFF'S MOTION TO FOR APPOINTMENT OF COUNSEL**

Defendant, Amanda C. Shoffel, Esq. ("Attorney Shoffel"), hereby files this opposition to Plaintiff's Motion for Appointment of counsel ("Opposition"). In support of this Opposition, Attorney Shoffel hereby adopts and incorporates all facts and arguments asserted in her motion for summary judgment ("Motion for Summary Judgment"). Dkt. 50.

Plaintiff's Motion for Appointment of Counsel ("Motion for Counsel") amounts to nothing more than a recitation of the exact same unsupported allegations contained in Plaintiff's Complaint and subsequent filings. In sum, Plaintiff avers that three procedural issues occurred – the first being that Plaintiff did not participate in a settlement conference held on November 8, 2013 that was attended by Attorney Shoffel and the state court judge; the second, that Plaintiff was not served, either by error of Attorney Shoffel or of an unidentified third party, with a copy of Attorney Shoffel's petition to open default judgment; and finally, that Attorney Shoffel did not cause a rule to show cause to be issued to Plaintiff along with the petition to open.[1] Deposition of Daryl Cook ("Cook Dep."), attached as Exhibit C to Motion for Summary Judgment, at 30:18-31:2; 6:23-24; 21:13-

---

[1] Attorney Shoffel does not concede that any such Rule was required under the Rules of Civil Procedure.

22. Additionally, Plaintiff alleges that the clerk of court failed to docket at least one of Plaintiff's filings. *Id.* at 24:5-9.

Plaintiff further avers that he was able to inform the state court judge of these issues both in person, *id.* at 11:7-17, and via multiple filings with the court. *Id.* at 23:4-12. When the judge declined to reinstate the default judgment against Attorney Shoffel's clients, Plaintiff agreed to settle the case based on his mistaken assumption that he could simply appeal the settlement. *Id.* at 23:16-19.

Plaintiff alleges Attorney Shoffel must have colluded with the judge given the judge's declination to reinstate the default judgment against Attorney Shoffel's clients. *Id.* at 23:11-12.

Plaintiff believes that Attorney Shoffel was colluding with the clerk of court to prevent these filings from being docketed. *Id.* at 24:10-24.

As discussed at length in Defendant's Motion for Summary Judgment, Plaintiff has not provided any evidence to support his allegations that Attorney Shoffel colluded with either the judge or the clerk of court to commit a fraud on Plaintiff. *Id.* at 25:1-17; 39:15-40:4. At most, Plaintiff's allegations amount to inadvertent, immaterial procedural defects and a dissatisfaction with the judge's rulings in Plaintiff's state court action.

Plaintiff has filed three separate documents as part of Plaintiff's Motion for Counsel totaling 34 pages, none of which provides any novel information or evidence supporting Plaintiff's claims. As to Plaintiff's claim for fraud and/or conspiracy, Plaintiff has simply failed to produce any evidence in support of these claims, or to even identify what evidence he believes he could obtain with the assistance of counsel. Plaintiff's deposition makes clear that these claims are based upon nothing more than Plaintiff's own beliefs and suspicions, and Plaintiff should not be afforded the opportunity to engage in additional, futile discovery related to these baseless allegations.

As to Plaintiff's disagreement with the state court judge's rulings, assistance from counsel would be futile as this Court is precluded from disturbing the state court's decisions pursuant to the

*Rooker-Feldman* doctrine. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Desi's Pizza, Inc. v. City of Wilkes Barre*, 321 F.3d 411, 419 (3d Cir. 2003); *Smith v. Thomas Jefferson Univ. Hosp.*, No. 08-cv-2478, Dkt. 15 (E.D. Pa. July 3, 2008), ¶6.

Based upon the foregoing, there is no basis for granting Plaintiff's Motion for Counsel.

Date: June 12, 2018

Respectfully submitted,

*/s/* Meghan E. Claiborne__________
Meghan E. Claiborne, Esquire
Assistant City Solicitor
Pa. Attorney ID No. 315918
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5447
meghan.claiborne@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARYL COOK,<br>    **Plaintiff,**<br><br>v.<br><br>CITY OF PHILADELPHIA, et al.,<br>    **Defendants.** | CIVIL ACTION<br>NO. 17-0331 |

## CERTIFICATE OF SERVICE

I hereby certify that the Motion for Appointment of Counsel has been filed on ECF and is available for viewing and downloading.

In addition, I certify that I have caused a copy to be served via first class mail on the following:

> Daryl Cook
> JR-8635
> SCI Fayette
> Box 9999
> LaBelle, PA 15450
> *Pro Se Plaintiff*

Date: June 12, 2018        */s/* Meghan E. Claiborne
                 Meghan E. Claiborne
                 Assistant City Solicitor