IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARYL COOK,  :  CIVIL ACTION
    Plaintiff  :  NO. 17-331
   v.  :  (Judge Robreno)
CITY OF PHILADELPHIA, et al.,  :
    Defendants  :

FILED
JUN 25 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## RESPONSE TO OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

In response to Defendant Shoffel's opposition to Plaintiff's Motion for Appointment of Counsel, Plaintiff hereby avers that despite the record thus far showing that his claims are viable <u>and</u> it can be inferred by a reasonable jury from the conference held on November 4, 2013 between "Defendant Shoffel <u>and</u> the Trial Court Action judge," and the documentary evidence attached to "Plaintiff's Motion for Appointment of Counsel and Declaration" <u>and</u> "Plaintiff's Document in Support of Supplemental Motion for Appointment of Counsel and Declaration" that Defendant Shoffel

-1-

had colluded and/or conspired with the City of Philadelphia, namely, the City Solicitor, and/or the Trial Court Action judge and/or Defendant Motion Clerk and/or Defendant Shoffel committed fraud/misrepresentation to "thwart vindication" of Plaintiff's claims against all defendants in the state court action by violating basic principles that would have enabled Plaintiff to assert his rights effectively, and thus obtain the $4,875,000 (four million, eight hundred, seventy-five thousand dollars) he was/is entitled to from the default judgments entered in his favor against Detective Gregory Rodden and Lieutenant Dean in the state court and also the equitable relief he sought and was thus entitled to as a result of the default judgments he won in the state court, along with his right to proceed with the "Amended Complaint" he filed in the state court against the City of Philadelphia and his right of appeal from the orders dismissing defendants from his complaint,

-2-

Defendant Shoffel is still asserting that Plaintiff has not provided any evidence to support his allegations that she colluded with either the judge or clerk and that Plaintiff has failed to produce any evidence in support of his claim for fraud and/or conspiracy, although Plaintiff has produced sufficient evidence to show that Defendant Shoffel caused Plaintiff to be denied due process and it can be reasonably inferred from Plaintiff's evidence thus far that her action was intentional, fraudulent, collusional and conspiratorial, and thus cause the settlement to be "void" because she did <u>not</u> serve Plaintiff with her petition to open the default judgments or her answer to the complaint <u>and</u> she did <u>not</u> attach a rule to show cause order form to her petition to open as she was required to do <u>and</u> nor did the Trial Court Action judge <u>or</u> Defendant Motion Clerk issue a rule to show cause order as of course as required "before the default judgments could be opened." <u>See</u>

-3-

Motion for Appointment of Counsel and Declaration; Supplemental Motion for Appointment of Counsel and Declaration; Plaintiff's Document in Support of Supplemental Motion for Appointment of Counsel and Declaration; Opposition to Plaintiff's Motion For Appointment of Counsel; Rule 205.2(B). Cover Sheet at paragraph (2) Petitions or Motions (indicating that a Petition/Motion Cover Sheet must be attached to all Petitions...) attached hereto; <u>US Spaces, Inc. v. Berkshire Hathaway Homeservices</u>, 2017 PA Super 174, 165 A.3d 931, 2017 Pa. Super. LEXIS 403 (June 5, 2017) attached hereto; Rule 206.6 at (c) and (c)(6) (indicating that the petitioner shall attach to the petition a proposed order substantially in the form provided, and that notice of the entry of the order shall be provided to all parties by the petitioner) attached hereto.

Accordingly, contrary to Defendant's assertion that "[A]t most, Plaintiff's allegations amount to inadvertent, immaterial procedural defects and a dissatisfaction with the judge's rulings in Plaintiff's state court action," and that assistance from counsel would be futile, Plaintiff has demonstrated that he is entitled to judgment in his favor as a matter of law <u>or</u>

appointment of counsel to aid him with discovery such as the taking of depositions from Defendants Shoffel and Motion Clerk and the Trial Court Action judge and City Solicitor, and thus obtain a copy of the transcript of the conference between Defendant Shoffel and the Trial Court Action judge held on November 4, 2013 in the state court, if this Honorable Court deem it necessary for Plaintiff to produce additional evidence for the jury to hear, or for the Court to enter judgment in Plaintiff's favor. See Complaint at Relief Section. See also <u>Kingvision Pay-Per-View LTD v. Lake Alice Bar</u>, 168 F.3d 347, 1999 U.S. App. LEXIS 1762, 99 Cal. Daily Op. Service 1063, 99 Daily Journal DAR 1329, 42 Fed. R. Serv. 3d (Callaghan) 1358 (9th Cir. 1999). Here, Plaintiff is complaining of how his litigation was injured and not about the state court judge's rulings. See Motion for Appointment of Counsel and Declaration (citing cases).

WHEREFORE, for the foregoing reasons, Plaintiff pray

for an order denying Defendant Shoffel's Motion for Summary Judgment and entering judgment in favor of Plaintiff, <u>or</u> appointing counsel to depose Defendant Shoffel, Defendant Motion Clerk who was responsible for docketing Defendant Shoffel's petition to open judgment and issuing a Rule to Show Cause Order as of course on behalf of the court, the City Solicitor regarding whether Defendant Shoffel consulted with the City Solicitor concerning her decisions not to answer the complaint or serve Plaintiff and whether she had authority to settle on behalf of all defendants in the state court lawsuit, and the Trial Court Action judge regarding what transpired between her and Defendant Shoffel at the conference held on November 4, 2013 <u>and</u> why she did not issue a rule to show cause order as of course upon the filing of Defendant Shoffel's petition to open the default judgments, and also appointing

counsel to obtain any and all documents pertaining to the authority Defendant Shoffel had regarding the settlement of all claims against the City-Defendants and Non-City-Defendants in the state court lawsuit, and to obtain a copy of transcript of the Conference proceeding held on "November 4, 2013." [1]

Date: June 20, 2018

Respectfully submitted,

Daryl Cook
DARYL COOK
Pro Se Plaintiff

---

[1] It is significant to note that Defendant Shoffel has been incorrectly referring to the "wrong date" of the conference between her and the Trial Court Action judge (i.e. the correct date of the conference in question was November 4, 2013, not November 8, 2013 as asserted by Defendant Shoffel in her opposition motion at Page 1 and her summary judgment motion at III.D.).

-7-

## Rule   *205.2(B). Cover Sheet

(1) Initial Pleading. Any document commencing an action must have attached **to** it a ***Civil Cover Sheet***, in a form provided by the Office of Judicial Records as approved and modified from time **to** time by the Administrative Judge or his/her designee. A **Civil Cover Sheet** must also be filed together with Objections **to** Sheriff's Determination of Title filed pursuant **to** Pa.R.C.P. 3201, et seq.

(i) ***Failure to*** *Attach **Cover Sheet***. If the **Civil Cover Sheet** is not attached as required, the Office of Judicial Records shall accept the document for filing if it otherwise complies with all applicable state rules; provided, however, that the Office of Judicial Records shall endorse on the original pleading, and all file-stamped copies, the following: "The filing party shall submit a **Civil Cover Sheet** as required by Phila. Civ.R. *205.2(b) within 20 days or shall suffer appropriate sanctions." The file-stamped copies shall be returned **to** the filing party for service.

(ii) *Sanctions.* In the event the **Civil Cover Sheet** is not submitted as required, the Court may impose any authorized sanctions including non pros against the filing party. The Court may also impose any appropriate sanctions if the information set forth in the **Civil Cover Sheet** is determined **to** be false or misleading.

(2) Petitions or Motions. A *Petition/Motion Cover Sheet,* in a form provided by the Court as approved and modified from time to time by the Administrative Judge or his/her designee, must be attached to all Petitions, Motions, Answers and Responses, except for Discovery Motions and Motions for Extraordinary Relief, and Responses thereto.

*Publisher's Note:* Current versions of the **Civil Cover Sheet** and

Petition/Motion Cover Sheet may be downloaded from the First Judicial

District's website: http://courts.phila.gov.

## Rule   *205.4. Electronic Filing of Legal Papers Filed in the Civil Trial Division

(a) Commencing at 9:00 AM on January 5, 2009, parties shall electronically file all "legal papers," as defined in Pa.R.C.P. No. 205.4(a)(2), with the Office of Judicial Records through the Civil Trial Division's Electronic Filing System as more specifically provided in Pennsylvania Rule of Civil Procedure No. 205.4 and Philadelphia Civil Rule *205.4.

*Explanatory Note:* The term "legal paper" as defined in Pa.R.C.P. No.

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

US SPACES, INC., Appellant v. BERKSHIRE HATHAWAY HOMESERVICES, FOX & ROACH
SUPERIOR COURT OF PENNSYLVANIA
2017 PA Super 174; 165 A.3d 931; 2017 Pa. Super. LEXIS 403
No. 2354 EDA 2016
March 14, 2017, Submitted
June 5, 2017, Decided
June 5, 2017, Filed

**Editorial Information: Prior History**

Appeal from the Order Entered July 7, 2016. In the Court of Common Pleas of Philadelphia County. Civil Division at No(s): 16-0602786. Before LINDA A. CARPENTER, J. U.S. Spaces, Inc. v. Berkshire Hathaway Home Servs., 2016 Phila. Ct. Com. Pl. LEXIS 395 (Sept. 20, 2016)

**Counsel**          James S. Tupitza, West Chester, for appellant.
                     Jason J. Sweet, Philadelphia, for appellee.

**Judges:** BEFORE: PANELLA, J., SHOGAN, J., and RANSOM, J. OPINION BY PANELLA, J.

**CASE SUMMARY** As petitioner's claim that it was denied its right to an opportunity to be heard in arbitration stated a legal basis for relief under 42 Pa.C.S. § 7341 if adequately proved, the trial court erred when it refused to issue a rule to show cause to petitioner pursuant to Philadelphia County, Pa., Civ. Div. Ct. R. 206.4(c).

**OVERVIEW:** HOLDINGS: [1]-Pursuant to Pa.R.C.P. No. 206.4, 206.6, and Philadelphia County, Pa., Civ. Div. Ct. R. 206.4(c), which provided for issuance of a rule to show cause "as of course," the trial court erred when it refused to issue a rule to show cause to petitioner, arising from a request to vacate an arbitration award, as the allegations in the petition, taken as true, provided a legal basis for relief under 42 Pa.C.S. § 7341; [2]-Petitioner's claim that it was denied its right to an opportunity to be heard because the arbitration panel made its decision without a hearing stated a legal basis for relief under § 7341 if adequately proved.

**OUTCOME:** Judgment reversed; matter remanded for further proceedings.

**LexisNexis Headnotes**

*Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation*
*Governments > Courts > Rule Application & Interpretation*

Pa.R.C.P. No. 206.1 - 206.7 govern civil petition practice in Pennsylvania. These rules provide that petition practice will proceed through the issuance, to the respondent, of a rule to show cause why the relief requested should not be granted. Pa.R.C.P. No. 206.4. As a default, the decision to issue such a rule is discretionary with the trial court. However, the Courts of Common Pleas are permitted to adopt a local rule that modifies the default and instead provides for issuance of the rule to show cause "as of course." Rule 206.4(a)(1).

*Governments > Courts > Rule Application & Interpretation*

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation*
*Civil Procedure > Pleading & Practice > Pleadings > Answers*

Pa.R.C.P. No. 206.4 provides the Courts of Common Pleas two options in responding to the filing of a petition. The default option, codified in Pa.R.C.P. No. 206.5, provides the court discretion in whether to issue a rule to show cause when presented with a petition. The alternative, codified in Pa.R.C.P. No. 206.6, must be chosen by the adoption of a local rule and provides for the issuance of a rule to show cause "as of course." The purpose of Pa.R.C.P. No. 206.5 through 206.7 is to create a record from which the court may determine disputed issues of fact raised by the petition and answer. If the answer does not raise disputed issues of fact, then the petition and answer are ready for decision by the court without the fact-finding process and new Rule 206.7(b) so states. Rule 206.4, Comment.

*Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation*
*Civil Procedure > Pleading & Practice > Pleadings > Answers*
*Evidence > Procedural Considerations > Burdens of Proof > Allocation*

If a respondent does not file an answer to a rule to show cause, all averments of fact in the petition may be deemed admitted. Pa.R.C.P. No. 206.7(a). The rule provides some flexibility by giving the court discretion to consider an answer not timely filed. If an answer is never filed, there would be little basis upon which the court might exercise its discretion and the averments of fact in the petition would be deemed admitted. Rule 206.7, Comment. If the respondent files an answer that does not raise issues of material fact, the petitioner may request that the court decide the matter as a matter of law. Rule 206.7(b). Where a respondent files an answer raising issues of material fact, both parties are entitled to proceed with discovery as permitted by the court. Rule 206.7(c), (d). The burden, however, rests with the petitioner to establish its right to relief. Rule 206.7(c).

*Governments > Courts > Rule Application & Interpretation*
*Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation*

The scheme set forth by Pa.R.C.P. No. 206.1 - 206.7 provides flexibility for courts to handle petitions in a manner consistent with the need for consistent docket management. In counties that do not adopt a local rule, the default provides that the court will act as a "gatekeeper," reviewing petitions for their merit. It is clear that, under the default rule, the court has the discretion to deny the issuance of a rule to show cause on a wide variety of grounds.

*Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation*
*Governments > Courts > Rule Application & Interpretation*
*Evidence > Procedural Considerations > Burdens of Proof > Allocation*

Those counties that adopt a local rule providing for the issuance of a rule to show cause "as of course" do so to limit not only the time spent by the court in reviewing petitions initially, but also to limit the necessity of appending volumes of evidence to the petition. If the local rule requires the issuance of a rule to show cause "as of course," the only valid reason to deny the issuance of a rule to show cause is if the allegations in the petition, taken as true, do not provide for a legal remedy. It is left to the parties to narrow down the relevant issues at stake through the filing of the petition and any subsequent answers. A petitioner need not append any evidence to its petition, as any allegation in the petition may be admitted to by the respondent, thereby obviating the need for proof.

*Governments > Courts > Rule Application & Interpretation*
*Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation*
*Civil Procedure > Alternative Dispute Resolution > Judicial Review*

1pacases                                              2

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

The Court of Common Pleas of Philadelphia County has adopted a local rule pursuant to Pa.R.C.P. No. 206.4. The local rule provides for the issuance of a rule to show cause "as of course" for any petition, as set forth in Pa.R.C.P. No. 206.6. Philadelphia County, Pa., Civ. Div. Ct. R. 206.4(c). The local rules also provide that a "Petition to Set Aside Arbitration Award" is a petition subject to the mandates of Pa.R.C.P. No. 206.1 - 206.7. Rule 206.1(a).

*Civil Procedure > Alternative Dispute Resolution > Judicial Review*
*Evidence > Procedural Considerations > Burdens of Proof > Clear & Convincing Proof*

The Judicial Code provides that common law arbitration is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award. 42 Pa.C.S. § 7341.

*Civil Procedure > Alternative Dispute Resolution > Judicial Review*
*Evidence > Procedural Considerations > Burdens of Proof > Clear & Convincing Proof*

Judicial review of a common law arbitration award is severely limited as otherwise arbitration would be an unnecessary stage of litigation, causing only delay and expense without settling the dispute. The arbitrators are the final judges of both law and fact, and an arbitration award is not subject to a reversal for a mistake of either. Neither an appellate court nor the trial court may retry the issues addressed in arbitration or review the tribunal's disposition of the merits of the case. Rather, the appellate court must confine its review to whether the appellant was deprived of a hearing or whether fraud, misconduct, corruption or other irregularity tainted the award. The appellant bears the burden to establish both the underlying irregularity and the resulting inequity by clear, precise, and indubitable evidence. In this context, irregularity refers to the process employed in reaching the result of the arbitration, not to the result itself. The right to a fair hearing comprises the right to notice and the right to an opportunity to be heard.

Opinion

**Opinion by:**         PANELLA

Opinion

{165 A.3d 932} OPINION BY PANELLA, J.

Rules 206.1 - 206.7 of the Rules of Civil Procedure govern civil petition practice in Pennsylvania. These rules provide that petition practice will proceed through the issuance, to the respondent, of a rule to show cause why the relief requested should not be granted. *See* Pa.R.C.P. 206.4. As a default, the decision to issue such a rule is discretionary with the trial court. *See id.* However, the Courts of Common Pleas are permitted to adopt a local rule that modifies the default and instead provides for issuance of the rule to show cause "as of course." Pa.R.C.P. 206.4(a)(1).

In this appeal, we are asked to determine whether a trial court can decide to refuse to issue a rule to show cause where a local rule provides for issuance "as of course." We conclude that the adoption of such a local rule acts to constrain the discretion of the trial court in all but the most egregious cases. We therefore reverse and remand for further proceedings.

On June 24, 2016, Appellant U.S. Spaces, Inc., filed a petition to vacate an arbitration award in the

1pacases                            3

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Philadelphia Court of Common Pleas. In its petition, U.S. Spaces asserted that a dispute over its entitlement to realtor fees between itself and Appellee, Berkshire Hathaway Home Services, Fox & Roach, had been submitted to arbitration in accordance with the professional association that both parties are affiliated with. The arbitration panel was scheduled to hear the matter on April 25, 2016. However, the panel declined to hold a hearing due to the absence of U.S. Spaces's broker of record, who was {165 A.3d 933} not scheduled to be a witness at the proceeding.

Implicit in the petition's allegations is that the panel entered a final decision against U.S. Spaces. U.S. Spaces appealed the panel's decision to a procedural review tribunal pursuant to the association's arbitration rules. That tribunal affirmed the original panel's decision on June 10, 2016. U.S. Spaces subsequently requested that the Court of Common Pleas vacate the arbitration award under 42 Pa.C.S.A. 7341, common law arbitration, on the basis that it was denied a full and fair hearing of its claims.

The Court of Common Pleas reviewed U.S. Spaces's petition and did not issue a rule to show cause. Rather, it entered an order denying the petition on July 7, 2016. U.S. Spaces then filed this timely appeal.

As noted previously, Pa.R.C.P. 206.4 provides the Courts of Common Pleas two options in responding to the filing of a petition. The default option, codified in Pa.R.C.P. 206.5, provides the court discretion in whether to issue a rule to show cause when presented with a petition. The alternative, codified in Pa.R.C.P. 206.6, must be chosen by the adoption of a local rule and provides for the issuance of a rule to show cause "as of course."

> The purpose of Rules 206.5 through 206.7 is to create a record from which the court may determine disputed issues of fact raised by the petition and answer. If the answer does not raise disputed issues of fact, then the petition and answer are ready for decision by the court without the fact-finding process and new Rule 206.7(b) so states.Pa.R.C.P. 206.4, *Comment*.

If a respondent does not file an answer to a rule to show cause, "all averments of fact in the petition may be deemed admitted[.]" Pa.R.C.P. 206.7(a). "The rule provides some flexibility by giving the court discretion to consider an answer not timely filed. If an answer is never filed, there would be little basis upon which the court might exercise its discretion and the averments of fact in the petition would be deemed admitted." Pa.R.C.P. 206.7, *Comment*. If the respondent files an answer that does not raise issues of material fact, the petitioner may request that the court decide the matter as a matter of law. *See* Pa.R.C.P. 206.7(b).

Where a respondent files an answer raising issues of material fact, both parties are entitled to proceed with discovery as permitted by the court. *See* Pa.R.C.P. 206.7(c), (d). The burden, however, rests with the petitioner to establish its right to relief. *See* Pa.R.C.P. 206.7(c).

The scheme set forth by Rules 206.1 - 206.7 provides flexibility for courts to handle petitions in a manner consistent with the need for consistent docket management. In counties that do not adopt a local rule, the default provides that the court will act as a "gatekeeper," reviewing petitions for their merit. The level of proof that the rule requires to be appended to such petitions is an issue not currently before us. At the very least, however, it is clear that, under the default rule, the court has the discretion to deny the issuance of a rule to show cause on a wide variety of grounds.

In contrast, those counties that adopt a local rule providing for the issuance of a rule to show cause "as of course" do so to limit not only the time spent by the court in reviewing petitions initially, but also to limit the necessity of appending volumes of evidence to the petition. If the local rule requires the issuance of a rule to show cause "as of course," the only valid reason to deny the issuance of a rule to show cause is if the allegations in the petition, taken as true, do not provide for a {165 A.3d 934} legal

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

remedy. It is left to the parties to narrow down the relevant issues at stake through the filing of the petition and any subsequent answers. A petitioner need not append any evidence to its petition, as any allegation in the petition may be admitted to by the respondent, thereby obviating the need for proof.

Here, it is undisputed that the Court of Common Pleas of Philadelphia County has adopted a local rule pursuant to Pa.R.C.P. 206.4. The local rule provides for the issuance of a rule to show cause "as of course" for any petition, as set forth in Pa.R.C.P. 206.6. *See* Phila.Civ.R. 206.4(c). The local rules also provide that a "Petition to Set Aside Arbitration Award" is a petition subject to the mandates of Pa.R.C.P. 206.1 - 206.7. *See* Phila.Civ.R. 206.1(a).

It is furthermore undisputed that Berkshire Hathaway Home Services, Fox & Roach did not file an answer in the Court of Common Pleas, as the court did not issue a rule to show cause. Thus, the only valid basis for the court's decision is that the allegations in U.S. Spaces's petition, taken as true, do not provide a legal basis for relief.

U.S. Spaces conceded in the court below that this matter was governed by the rules for common law arbitration. *See* Petitioner's Brief in Support of Petition to Vacate Arbitration Award, 6/24/16, at *3 (pages unnumbered in document). The Judicial Code provides that common law arbitration is binding and "may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." 42 Pa.C.S.A. § 7341.

Judicial review of a common law arbitration award is severely limited as otherwise arbitration would be an unnecessary stage of litigation, causing only delay and expense without settling the dispute. *See Cargill v. Northwestern Nat'l Ins. Co.*, 316 Pa. Super. 139, 462 A.2d 833, 834 (Pa. Super. 1983).

> The arbitrators are the final judges of both law and fact, and an arbitration award is not subject to a reversal for a mistake of either. Neither we nor the trial court may retry the issues addressed in arbitration or review the tribunal's disposition of the merits of the case. Rather, we must confine our review to whether the appellant was deprived of a hearing or whether fraud, misconduct, corruption or other irregularity tainted the award. The appellant bears the burden to establish both the underlying irregularity and the resulting inequity by clear, precise, and indubitable evidence. In this context, irregularity refers to the process employed in reaching the result of the arbitration, not to the result itself. *McKenna v. Sosso*, 1999 PA Super 299, 745 A.2d 1, 4 (Pa. Super. 1999) (internal citations and quotation marks omitted). "[T]he right to a fair hearing comprises the right to notice and the right to an opportunity to be heard." *Id.* (citation omitted).

Here, U.S. Spaces has alleged that it was denied its right to an opportunity to be heard when the arbitration panel decided the matter without a hearing. It asserts that the arbitration panel's decision that the broker of record was required to be present was contrary to the rules agreed upon by the parties for arbitration of disputes. We cannot conclude that these allegations are insufficient as a matter of law. Under § 7341, these allegations, if proved, are sufficient to vacate the arbitration award. We therefore reverse and remand for further proceedings.

{165 A.3d 935} Order reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

Date: 6/5/2017

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**Rule 206.6**   **Rule to Show Cause. Issuance as of Course. Stay. Form of Order**

(a) A rule to show cause shall be issued as of course upon the filing of the petition. The rule shall direct that an answer be filed to the petition within twenty days after service of the petition on the respondent.

(b) The court may grant a stay of the proceedings.

(c) The petitioner shall attach to the petition a proposed order substantially in the following form:

(CAPTION)

ORDER

AND NOW, this ——— day of ———, ———, upon consideration of the foregoing petition, it is hereby ordered that

(1) a rule is issued upon the respondent to show cause why the petitioner is not entitled to the relief requested;

(2) the respondent shall file an answer to the petition within twenty days of service upon the respondent;

(3) the petition shall be decided under Pa.R.C.P. No. 206.7;

(4) depositions shall be completed within ——— days of this date;

(5) argument shall be held on ———, ——— in Courtroom ——— of the ——— County Courthouse; and

(6) notice of the entry of this order shall be provided to all parties by the petitioner.

BY THE COURT:

_____

_____
——————— J.

*Note:* Paragraphs (4) and (5) are optional in a county adopting the

alternative procedure. This accommodates local procedures which do

parules                                                                 1

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

not fix a hearing date until the answer and depositions have been filed.

In counties in which an evidentiary hearing is held, the order should be modified by deleting paragraphs (4) and (5) and substituting new paragraph (4) to read as follows:

(4) an evidentiary hearing on disputed issues of material fact shall be held on ———— in Courtroom ———— of the ———— County Courthouse.

The court may provide in the order for disposition upon briefs rather than oral argument.

The court has inherent power to permit forms of discovery other than depositions.

EXPLANATORY COMMENT—1995

Rule of Civil Procedure 209, "Duty of Petitioner to Proceed After Answer Filed", has been a source of difficulty for both the bench and bar. This revision of practice governing petition and answer had its origin in the clarification of Rule 209. Rules 206 through 209 have been rescinded and new Rules 206.1 through 206.7 have been promulgated in their place.

*I. Formal Requirements*

The former rules provided for verification of petitions and answers containing an allegation of fact which did not appear of record (Rule 206), paragraphing of the petition (Rule 207) and paragraphing of the answer (Rule 208). There has been no change in these requirements but merely a restructuring of these three rules.

*II. Alternative Procedures*

Proposed **Rule 206.6** sets forth the procedure when the court adopts a local **rule** providing, in the language of subdivision (a), that a "**rule** to show cause shall be issued as of course upon the filing of the petition." The **rule** directs that an answer be filed within twenty days after service of the petition on the respondent.

While the issuance of the rule may be automatic, the entry of a stay of proceedings is not.

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Consequently, subdivision (b) provides that the "court may grant a stay of the proceedings."

The form of order issuing the rule to show cause is very similar to that provided by Rule 206.5 governing discretionary issuance. Whether the issuance is automatic or discretionary, it is most useful and expeditious to set forth the time schedule for the various procedural steps to determine the petition. The note to the rule is identical to the note to Rule 206.5 and advises that the court may wish to hold a hearing rather than require discovery, that means of discovery other than depositions are available and that the court might decide the matter on briefs alone without a hearing or oral argument.

The form of order requires that notice of the entry of the order be given to all other parties by the petitioner.

## CASE NOTES

LexisNexis (R) Notes:

CASE NOTES

TREATISES AND ANALYTICAL MATERIALS

## CASE NOTES
Civil Procedure : Pleading & Practice : General Overview
Civil Procedure : Discovery : Methods : General Overview
Civil Procedure : Pretrial Judgments : Default : Relief From Default
Civil Procedure : Alternative Dispute Resolution : Judicial Review
Civil Procedure : Judgments : Relief From Judgment : Motions to Alter & Amend
Civil Procedure : Appeals : Reviewability : Time Limitations
Governments : Courts : Rule Application & Interpretation

### Civil Procedure : Pleading & Practice : General Overview

> 1. Court recommended that its judgment denying station's petition to appeal suspension order nunc pro tunc be affirmed because, inter alia, the court was not required to issue one a rule to show cause; appeal nunc pro tunc was not one of the enumerated petitions to which the Pa. R. Civ. P. 206.6 rule to show cause process applied. High Tech Auto Repair, Inc, v. Commonwealth, Dep't of Transp., 2010 Phila. Ct. Com. Pl. LEXIS 361 (Sept. 29, 2010).

### Civil Procedure : Discovery : Methods : General Overview

> 2. No stay was requested or necessary because the judgment that a corporation sought to open did not disturb the status quo ante lite, i.e. it merely approved actions previously taken by the bank. Therefore, under Pa. R. Civ. P. 206.6, there was no need for the court

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

to enter a Rule to Show Cause directing the parties to undertake discovery. Pioneer Commer. Funding Corp. v. Am. Fin. Mortg. Corp., 2005 Phila. Ct. Com. Pl. LEXIS 483 (Sept. 28, 2005).

**Civil Procedure : Pretrial Judgments : Default : Relief From Default**

3. In support of an affirmance under Pa. R. App. P. 1925, it was opined that a hearing was not required on appellant's motion to open and/or strike a default judgment because such was discretionary and there was no merit to the petition. Phillies v. Reg'l Res. Mgmt., 2016 Phila. Ct. Com. Pl. LEXIS 166 (Apr. 5, 2016).

**Civil Procedure : Alternative Dispute Resolution : Judicial Review**

4. Pursuant to the local rule, which provided for issuance of a rule to show cause "as of course," the trial court erred when it refused to issue a rule to show cause to petitioner, arising from a request to vacate an arbitration award, as the allegations in the petition, taken as true, provided a legal basis for relief. Us Spaces, Inc. v. Berkshire Hathaway Homeservices, 2017 Pa. Super. LEXIS 403 (June 5, 2017).

parules    4

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARYL COOK, : CIVIL ACTION
    Plaintiff : NO. 17-331
v. : (Judge Robreno)
CITY OF PHILADELPHIA, et al., :
    Defendants :


RECEIVED JUN 25 2018

## ORDER

AND NOW, this ___ day of _____, 2018, upon consideration of Plaintiff's Motion for Appointment of Counsel and additional Supplemental Motion and Document in Support Thereof, Defendant's Opposition in response thereto, and Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion for Appointment of Counsel, it is hereby ORDERED and DECREED that Defendant's Motion for Summary Judgment is DENIED and Plaintiff is GRANTED judgment in his favor.

BY THE COURT:

_____ J.

## CERTIFICATE OF SERVICE

I certify that I caused a true and correct copy of the foregoing Response and attached documents to be served on this 20th day, by first class mail, to:

MEGHAN E. CLAIBORNE, Esquire
Assistant City Solicitor
City of Philadelphia Law Dept.
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5447
(Counsel for Defendant Shoffel)

FILED
JUN 25 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

BY: Daryl Cook
DARYL COOK
JR8635
SCI-Fayette
48 Overlook Drive
LaBelle, PA 15450-1050
(Pro se Plaintiff)

Inmate Mail-Pa
Department of Corrections



ZIP 15450  $ 001.63⁰
02 4W
0000354482 JUN 22 2018

DARYL COOK, #JR8635
SCI-Fayette
48 Overlook Drive
LaBelle, PA 15450-1050

URGENT
LEGAL MAIL

THE CLERK
District Court
Street
19106