IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARYL COOK,                                     : CIVIL ACTION
                          Plaintiff,            :
                                                : NO. 19-331
        V.                                      :
CITY OF PHILADELPHIA, et al.,                   :
                          Defendant.            :



KATE BARKMAN, Clerk
By_____ Dep. Clerk

## PLAINTIFF'S RESPONSE TO DEFENDANT SHOFFEL'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, pro se, hereby respectfully respond in opposition to Defendant Shoffel's motion for summary judgment, and respectfully request this Honorable Court to deny the motion because the record thus far show there is no genuine issue in dispute as to any material fact regarding the claims against Defendant and Plaintiff is entitled to judgment as a matter of law, or enter an order requiring a jury trial on the merits or that Defendant produce and provide Plaintiff with the discovery that he indicate herein is required for him to

demonstrate that he is entitled to judgment as a matter of law, if this Honorable Court deem the discovery necessary for Plaintiff to prove that he is entitled to judgment or necessary for a reasonable jury to find in his favor, and thus enter an order allowing Plaintiff to file a supplemental response to Defendant's motion for summary judgment or an amended complaint based on the discovery provided, within thirty (30) days from receipt thereof or the deadline for Defendant to produce and provide Plaintiff with the discovery, and in support hereof, submits the following:

## I. INTRODUCTION

On January 3, 2018, following a telephone conference with Plaintiff and Defendant Shoffel, this Honorable Court ordered that Defendant Shoffel shall take Plaintiff's deposition, on or before March 5, 2018, file a motion for summary judgment by April 4, 2018 and attach a copy of the transcript of Plaintiff's deposition in its entirety as an exhibit to the motion for summary judgment, and that

2

after Defendant Shoffel files her motion for summary judgment, the Court will schedule a telephone conference to determine what, if any, discovery Plaintiff requires to respond to the motion. See Document 47 Filed 01/08/18, Order of January 3, 2018. On or about April 4, 2018, Defendant Shoffel complied with the order of January 3, 2018 and filed a motion for summary judgment with a copy of Plaintiff's deposition in its entirety attached thereto. See Document 50 filed, Motion for Summary Judgment. Subsequently, Plaintiff filed a motion for appointment of counsel and a supplemental motion for appointment of counsel. See Document 51 and 52. Shortly thereafter, Plaintiff filed a document in support of his supplemental motion for appointment of counsel. See Plaintiff's Document in Support of Supplemental Motion for Appointment of Counsel and Declaration on File. In response to Plaintiff's motion for ~~summary~~ appointment of counsel, Defendant filed an opposition to Plaintiff's motion for appointment of counsel,

3

and Plaintiff filed a response to Defendant's opposition to his motion for appointment of counsel. _See_ Opposition to Plaintiff's Motion for Appointment of Counsel on File; Response to Opposition to Plaintiff's Motion for Appointment of Counsel on File. On October 18, 2018, this Honorable Court denied Plaintiff's Motions for Appointment of Counsel and ordered that by no later than November 19th, 2018, Plaintiff shall submit to the Court any additional legal arguments and point to all evidence of record that supports his claims and that he wishes to raise to oppose the motion for summary judgment. _See_ Document 56 Filed 10/18/18, Order of October 18, 2018. This response to the motion for summary judgment, in compliance with the order of October 18, 2018, follows. _See_ _Id._ at (2).

## II. COUNTER-STATEMENT OF UNDISPUTED FACTS

### 1. COURT OF COMMON PLEAS ACTION

On June 6, 2008, Plaintiff was arrested by Philadelphia police without probable cause and was transported to the Philadelphia police headquarters, homicide division, at 8th & Race Streets, a/k/a the Roundhouse, and was charged with murder on June 8, 2008 after he was beatened, choked, threatened and thus tortured into making (i.e. signing) a self-incriminating statement, by a homicide detective, namely, Detective Gregory Rodden, that was also used to establish a prima facie case against Plaintiff and to convict him of murder in the third degree in the Court of Common Pleas of Philadelphia County at CP-51-CR-0010093-2008 despite the fact that "first" the jury found Plaintiff "not guilty of all charges," however, when the jury foreperson informed the judge that Plaintiff was found not guilty of all charges, the judge stated, "you can't do that, you must be confused, you need to go back and think some more" and then the jury changed their verdict to guilty of third degree murder "after" they were sent back to deliberate again. On April 7, 2010, Plaintiff

5

was physically assaulted by a correction officer, namely, Officer Fennell, at the Curran-Fromhold Correctional Facility [CFCF] and although one Major May and one Lieutenant Dean, who were also employed at CFCF, were made aware of the assault incident, both of them failed to act to protect Plaintiff from further assault. As a result of the assaults and false imprisonment amongst other injuries Plaintiff suffered, Plaintiff filed a lawsuit in the Philadelphia Court of Common Pleas against the City of Philadelphia, Officer Fennell, Lieutenant Dean, Major May, Detective Gregory Rodden, Judge Jeffrey P. Minehart, Michael Barry, Esquire and Lee Mandell, Esquire, seeking "a declaratory judgment declaring defendants' actions unconstitutional and an order compelling defendants Lieutenant Dean and Major May to place or require a separation to be placed on record between plaintiff and defendant Officer Fennell and prohibiting enforcement of the conviction and sentence

6

entered by defendant Jeffrey P. Minehart... and expunge same from plaintiff's record as void, without effect, and violative of his protection against compelled self-incrimination, double jeopardy, and his right to due process under the Pennsylvania Constitution." Plaintiff also sought compensatory damages in the amount of $1.5 million dollars from defendants City of Philadelphia, Officer Fennell, Lieutenant Dean, and Major May collectively and from defendant Detective Gregory Rodden individually, and $3,000.000 (three million dollars) from defendants Jeffrey P. Minehart..., Michael Barry, Esquire, and Lee Mandell, Esquire, collectively, and punitive damages in the amount of $3,000.000 (three million dollars) from Officer Fennell and Detective Gregory Rodden individually, and from defendants Jeffrey P. Minehart ..., Michael Barry, Esquire, and Lee Mandell, Esquire, collectively, trial by jury, costs to be paid by defendants, and any other relief deemed just, equitable, and proper. See Trial Court Action Complaint, Exhibit A attached to Motion to Dismiss of

Defendants, City of Philadelphia and Amanda C. Shoffel, Esq. on File.

On November 29, 2012, the preliminary objections of the City of Philadelphia in the Trial Court Action were granted and the City was dismissed. However, although the preliminary objections were filed "_solely_" on behalf of the City of Philadelphia, the Trial Court ordered that all allegations of Plaintiff's complaint are dismissed. _See_ Trial Court Action Docket, Exhibit A attached to Motion for Summary Judgment of Defendant, Amanda C. Shoffel, Esq. As a result of Plaintiff's Trial Court Action Complaint being "wrongfully" dismissed pursuant to the November 29th, 2012 Order, Plaintiff filed an appeal therefrom to the Superior Court, and he had also filed a motion for reconsideration of said order. Despite the fact that Plaintiff's motion for reconsideration were denied by Order of January 9th, 2013, in the Court's footnote, the Court noted

**8**

that, "[T]his Court's November 29, 2012 Order dismissed Defendant City of Philadelphia only." Id. See also Exhibit A, Order of January 9, 2013, attached hereto.

On March 14, 2013, "judgment by default" was entered against Detective Gregory Rodden and Lieutenant Dean for failure to file an answer to the complaint within the required time. See Trial Court Action Docket, Exhibit A, attached to Defendant's Motion for Summary Judgment (indicating that a default judgment was entered against Detective Rodden and Lieutenant Dean); Trial Court Action Complaint, Exhibit A, at paragraph 29-30, attached to Defendant's Motion to Dismiss (indicating that as a result of the default judgments, the damages assessed against Detective Gregory Rodden and Lieutenant Dean amount to a total of $4,875,000 being owed to Plaintiff by them collectively). See also Instant Complaint, Exhibit A(1), at paragraph 22, attached hereto (indicating that Plaintiff is alleging that he has been denied due process to be deprived of his liberty and property, i.e. the $4,875.000 that he was entitled to from the default judgments, and also his right of appeal).

After the default judgments were entered, on March 27th,

9

2013, the Trial Court Action judge ordered that the Court's order dated November 29, 2012 sustaining the City of Philadelphia's preliminary objections to Plaintiff's complaint dismissed only Plaintiff's claims as to Defendant City of Philadelphia, and that "this case shall be placed into deferred/appeal status." See Excerpt of Trial Court Action Docket, Exhibit B, attached hereto (indicating that the default judgments were entered on March 14, 2013 and the case was placed into deferred/appeal status on March 27, 2013 after the default judgments were entered).

On August 1, 2013, the appellate court ordered that the appeal was quashed based on it appearing that the Trial Court's order of November 29, 2012 dismissing the City of Philadelphia was not final as to all parties as indicated in the City of Philadelphia's Motion to Quash the appeal. See Excerpt of Trial Court Action Docket, Exhibit C, attached hereto (indicating that the appellate court issued the order quashing the appeal on August 1, 2013 because the order of November 29, 2012 was not final as to all parties). As a

10

a result of the appeal being quashed, the Trial Court Action judge removed the case from deferred status on August 13, 2013.[1] Before the City had filed its motion to quash the appeal, it wrote a letter to the Prothonotary of Superior Court, advising the Prothonotary that it came to its attention that Detective Rodden and Lieutenant Dean had been properly served and therefore it was a jurisdictional issue. <u>See</u> Letter of March 12, 2013, Exhibit D attached hereto.

On or about November 4, 2013, Plaintiff filed a motion for assessment of damages and an application to participate in events by telephone. <u>See</u> Excerpt of Trial Court Action Docket, Exhibit E, attached hereto (indicating that said motion and application was filed). However, on November 8, 2013 a settlement conference was held without Plaintiff present.[2]

---

1. <u>Id.</u> (indicating that the case was removed from deferred status on August 13, 2013). <u>See also</u> Motion to Quash, Exhibit C(1) and Order, Exhibit C(2), attached.
2. It is significant to note that previously Plaintiff argued that the conference was held between Defendant and Judge Allen on November 4, 2013 <u>instead of</u> November 8, 2013 as indicated by Defendant in her motion for summary judgment, however, a closer look at the Trial Court Action Docket reveals that the conference in question (i.e. indicated in the petition to open filed by Defendant) took place on November 8, 2013 without Plaintiff being allowed to participate in the conference even though he had filed the afore-said motion and application. <u>Id.</u> (in-

See also Petition to Open, Exhibit B, at paragraph 11, attached to Defendant's Motion for Summary Judgment (indicating that Defendant asserted that at the "conference" she was informed by Judge Allen that a default judgment had been entered against Detective Rodden and Lieutenant Dean); Deposition of Daryl Cook, Exhibit F, at 30:18-36:17, attached hereto (indicating that Plaintiff testified under oath that he was not present at the "conference")[3]

On December 9, 2013, thirty-one (31) days after Defendant was "allegedly" informed at the "conference" between her and Judge Allen that a default judgment had been entered against Detective Rodden and Lieutenant Dean, Defendant filed the above-cited Petition to Open Judgment as to Detective Rodden and Lieutenant

_____

dicating that a settlement conference was completed on November 8, 2013.
3. It is significant to note that the face of the copy of Daryl Cook's, the Plaintiff's, deposition of March 1, 2018 attached hereto as Exhibit F, has the wrong name of court and case number on it, and also the name of the place where the deposition was taken, yet still, it is a true and correct copy of the deposition provided by Defendant attached to her motion for summary judgment that she served a copy of to Plaintiff. Moreover, it is significant to note that although the conference referred to in the deposition had actually took place on November 8, 2013, Plaintiff had referred to the wrong date. Id. at 30:18 - 30:19.

12

Dean, without attaching a "Rule to Show Cause Order Form" to the petition, and without serving Plaintiff with a copy of the petition that she filed. See Copy of Petition to Open Judgment Filed in the Trial Court Action, Exhibit G, attached hereto. See also Instant Complaint, Exhibit A (1), at paragraph 8, attached hereto; Deposition of Daryl Cook, Exhibit F, at 5:9 - 9:24, attached hereto. [4]

On January 6, 2014, the Trial Court Action judge, namely, Judge Allen, granted Defendant's petition to open judgment, without issuing a rule to show cause order as of course, and without affording Plaintiff an opportunity to be heard. See Instant Complaint, Exhibit A (1), at paragraph 9, attached hereto; Trial Court Action Docket Excerpt, Exhibit H, attached hereto; Deposition of Daryl Cook, Exhibit F, at 7:6 - 9:14.

As a result of Plaintiff not being served with a copy of the petition to open, the answer to the complaint, and the order granting the

---

4. Plaintiff had contacted the prison mailroom inquiring into whether any mail was received for him from Defendant to make sure that he had proof that he was not served with a copy of the petition to open judgment, and he was informed by the mailroom that there was no record of the mail being received from Defendant. See Id. at 18:15 - 19:1; Request to Staff, Exhibit F (1), attached hereto. Also, as indicated by Defendant's petition to open at paragraph 25, Defendant did not file an

petition to open judgment, and _not_ being issued a rule to show
cause order as to "_why the petition to open should not be granted_,"
Plaintiff filed a motion for extraordinary relief on June 19, 2014
_and_ July 22, 2014, to no avail, without Defendant filing a
response to his motions. _See_ Trial Court Action Docket Excerpt,
Exhibit I, attached hereto. _See also_ Deposition of Daryl Cook,
Exhibit F, at 8:13-8:16 and 10:1-10:9.

As a result of Plaintiff _not_ receiving a response to his
motion for extraordinary relief filed on June 19, 2014 in the Trial
Court Action, he filed his motion for extraordinary relief filed
on July 22, 2014 making the Trial Court Action judge aware that
he anticipated filing an amended complaint, and thus requested
therein, leave to file same, in the event his motion is denied.
Therefore, after his motion for extraordinary relief was denied,
Plaintiff filed a motion to amend on January 9, 2015. _See_
Trial Court Action Docket Excerpt, Exhibit J, attached hereto.

---

answer to Plaintiff's complaint with her petition, to show whether or not she
had a meritorious defense, as required, to have a default judgment opened. _See_
Petition to Open Default, Exhibit G, at paragraph 25. Defendant did not file an
"answer to complaint" until on January 27, 2014. _See_ Excerpt of Trial Court Action
Docket, Exhibit G(1), attached hereto. Moreover, Defendant did not serve Plaintiff
with a copy of the answer to his complaint, _See_ Answer to Complaint, Exhibit G(2)
at Page 7 (Certificate of Service)(indicating Plaintiff's counsel was served even though he was
pro se, i.e. without counsel).

14

In total disregard of Plaintiff's **procedural** due process rights under the Pennsylvania Rules of Civil Procedure and both Commonwealth of Pennsylvania and United States Constitution and Laws, the Trial Court Action judge "ignored" <u>Plaintiff's positions</u> in his motions for extraordinary relief <u>and</u> motion for reconsideration which pointed out "defects", that entitled Plaintiff to the relief he requested, such as the fact that he was <u>not</u> served with a copy of the petition to open the default judgments/answer to the complaint — <u>no</u> Rule to Show Cause Order was issued as of course to give Plaintiff notice of his right to have an opportunity to show why the relief requested in the petition to open should not be granted — and the Court failed to rule on Plaintiff's pending motion to amend the complaint filed on January 9, 2015 "<u>after</u>" the Court "ignored" his request for leave to file an amended complaint in his motion for extraordinary relief filed July 22, 2014, and

15

thus scheduled a status/settlement conference for January 23, 2015. <u>See</u> Trial Court Action Docket, Exhibit I-J ; Motion for Extraordinary Relief filed June 19, 2014 attached as Exhibit D to Defendant's Motion for Summary Judgment[5]; Motion for Extraordinary Relief filed July 22, 2014, Exhibit J(1) attached hereto.[6]

On January 23, 2015, at the status/settlement conference, "<u>Plaintiff had attempted to obtain his freedom</u>" due to his murder conviction being unconstitutional as a result of him being choked, beaten and threatened into making a self-incriminating statement by Detective Gregory Rodden which was used at Plaintiff's murder

---

5. It is significant to note that although the Trial Action Docket indicate that the motion for extraordinary relief was filed on June 19, 2014, the face of the motion is stamped filed June 20, 2014. However, it is also significant to note that the motion indicates that Plaintiff was not served with a copy of the petition to open judgment, he did not receive a copy of the order granting said petition, he was not served with a copy of the answer with new matter to his complaint, and that petitions/motions he attached to the motion for extraordinary relief were never filed and he did not receive any response to any of his petitions/ motions from Defendant. Moreover, footnote 1 therein indicate that Plaintiff was not allowed to talk to Judge Allen at the conference held on or about April 10, 2014 and Defendant did not deny that Plaintiff served his discovery request upon the Defendant.
6. The prayer for relief indicate that Plaintiff requested leave to file an amended complaint.

16

trial to obtain his conviction, and "*after*" the Trial Court Action judge told Plaintiff that he could not obtain his freedom but he could be given monetary compensation, Plaintiff had also attempted to obtain "*a substantial amount of monetary compensation*", to no avail. *See* Conference Transcript of January 23, 2015, Exhibit **K** at Page 4, n.18- Page 13, attached hereto. Furthermore, at the conference, because Plaintiff was under the understanding and thus believed that Detective Gregory Rodden and Lievtenant Dean were the "*only*" remaining parties and would be admitting liability if they/he agree to settle the claims against them, and Plaintiff could appeal the Trial Court Action judge's decisions regarding the rest of the parties and the opening of the default judgments,[7] Plaintiff had agreed to settle for the amount of money

---

7. Plaintiff believed that he was entitled to his freedom and the $4,875.000 owed to him from the default judgments, however, he felt compelled to settle due to all his motions/petitions being denied or ignored by the Trial Court Action judge and her refusal to grant (ie award) Plaintiff the equitable relief and substantial amount of damages he sought to recover. 17

(i.e. the $2,500) negotiated by the Trial Court Action judge. **Id.** at Page 8, n. 10-15, Page 11, n. 24-25-Page 12, n.1-**5** and Page 13, n. 21-25; Deposition of Daryl Cook, Exhibit F, at Page 10-16. However, as a result of Defendant forwarding a "_Release_" form to Plaintiff "_after_" the conference, for him to sign and thus "_release all City Defendants from liability_", Plaintiff **had** refused to sign the "_Release_" because he did not agree with the terms in the "_Release_" form. _See_ Letter of January 31, 2015 (indicating that Plaintiff did not agree with the terms in the Release form; ~~and~~ that he was under the understanding that the settlement agreement was based solely on Detective Gregory Rodden and Lieutenant Dean admitting liability for the assault incidents on June 8, 2008 and April 7, 2010, and that he would only release them from liability for the sum of $1,500.000 because he believed that if he file an appeal he would be successful regarding the default judgments, or he would be successful at trial based on his request for admissions which were not responded to in the

event the settlement be "invalidated" as he requested in his "motion to enforce settlement" which he had also forwarded to Defendant with his Letter of January 23, 2015, and he also believed that Defendant waived the requirement of an executed release because it was _not_ placed on record that he agreed to release anyone from liability as he indicated in his motion to enforce settlement that he served a copy of to Defendant at the time he sent the Letter of January 31, 2015 to her in response to her "Letter" _and_ "Release form" dated January 23, 2015 as indicated in his "letter" _and_ "Motion to Enforce Settlement" dated January 31, 2015), Exhibit K (1), attached hereto. See also Motion to Enforce Settlement, attached to Exhibit L, attached hereto.[8)] See Instant Complaint, Exhibit A(1), attached hereto, at paragraph 13-14; Motion to Strike Settlement and Reinstate Default

_____

8. It is significant to note that Plaintiff's motion to enforce settlement was never docketed (i.e. filed) as indicated in Plaintiff's instant complaint and his Trial Court Action motion to strike settlement and reinstate default judgment.

19

Judgment, Exhibit L, at paragraph 3, attached hereto. After Plaintiff
had sent Defendant his "Letter and Motion to Enforce Settlement"
dated January 23, 2015, Defendant subsequently ~~failed~~ sent a
Letter dated February 12, 2015 to Plaintiff,("merely" indicating
therein that "we withdrew the City pursuant to your request,
but cannot modify the release any further as it is a standard
document required to execute the funds"). See Letter of
February 12, 2015, Exhibit K(2), attached hereto. On February
22, 2015, Plaintiff responded to Defendant's Letter of February
12, 2015 and advised Defendant that he would sign a release
for the sum of $2,500 releasing only Detective Rodden and
Lieutenant Dean from further liability if they admit to liability
or that he would release the unserved defendants, the City, its
agents, servants, workers or employees, and any and all other
persons, associations or organizations from liability for the
sum of $1,500.000. See Letter of February 22, 2015, Exhibit
K(3), attached hereto. Plaintiff had also sent a courtesy copy
of his Letter of February 22, 2015 to the Trial Court Action

20

judge on February 22, 2015, and mentioned his motion to enforce settlement therein. <u>See</u> Letter of February 22, 2015, Exhibit K(4), attached hereto. After Plaintiff had sent his "Letter" and a copy of his "motion to enforce settlement" to Defendant and his response to her Letter of February 12, 2015, Defendant filed a motion to enforce settlement on April 14, 2015, and the Trial ~~Motion~~ Court Action judge granted Defendant's said motion on May 13, 2015, without Plaintiff being served with a copy of the motion and without him being afforded a hearing on same.[9] <u>See</u> Trial Court Action Docket Excerpt, Exhibit M, attached hereto. <u>See also</u> Motion to Strike Settlement and Reinstate Default Judgment, Exhibit L, at paragraph 2-3. Before Plaintiff had filed his motion to strike settlement and reinstate default, Defendant had sent him a letter five (5) days "<u>after</u>"

_____

9. Defendant had filed the motion to enforce settlement on behalf of Detective Rodden and Officer Fennell. However, Officer Fennell was never served with a copy of the complaint, thus, the court lacked jurisdiction, authority to grant the motion on his behalf, and Lieutenant Dean did not file a motion to enforce the settlement, therefore, Plaintiff believe that the Trial Court Action judge should had entertained Plaintiff's motion to enforce settlement attached to his motion to strike settlement and reinstate default judgment, especially because he was not served with a copy of Defendant's motion to enforce. Plaintiff had filed a his motion to strike settlement and reinstate default judgment after Defendant's motion to enforce was granted.

21

the May 13, 2015 Order granting her motion to enforce the settlement,
and thus threatened to not pay Plaintiff the settlement funds if
he do not sign and return the release that was enclosed with the
letter. <u>See</u> Letter of May 18, 2015, Exhibit K (5), attached hereto.
Also, "<u>before</u>" Defendant filed the motion to enforce and "<u>before</u>"
the status/settlement conference of January 23, 2015, Plaintiff had
made Defendant and the Trial Court Action judge "aware" that he was
seeking "a substantial" amount of money damages for the injuries
he suffered and is "continuing" to suffer; and/or his freedom, to
release Detective Rodden <u>and</u> Lieutenant Dean <u>and</u> anyone else
from liability; and that he was under the understanding and
belief that Detective Rodden <u>and</u> Lieutenant Dean were
admitting liability by failing to respond to his discovery
requests and by "settling"; and moreover, that he intended
to pursue the default judgments on appeal and pursue his
amended complaint against the City if he did <u>not</u> attain
satisfaction. <u>See</u> Letter of September 5, 2014 in Response
to Defendant's Letter of September 3, 2014, Exhibit K (7),

22

attached to Exhibit K(6), Letter of September 3, 2014 attached hereto; Letter of November 5, 2014, Exhibit K(8), attached hereto; Plaintiff's Motion for Reconsideration of Order filed in the Trial Court Action, Exhibit K(9), attached hereto. See also Exhibits K(1), (3) and (4), attached hereto.

Significantly, not "only" did Plaintiff believe that because he was not served with a copy of the Petition to Open Judgment, the answer to the complaint and the Trial Court Action judge had denied all his motions, applications, petitions, and because he was not awarded "a substantial amount" of money and Detective Gregory Rodden and Lieutenant Dean were the "only remaining defendant parties," he would be able to file an appeal from the decisions of the Trial Court Action judge "before" the settlement agreement "in open court" and from the decisions of the Trial Court Action judge at the time of the status/settlement conference of January 23, 2015, Plaintiff also believed that he could appeal the decision of

the Trial Court Action, judge granting the Motion to Enforce Settlement filed by Defendant, because he was "threatened" by Defendant into signing the release she sent to him "after" he "refused" to sign a release to release Detective Rodden, Lieutenant Dean, the City or anyone else from liability, and because he was not served with a copy of the Motion to Enforce and the Trial Court Action, judge had "no authority", jurisdiction to grant the motion on behalf of ~~Lieutenant Dean~~ Officer Fennell because ~~Lieutenant Dean~~ Officer Fennell was "never served with the complaint" and "nor did Defendant have the authority to settle the claims against the unserved defendants or the non-City defendants," and moreover, because "Plaintiff's motion to enforce settlement was never docketed" (i.e. filed) by the motion clerk or prothonotary's office. Consequently, Plaintiff filed his motion to strike settlement and reinstate default judgment, alleging that the ~~settlement and~~ orders entered "after" the

10. See Letter of May 18, 2015 (*threatening to terminate the file without payment if Plaintiff did not sign and return the release), Exhibit K (5), attached hereto. See ~~only~~ also Release, Exhibit K (5)(a), attached hereto.

default judgments was entered, including the Settlement and Release, is "<u>void</u>," "<u>without effect</u>," "<u>invalid</u>," and he thus prayed for the following:

> "[A]n order rendering the Judgment/Order of January 6, 2014 (opening and vacating the default judgment and ordering the defendants to file a responsive pleading) <u>and</u> the Settlement of January 23, 2015 **VOID** and **REINSTATING** the "default judgment," and also rendering his murder conviction **VOID** and thus **EXPUNGING** said conviction from his record <u>and</u> requiring his immediate release from custody and Defendants Detective Rodden and Lieutenant Dean to pay Plaintiff collectively the total of $4,875.000 (Four Million, Eight Hundred, Seventy-Five Thousand dollars) which Plaintiff is entitled to from assessment of the damages he "**SPECIFICALLY**" demanded from said Defendants in the Complaint, and also requiring them and/or their attorney to pay Plaintiff a total of $4,875.000 or whatever sum deemed appropriate as a monetary sanction for their failure to serve Plaintiff with a copy of their Petition to Open Judgment, their Answer With New Matter to Plaintiff's Complaint, and their ~~Petition to Open Judgment~~ Motion to Enforce Settlement, and that a "**FINAL ORDER**" be issued and entered to allow Plaintiff to file an appeal in the Commonwealth Court regarding all Defendants and claims in this case, if Plaintiff so wish, and he shall forever pray."

<u>See</u> Deposition of Daryl Cook, Exhibit F, at 5:21-10:20, 21:13-22, 21:23-22:9, 26:21-23, 26:24-27:1, attached hereto; Instant Complaint,

Exhibit A (1), at paragraph 8 - 12, 15 - 16, attached hereto; Motion to Strike Settlement and Reinstate Default Judgment, Exhibit L, attached hereto." See Exhibit A (1) at paragraph 18.

More significant, despite Defendant _alleging_ in the Petition to Open Judgment that she was advised on November 4, 2013[12] that the default judgments was entered, she did not file the Petition to Open until on December 9, 2013. Even more significant, Defendant was aware or had reason to be aware that the default judgments was entered, without the Trial Court Action judge, _namely_, Judge Allen, advising her of same at the conference held on November 4 th or 8th, 2013, because of the Trial

---

11. Despite Plaintiff's motion to strike being uncontroverted by Defendant, and all his issues therein had merit, the Trial Court Action judge denied the motion on October 13, 2015 without a hearing. As a result of the denial, Plaintiff filed an appeal to the Commonwealth Court of Pennsylvania, from the October 13, 2015 Order denying the motion, and as indicated earlier, the Petition to open Judgment filed by Defendant, was attached to the "Supplemental Reproduced Record."
12. The Docket show that a hearing may have occurred on November 4, 2013 and the conference was completed on November 8, 2013. Therefore, Plaintiff is not certain about what date Defendant had a conference with Judge Allen.

26

Count Action Docket reflecting when the default judgments was entered, and because of the appeal from the November 29, 2012 Order being challenged as a jurisdictional defect on March 12, 2013 based on Detective Rodden _and_ Lieutenant Dean being properly served and thus participants in the case, and consequently, the appeal was quashed on August 1, 2013 and the case was reactivated in the Trial Court on August[13] 6, 2013, yet still, Defendant did _not_ file a petition to open the default judgments until, _allegedly_, after being advised by the Trial Court that the default judgments was entered. See Petition to Open Judgment, Exhibit G, at paragraph 11, attached hereto; Exhibits B – D, attached hereto.

## 2. FEDERAL COURT ACTION

This is a civil action brought under 42 U.S.C. §§

27

1983 and 1985 against Defendant Amanda C. Shoffel
and others, which gave rise as a result of Defendant
Shoffel, while acting with others under the color of
state law, caused Plaintiff to be deprived or
subjected to deprivation of his First and
Fourteenth Amendment rights secured by the
Constitution of the United States. Plaintiff
seeks a declaratory judgment declaring that
Defendant's actions described herein is is [13]
unconstitutional, the settlement agreement is void
as violative of due process because no rule to
show cause was issued to give the Trial Court
Action judge authority, power to open and vacate
the default judgments; he seeks an injunction
enjoining enforcement of the state proceedings, re-
quiring that the default judgments be reinstated and

---

13. In the instant complaint, Plaintiff alleged that the actions
of Defendant was" instead of "is" unconstitutional. However,
plaintiff invoke this Honorable Court to liberally construe the
declaratory judgment he seek in the relief section of the
complaint as seeking a declaration that Defendant's actions "is"
not "was" unconstitutional.  28

his appellate rights be reinstated, and that the murder conviction be expunged from Plaintiff's records. See Moreover, Plaintiff also seeks compensatory damages from Defendant Shoffel, in her official and individual capacity, in the amount of $10,000,000 (ten million dollars). See Instant Complaint, Exhibit A(1), at paragraph 1, 8, 11-16, 18-23, 26-27, and 29. See also Trial Court Action Docket, Exhibit A, attached to Defendant's Motion for Summary Judgment (indicating that "no" Rule to Show Cause Order was issued to Plaintiff upon the filing of the Petition to Open Judgment filed on behalf of Detective Rodden and Lieutenant Dean by Defendant, for Plaintiff to be afforded notice of an opportunity to show cause why the relief requested in the petition to open judgment should not be granted). The Trial Court Action Docket also show that Defendant did not file a response to none of Plaintiff's filings he mentioned in his complaint. Id. See also Instant Complaint, Exhibit A (1), at paragraph 12 and 16.

### 3. CLAIMS AGAINST AMANDA C. SHOFFEL

Based upon the foregoing, Plaintiff believes and thus averred in the instant complaint, that Defendant Shoffel committed

"Fraud," "misrepresentation," "collusion," and "conspiracy" to deny Plaintiff access/meaningful access to the courts and due process of law, in violation of Plaintiff's rights secured under the First and Fourteenth Amendment to the Constitution of the United States, and Title 42 U.S.C. §§ 1983 and 1985, and therefore, he seeks the relief sought in the instant complaint. Id. at paragraph 1, 8, 11-16, 18-23, 26-27, 29, 31-33.

Moreover, based upon Defendant's Motion for Summary Judgment not being supported with any evidence showing that she did not commit the acts complained of and described in the complaint (i.e. the fraud, misrepresentation, collusion and/or the conspiracy alleged against her in the complaint), and based on the foregoing facts of record, Plaintiff's deposition, the pleadings, together with Plaintiff's affidavits thus far, Defendant's motion for summary judgment should be denied and a judgment should be entered in favor of Plaintiff because the record thus far show that

"there is no genuine issue in dispute as to any material fact and Plaintiff is entitled to a judgment as a matter of law, or the case should be tried by a jury, or Plaintiff should be allowed to conduct discovery [14] and thus be provided with a copy of the Transcript of the Conferences held on November 4th and/or 8th, 2013 ~~and~~ with Defendant and Judge Jacqueline F. Allen, the Trial Court Action judge, and held on August 15, 2012 with Defendant, Plaintiff and Joan Sullivan, and ~~that he~~ he should be allowed to request admissions and interrogatories from Defendant, D. Vogler, A. Warren, Judge Allen, the City Solicitor and the Prothonotary of Philadelphia Court of Common Pleas, and afforded an opportunity to amend the complaint, if deemed necessary, or if he so wish upon completion of discovery, for the following reasons:

---

14. Discovery of the following documents and requests will most likely show that Defendant is liable and whoever was responsible for not returning the Petition to Open Judgment back to Defendant for lack of a rule to show cause order form being attached, ~~and~~ who was responsible for not issuing the rule to show cause order and not docketing the

31

## III. STANDARD OF REVIEW

The court shall render summary judgment "if the pleadings, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). A factual dispute is "material" only if it might affect the outcome of the suit under governing law. See Id. All inferences must be drawn, and all doubts resolved in favor of the non-moving party. See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Gans v. Mundy, 762 F. 2d 338, 341 (3d Cir. 1985).

On motion for summary judgment, the moving party bears the initial burden of identifying these portions of the record that it believes demonstrate the absence of material fact disputes. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

---

unfiled documents Plaintiff mailed to the court and served a copy of to Defendant, and that Defendant did not have authority to settle the claims against the non-City defendants and unserved defendants.

32

To defeat summary judgment, the non-~~pa~~ moving party must respond with facts of record that contradict the facts identified by the moving party, and may not rest on mere denials. _See Id._ at 321, n. 3 ; _First Natl. Bank of Pa. v. Lincoln Natl. Life Ins. Co._, 824 F. 2d 277, 282 (3d Cir. 1987).

In a case where the non-moving party is the plaintiff and therefore bears the burden of proof, the non-moving party must, by affidavits or by the depositions and admissions on file, "make a showing sufficient to establish the existence of [every] element essential to that party's case." _Celotex_, 477 U.S. at 322-24. The non-moving party must adduce more than a mere scintilla of evidence in its favor ~~of the case~~ to defeat the moving party's summary judgment motion. _See Williams v. Borough of West Chester_, Pa., 891 F. 2d 458, 460 (3d Cir. 1989). Although all justifiable inferences must be drawn in favor of the non-moving party, the "moving party is entitled to summary judgment where no reasonable resolution of conflicting evidence and inferences therefrom could result in a judgment for the non-moving party." _Schwartz v. Hospital of Univ. of Pa._, 1993 WL 153810 at *5 (E.D. Pa. Sept. 11, 1995) (citing _Celotex_, 477 U.S. at 325). "Plaintiff must present affirmative evidence in order to defeat

33

this properly supported motion for judgment." *Id.*

## IV. ARGUMENT

Contrary to Defendant's argument in her *motion* for summary judgment *and* opposition to Plaintiff's motion for appointment of counsel, supplemental motion for appointment of counsel and document in support of Plaintiff's motions for appointment of counsel, the record thus far "clearly" supports "all" of Plaintiff's claims, and Plaintiff is entitled to a judgment as a matter of law *not* Defendant, or Plaintiff is entitled to a jury trial, or he should be allowed to conduct discovery as previously mentioned herein and/or file an amended complaint to cure deficiencies, if the Court find *any*, or based *on* completion of discovery, especially in light of the fact that Defendant's motion for summary judgment is *not* properly supported. *See* Defendant's Motion for Summary Judgment on file. The only evidence that Defendant is attempting to use to demonstrate *lack* of a genuine issue and that she is entitled to judgment on all claims is Plaintiff's deposition which is "actually" evidence in his favor because he testified under

34

oath that, he was not served with a copy of Defendant's petition to open judgment; he was not served with a copy of Defendant's answer to the complaint; he was not served with a copy of Judge Allen's Order granting the petition to open judgment; he was not served with a copy of Defendant's motion to enforce settlement; he did not receive any response from Defendant to the motions/petitions/applications he filed and "attempted" to file; he was not issued a rule to show cause order to show cause why the relief requested in the petition to open judgment should not be granted; the copy of the petition to open judgment attached to Defendant's motion for summary judgment and attached to the Brief filed in the Commonwealth Court as part of the Supplemental Reproduced Record and the copy obtained by Plaintiff from the Philadelphia Court of Common Pleas file do not have have a "Rule To Show Cause Order Form"

35

attached thereto as required by Pennsylvania/Philadelphia
Rules of Civil Procedure; he was <u>not</u> informed that he was
waiving his right to appeal; Defendant did <u>not</u> suggest
<u>or</u> say that the agreement to settle was an agreement to
"a total settlement of the lawsuit"; Defendant said she
had authority to settle <u>all</u> claims, even though "some of
the claims were against <u>non-City defendants</u> who she did
<u>not</u> represent and some were against <u>unserved defendants</u>";
Defendant was colluding or conspiring with Judge Allen or the
motion clerk and the City of Philadelphia; whether
Defendant acted on her own accord was still a violation
of Plaintiff's right to due process, and whether it was
collusion or conspiracy; it was still "fraud" and
"misrepresentation" which <u>injured</u> Plaintiff's litigation; he
~~Plaintiff~~ believed he was entitled to the default judgment
<u>and</u> to be released from custody because he was "never
served" with a copy of petition to open judgment or the

answer to the complaint _and_ Detective Rodden admitted liability (i.e. that he assaulted Plaintiff and forced Plaintiff to make a self-incriminating statement which was the"only" evidence used to convict Plaintiff of murder in the third degree); Judge Allen said she couldn't release ~~Plaintiff~~ him because she did not have the power to release him in the civil matter; he believe that Defendant "deliberately" ignored the rules of civil procedure so that he wouldn't have a chance to actually respond to make sure that the judgment gets opened; he believe that because he have evidence that Defendant knew that Detective Rodden and Lieutenant Dean was properly served with the complaint before the conference held with Defendant and Judge Allen, without him present, at which time Defendant said in the petition to open judgment that Judge Allen advised her that a default judgment was entered, a reasonable jury can infer that Defendant acted in collusion or conspiracy with

37

Judge Allen at the conference, to **open** the default judg-
ments, and he believe the transcript of the conference in
question will show it ; he intended to file an appeal
because he believed that the default judgments should
<u>not</u> have been opened and he felt "**compelled**" to settle
because of his motions being denied "arbitrarily" and him
being denied "**a**" "**amicable**" settlement agreement and so
that he could file an **appeal** regarding "<u>all</u>" the decisions
of the Trial Court Action judge, <u>namely</u>, Judge Allen; he
believe that Judge Allen told Defendant to file the petition
to open judgment so that she could open the judgment
without hearing from him first; Defendant's actions
was intentional, deliberate not negligent, she checked
off on the petition to open judgment cover that she
had attached a rule to show cause but she did <u>not</u>
attach "**a rule to show cause order form**" to the petition;
Defendant told him that the City was going to be "withdrawn"

from the "Release", however, she threatened him into signing a "Release" that still had the City on it; Defendant committed "fraud" and "misrepresentation" at the status/~~court~~ settlement conference on January 23, 2015 when she said she had the "authority" to settle the case; he believed that Defendant was "only" representing the **City of Philadelphia**; he thought that Detective Rodden and Lieutenant Dean was the only defendants that Judge Allen and Defendant were talking about when they agreed to the $2,500 to settle the case; because he believed that if Detective Rodden settled he was admitting liability, he also believed that he could use the settlement transcript as newly discovered evidence to get released from prison because of his statement being "compelled self-incrimination"; he believed that the settlement agreement purportedly entered was/is "ambiguous" (i.e. that he agreed to "a total settlement"), and that although he signed the Release under duress, the settlement was void and he would use the settlement

39

funds to appeal. <u>See</u> Deposition of Daryl Cook, Exhibit F, attached
hereto, <u>See also</u> Instant Complaint, Exhibit A(1), attached
hereto; Motion to Strike Settlement and Reinstate Default
Judgment, Exhibit L, attached hereto.

### A. PLAINTIFF'S CLAIMS FOR DUE PROCESS VIO-
### LATIONS, DENIAL OF ACCESS TO THE COURTS,
### FRAUD, MISREPRESENTATION, COLLUSION AND
### CONSPIRACY IS ESTABLISHED OR CAN BE ES-
### TABLISHED THROUGH
### DISCOVERY

**1.** Plaintiff stated in the instant complaint that, "[D]espite
the fact that Plaintiff had obtained a default judgment
against two (2) City employees of Defendant City of Phila-
delphia in Cook v. City of Philadelphia, et al., ..., Defendant
Amanda C. Shoffel had filed a petition to open the default
judgments, without serving Plaintiff with a copy of said
petition and without attaching a rule to show cause
order to said petition.[15] <u>See also</u> Deposition of Daryl Cook,
Exhibit F, at 6:9-19, attached hereto; Petition to Open
Judgment, Exhibit G, attached hereto (indicating on the
Petition/Motion Cover Sheet that Defendant put an x in the
box where it say Petition (ATTACH RULE TO SHOW CAUSE) and

---

15. Plaintiff actually mean the "order form" required for a rule to show cause.

where it say "**INDICATE NATURE OF DOCUMENT FILED**"). Despite Defendant marking an x in the box next to Petition (Attach Rule to Show Cause), she did <u>not</u> attach a rule to show cause order form (i.e. a proposed order) as to the Petition to Open Judgment as required by Pa. R.C.P. No. 206.6 (c). <u>See</u> Response to opposition to Plaintiff's Motion for Appointment of Counsel at Page-4-; <u>See also</u> Trial Court Action Petition to Open, attached as Exhibit B to Defendant's Motion for Summary Judgment (indicating that, i.e. demonstrating, <u>no</u> rule to show cause proposed order form was attached to the **Petition to Open Judgment** at the time the Petition was filed); Trial Court Action Docket Excerpts, Exhibits H and H(1), attached hereto (indicating that **no rule to show cause order form was attached to the Petition to Open Judgment** and no rule to show cause order was issued upon the filing of the Petition to Open Judgment)[16]. However, as stated in the instant complaint, on January 6, 2014, and the Trial Court Action judge, <u>namely</u>,

---

16. It is significant to note that although Plaintiff was <u>not</u> served with a copy of the Petition to Open Judgment, if Defendant had complied with the rules of civil procedure requiring her to attach a proposed order (i.e. rule to show cause order) to the Petition, the Trial Court would have been required to issue a rule to show cause order as of course upon the filing of the Petition to Open Judgment, and thus, Plaintiff would have had an opportunity to file a response to the Petition.

Judge Jacqueline F. Allen, had entered an order granting the petition to open judgment and thus vacated and opened the default judgments entered against Detective Gregory Rodden and Lieutenant Dean, without issuing a rule to show cause why the petition to open judgment should _not_ be granted. <u>See</u> Instant Complaint, Exhibit F, at paragraph 9, attached hereto.[17] Plaintiff further stated in the complaint that he filed motions for extraordinary relief based on him _not_ being served with a copy of the petition to open judgment and _not_ being served with a copy of the answer to the complaint. <u>Id.</u> at paragraph 11. Furthermore, he stated in the complaint that he "attempted" to file a petition to strike the order vacating and opening the default judgments but it was _not_ docketed, and that as a result of Defendant Motion Clerk _not_ docketing some of Plaintiff's motions/petitions and Defendant Jacqueline F. Allen ignoring[18]

---

17. Also, as indicated in the instant complaint, Plaintiff stated that he did not receive a copy of the order vacating and opening the default judgments. <u>Id.</u> at paragraph 10.

18. Defendant Motion Clerk has not been served or have not filed an answer to the complaint (i.e. Plaintiff is not sure whether or not the Motion Clerk was/is deemed served when the City of Philadelphia was served), and Defendant Jacqueline F. Allen has been dismissed from the complaint based on absolute immunity.

Plaintiff's allegations regarding Plaintiff's motions/petitions _not_ being docketed and also denying "_all_" of Plaintiff's motions/petitions and application which was docketed even though Defendant Shoffel "_never responded_" to "any" of Plaintiff's motions, petitions and "nor" his application to have the sheriff personally serve his complaint upon the unserved City defendants, Plaintiff felt compelled to accept a settlement offer in open court, with the understanding and belief that he was "only" settling his claims of assault and battery against Defendant City of Philadelphia[19] employee Detective Gregory Rodden and employee Lieutenant Dean, and that the settlement constituted both Rodden and Dean admitting liability. _Id_ at paragraph 11; Motion for Extraordinary Relief, attached as Exhibit D to Defendant's Motion for Summary Judgment; Motion for Extraordinary Relief, Exhibit J (1), attached hereto; Inmate's Request to Staff Member, Exhibit F (1), attached hereto; Motion to Strike Settlement and Reinstate Default Judgment, Exhibit 6, attached hereto. Not only did Plaintiff

---

19. Defendant City of Philadelphia has been dismissed from the instant complaint also.

seek an order striking the settlement and reinstating the default judgments based on the order vacating and opening the default judgments being "_void_" due to him _not_ being served with a copy of the petition to open the default judgments, a copy of the answer to the complaint and due to _no_ rule to show cause being issued as of course as required by Phila. R. Civ. P. 206.4(c), thus, he was denied due process (i.e. notice of the petition to open judgment and the right to be heard before the court had vacated and opened the default judgments). Plaintiff also seeked an order striking the settlement and reinstating the default judgments and entering "_a final order_" to allow him to file his appeal which was quashed in the Commonwealth Court of Pennsylvania (and i.e. he anticipated filing an appeal in the Commonwealth Court regarding "_all_" the _defendants and claims_ in the case) based on him being threatened into signing a Release by Defendant, his motion to enforce settlement _not_ being docketed, him _not_ being served with a copy of the motion to enforce settlement filed by Defendant, and based on

the order of May 13, 2015 granting Detective Rodden's and Officer Fennell's motion to enforce settlement being "_void_" because Officer Fennell was _not_ served with a copy of the complaint, thus the Trial Court Action judge did _not_ have "jurisdiction" over Officer Fennell (i.e. to grant or deny his motion to enforce settlement), and because Lieutenant Dean did _not_ file a motion to enforce settlement and Plaintiff did _not_ sign a Release indicating that he release Lieutenant Dean from liability, and based on Plaintiff _not_ being served with a copy of Detective Rodden's and Lieutenant Dean's motion to enforce settlement, thus Plaintiff was denied due process. _See_ Motion to Strike Settlement and Reinstate Default Judgment, and Motion to Enforce Settlement attached thereto, Exhibit L, attached hereto.[20] _See_ Instant Complaint, Exhibit A(1), at paragraph 18, attached hereto.

---

20. Most significant to note is Defendant had "misrepresented" and thus "falsely" stated in the Petition to Open Judgment that Detective Rodden and Lieutenant Dean was not properly served with a copy of the complaint. However, Plaintiff did not discover this information until after he had filed an appeal in the Common-wealth Court of Pennsylvania and the Petition to Open Judgment was attached to the Brief for Appellee as part of the Supplemental Reproduced Record. Also, de-spite Defendant already knowing that the default judgments was entered she implied that she became aware of the default judgments at a conference with the court.

See also Petition to Open Judgment, Exhibit G, at paragraphs 3, 11-12, attached hereto. Contrary to Defendant's "false" statements in her petition to open judgment, the record thus far "clearly" show that Detective Rodden and Lieutenant Dean was "properly" served with Plaintiff's complaint and Defendant made "a deliberate decision" not to defend them and thus "thwart vindication" of Plaintiff's claims against Detective Rodden and Lieutenant Dean, by not answering the complaint in hope or thought that Plaintiff would cause a non pros judgment to give rise from not prosecuting his claims against Detective Rodden and Lieutenant Dean and thus "circumvent" discovery from them regarding the "surveillance recordings" and "telephone recordings" of the assault incidents, and then by not serving Plaintiff with a copy of the Petition to Open Judgment and not attaching a "Rule to Show Cause" to the Petition as required by Pennsylvania Rules of Civil Procedure and Philadelphia Local Rules of Civil Procedure to afford Plaintiff notice of the filing of the petition to open the default judgments, which was entered against Detective Rodden and Lieutenant

Dean, and to afford Plaintiff an opportunity to be heard "*before*"
the time for responding expire and the Petition is "forwarded" to
the Court for a decision. <u>See</u> Petition Cover Sheet, Exhibit 6, at-
tached hereto (indicating the Response Date; indicating that De-
fendant was aware that she was required to attach a rule to
show cause because she put an x mark in the box next to
Petition (Attach Rule to Show Cause)). Certainly, the record thus
far demonstrate that, Defendant "*deliberately*" did <u>not</u> file an
answer to the complaint on behalf of Detective Gregory Rodden
and Lieutenant Dean "*after*" they were "*properly*" served with a
copy of the complaint; and then "*deliberately*" did <u>not</u> serve
Plaintiff with a copy of the Petition to Open Judgment <u>and</u>
attach a "<u>Rule to Show Cause</u>" order form to the Petition, and
that she "*deliberately*" did <u>not</u> serve Plaintiff with a copy
of the answer to the complaint she filed "<u>after</u>" the Trial
Court Action judge granted the Petition to Open the Judgment
and ordered that the default judgments are vacated and
opened, "<u>without the court issuing a Rule to Show Cause Order</u>"
to afford Plaintiff an opportunity to be heard before the

47

default judgments was vacated and opened, and as a result of Defendant's "deliberate" actions, Plaintiff was denied due process (ie notice of the Petition to Open Judgment and the answer to the complaint, and consequently, his right to be heard). See Plaintiff's Motion in Opposition to Motions to Dismiss of Defendants City of Philadelphia, Allen, and Shoffel at Exhibits "E," "F," "G," "H," "I," and "J" attached thereto (indicating that Detective Gregory Rodden and Lieutenant Dean were in fact properly served with a copy of the complaint and that Defendant Shoffel and the City were aware of them being served "before" the conference held between Defendant and the court on November 4th or 8th, 2013); Writ of Execution Notice, Exhibit M(1), & at "Date of Praecipe for Writ of Execution" and "Date of Proof of Service" (indicating that Plaintiff had first served Defendant and Detective Rodden with a copy of the writ of execution notice and praecipe for writ of execution on April 18, 2013, and thus gave notice to Defendant of the default judgment entered against Detective Rodden) and at the "back of the Proof of Service" (indicating that the Writ

48

of Execution Notice and attachments was received by the
prothonotary on April 22, 2013); Writ of Execution Notice, Ex-
hibit M(2), at the Date of the Praecipe for Writ of Execution
(indicating that Plaintiff had initially dated the Praecipe April
18, 2013, the same as the initial Date of the Praecipe
against Detective Rodden, when he first sent a copy of same
to Detective Rodden, Lieutenant Dean and Defendant Shoffel,
however, the Proof of Service indicate that the Writ of
Execution Notice and attachments was again sent to the
prothonotary and a copy of same to Defendant Shoffel and
Lieutenant Dean on October 21, 2013 and the "back of the
Proof of Service" indicate that the document was received
by the prothonotary on October 25, 2013 "before" the date
of the conference that Defendant said she was advised by
the court that default judgment was entered); Letter
of 10-28 From D. Vogler and Motion to Assess Damages,
attached thereto, Exhibit M(3), attached hereto (indicat-
ing that the Motion was sent to the court and Defendant
Shoffel was served with a copy of same "before" the
conference held on November 4th or 8th, 2013 at which

49

time Defendant said the court advised her that the default judgments was entered, thus Defendant was "already" aware of the default judgments "before" the conference she had with the Trial Court Action judge without Plaintiff being present at the conference); Trial Court Action Docket Excerpt, Exhibit M(4), attached hereto (indicating that Detective Gregory Rodden and Lieutenant Dean were "personally served on 9/6/2012); Sheriff's Return of Service, Exhibits M(4)(a), M(4)(b) attached hereto, and M(4)(c) (indicating that the City of Philadelphia, Lieutenant Dean, and Detective Gregory Rodden was served by the Deputy Sheriff personally serving Omar Hogue at the City of Philadelphia Law Department with a copy of the complaint for each of them); Trial Court Action Docket Excerpt, Exhibit M(5), attached hereto (indicating that the preliminary objections of the City of Philadelphia was dismissed without prejudice because Plaintiff was <u>not</u> served at his address of record); Motion for Reconsideration of Order of September 26, 2012, dismissing the prelimi-

nany objections without prejudice, Exhibit M(6), attached hereto (indicating that Defendant Shoffel had intentionally failed to serve Plaintiff at his address of record); Trial Court Action Docket Excerpt, Exhibit M(7), attached hereto (indicating that despite the trial court docket showing that Detective Gregory Rodden and Lieutenant Dean was properly served and they were named defendants in the Trial Court Action Complaint, the Defendant Shoffel filed amended preliminary objections to the complaint "only" on behalf of the City of Philadelphia, and thus elected not to answer the complaint on behalf of Detective Rodden and Lieutenant Dean, however, Plaintiff believe to the best of his memory that he recall Defendant mentioning them or at least mentioning Detective Rodden in her preliminary objections, which he have lost and therefore would rely on discovery of a copy of same to show that Defendant was aware of Detective Rodden and Lieutenant Dean being served or at least parties to the lawsuit); Inmate's Request to Staff Member, Exhibit F(1), attached hereto (in-

dicating that "after" Plaintiff discovered from the Trial Court
Action Docket that Defendant filed the Petition to Open Judgment,
he had contacted the prison mailroom supervisor and asked
for a copy of the record to him showing that correspondence
from Defendant was received for him during the month of
December or January, and the mailroom supervisor advised
Plaintiff that "[W]e don't have any record of above mentioned
correspondence", thus, as Plaintiff indicated in the Request,
Plaintiff did _not_ receive a copy of the Petition to Open Judg-
ment filed by Defendant); "Notice of Praecipe to Enter Judgment
by Default to Detective Gregory Rodden and Lieutenant Dean,"
and "Letter of 2-12 from D. Vogler", advising Plaintiff that
Defendants answered the complaint, and thus indicating that
Plaintiff was _not_ aware that an answer to the complaint
was filed because he was _not_ served with a copy of the
answer, Exhibits N, N(1) and N(2), attached hereto;
Motion for Extraordinary Relief, attached as Exhibit D to
Defendant Shoffel's Motion for Summary Judgment (indicat-
ing that Plaintiff requested discovery from Detective
Gregory Rodden and Lieutenant Dean, however, Defendant
Shoffel did _not_ respond to Plaintiff's discovery requests);

Plaintiff's Requests for Admission, Interrogatories and Production
of Documents and Things, Exhibit N(3), attached hereto (in-
dicating that Plaintiff sent a discovery request to Defend-
ant Shoffel before she filed her amended preliminary
objections and before she filed an answer to the
complaint on behalf of Detective Rodden and Lieutenant
Dean and before the default judgments was entered
against Detective Rodden and Lieutenant Dean, however,
she did not respond to Plaintiff's discovery request or
seek a protective order before the Trial Court Action
judge granted her preliminary objections, thus she
"circumvented" Plaintiff's discovery request); Affidavit
of Daryl Cook, Exhibit N(4), attached hereto (indicating
that at the time Plaintiff filed his "Settlement Memorandum"
dated March 16, 2014, he attached his Affidavit thereto
and verified that he did not receive "a copy of Defend-
ants Rodden's and Dean's Petition to Open Judgment or a
copy of their Answer with New Matter to the Complaint";
he believed that their failure to serve him with a copy of
the Petition" was/is another strategy to have a judgment

of non pros entered" against him, just like when they
failed to timely answer the complaint; he submitted a
discovery request to said Defendants on or about January
24, 2014 by certified return receipt requested mail and
then a notice to them on or about February 26, 2014
advising them that he will file a motion to compel if
he don't receive a response to his discovery request
in ten (10) days, yet still he did not receive a re-
sponse, and therefore, as indicated in his motion for
extraordinary relief attached as Exhibit D to Defend-
ant's Motion for summary judgment, he ~~filed a motion~~
attempted to file a motion to compel which was not
docketed); Letter of June 5, 2014 from Defendant,
Exhibit N(5), attached hereto (indicating that although
Defendant referred to the wrong case, she advised
Plaintiff that Judge Allen requested that she write to
him to find a mutually agreeable trial date, and that
she want to see if there are any additional discovery
materials Plaintiff need and there are no video or

54

surveillance tapes available, and moreover, she advised plaintiff, "I am happy to provide any other materials you may need," however, as indicated by and in Plaintiff's Motion for Extraordinary Relief filed June 19, 2014 attached as Exhibit D to Defendant's motion for summary judgment, Defendant did not respond to Plaintiff's discovery request and thus circumvented his discovery request by not responding and by not serving him with a copy of the Petition to Open Judgment and the answer to the complaint); Letter of February 24, 2014 from Daryl Cook to D. Vogler, Exhibit O, attached hereto (indicating that Plaintiff's "Notice of Praecipe to Enter Judgment by Default" against Detective Rodden and Lieutenant Dean was "returned" to Plaintiff by "D. Vogler" because they filed an answer and Plaintiff was not aware that they filed it because he was not served with a copy of the answer, and therefore, Plaintiff had sent his "Petition to Strike Defendants Rodden's and Dean's Answer With New Matter to Plaintiff's Complaint

and/or Impose Sanctions" to "D. Vogler" and asked him to forward a copy of the docket to him indicating that his Petition has been filed, and Plaintiff advised D. Vogler that he was hoping and praying that the Petition be filed before the court enter an order of non pros for failure to prosecute, however, as indicated in Plaintiff's motion for extraordinary relief attached as Exhibit D to Defendant's Motion for Summary Judgment, Plaintiff's Petition to strike which was attached to his motion for extraordinary relief was *not* docketed and Defendant did *not* file a response to it).[21] It can also be inferred from A. Warren's name on the face of the Order form attached to the Petition to Open Judgment,(indicating that she filed the Petition to Open Judgment) that she was responsible for filing the Petition without a Rule to Show Cause Order Form attached and she was also responsible for issuing a Rule to Show Cause Order on

_____

21. Certainly, it appear from D. Vogler's letter, advising Plaintiff that the Defendants answered the complaint and therefore he returned the Notices of Praecipe to Enter Judgment by Default, and the fact that when Plaintiff sent his Petition to strike the Answer and/or Impose Sanctions against the Defendants, Plaintiff's Petition to Strike was not docketed, or it can be inferred therefrom that D. Vogler was responsible for not docketing Plaintiff's Petition to strike and the rest of Plaintiff's documents which was not docketed. *See* Exhibits N(2) and O, attached hereto; Exhibit D attached to Motion for Summary Judgment.

56

behalf of the Trial Court Action judge upon the filing of the Petition as of course pursuant to Phila. Local Rule of Civil Procedure, Rule 206.4(C) and moreover, that she was responsible for docketing the Plaintiff's documents which was _not_ docketed. _See_ Face of Order Form attached to the Petition to Open Judgment, Exhibit G, attached hereto (indicating that the Petition was filed by A. Warren).[22] Also, discovery will show whether J. Dirosa was responsible for _not_ sending a copy of the Order of January 6, 2014 (granting the Petition to Open) to Plaintiff and/or was responsible for _not_ docketing Plaintiff's Petition to Strike attached to Plaintiff's Motion for Extraordinary Relief filed June 19, 2014, and further, whether J. Dirosa was responsible for _not_ docketing Plaintiff's Motion to Enforce Settlement attached to his Motion to Strike Settle-

---

22. It is significant to note that Plaintiff had contacted A. Warren by telephone and she told Plaintiff that she did not recall whether or not Defendant personally handed the Petition to Open Judgment to her for filing, and when Plaintiff asked her did the Petition have a Rule to Show Cause attached to the Petition when she filed it because no Rule was issued, she said ~~because~~ it did not need a Rule attached to it because the judge will issue a Rule to Show Cause if the judge decide that one is needed to be issued. Consequently, discovery will show who was responsible for docketing Plaintiff's documents which were not filed, and it will show whether the Petition to Open Judgment should not have been filed without Defendant of A. Warren attaching a Rule to Show Cause Order Form. _See_ Order of this Court dated January 3, 2018, ~~at ... pages~~ at paragraph 4.

ment and Reinstate Default Judgment. Furthermore, discovery will show whether Defendant Shoffel acted in collusion and/or conspiracy with the person(s) responsible for not sending a copy of the order of January 6, 2014 to Plaintiff and/or whether she acted in collusion or conspiracy with the Trial Court Action judge, namely, Judge Allen, regarding the said order not being sent to Plaintiff and/or whether Defendant Shoffel, the person(s) responsible for not docketing Plaintiff's documents and Judge Allen acted in collusion and/or conspiracy to not have Plaintiff's documents docketed and/or whether Defendant Shoffel and Judge Allen acted in collusion and/or conspiracy to not have a Rule to Show Cause Order issued as of course and/or whether Defendant Shoffel, the Motion Court Clerk (i.e. whoever was responsible for issuing a Rule to Show Cause Order on behalf of the Court upon the filing of the Petition to Open Judgment) and/or Judge Allen acted in collusion and/or conspiracy to not have a Rule to Show Cause Order issued to Plaintiff upon

58

the filing of the Petition to Open Judgment and/or to <u>not</u>
have Plaintiff served with a copy of the Petition to
"<u>deny him notice</u>" of the filing of the "Petition" <u>and</u> "the
Order of January 6, 2014 granting the Petition" and/or
whether the City Solicitor (i.e. City of Philadelphia) and/or
Defendant Shoffel's supervisor had "<u>induced</u>" Defendant
Shoffel's actions or colluded with her or conspired
with her, to "<u>thwart vindication</u>" of Plaintiff's right
to the default judgments and/or his claims against
"<u>all</u>" the defendants "after" the default judgments
was "improperly" vacated/opened' and/or whether Judge
Allen and Defendant Shoffel acted in collusion and/or
conspiracy to deny Plaintiff an "amicable settlement,"
and to "<u>thwart vindication</u>" of Plaintiff's claims in
his "Amended" Complaint against the City of Philadelphia
and/or his "Appeal" ~~airgida~~ Plaintiff anticipated on
filing when Judge Allen suggested that Plaintiff
accept $500.00 more dollars and "asked Defendant
did she have the authority to settle <u>all</u> claims" and

59

Defendant "*openly*" "*agreed*" or "*conceded*" that *she had the "authority"* *to "settle all claims"* even though "*she did not represent all of the* *defendants*" and Plaintiff was *not* made "*aware*" that she was referring to "*all*" defendant parties named in the lawsuit, and that he was or would be "*waiving*" his right to "*appeal*."[23]

    Accordingly, Plaintiff believes the record thus far show that Defendant "deliberately," "intentionally," "willfully," "thwarted" vindication of Plaintiff's claims and thus caused him to be denied access to the courts and due process of law, and that it can be inferred from her actions by a reason-

23. See Order of January 6, 2014 on the back of the Certificate of Service attached to the Petition to Open Judgment, Exhibit G, attached hereto (indicating that J. Dinosa purportedly sent copies of the Order pursuant to Pa. R.C.P. 236 (b) on 1/10/2014 which Plaintiff did not receive). Thus, because Plaintiff did not receive a copy of the order, it can be inferred therefrom that J. Dinosa did not send a copy to Plaintiff, and that J. Dinosa was also responsible for not docketing Plaintiff's Petition to Strike attached to his Motion for Extraordinary Relief attached as Exhibit D to Defendant's Motion for Summary Judgment, and Plaintiff's Motion to Enforce Settlement attached to Plaintiff's Motion to Strike Settlement and Reinstate Default Judgment, Exhibit L, attached hereto. See Motion for Extraordinary Relief, Exhibit D, attached to Defendant's Motion for Summary Judgment; Motion to Strike Settlement and Reinstate Default Judgment, Exhibit L, attached hereto; Instant Complaint, Exhibit A(1), attached hereto, at paragraphs 8-12, 14, 16-22; Trial Court Action Complaint, Exhibit A, attached to Defendant's Motion for Summary Judgment (indicating all the defendant parties, the claims, and discovery Plaintiff would have pursued against them, and the money he was entitled to from the default judgments if he was not thwarted vindication of his claims and default judgments and his appeal rights as a result of Defendant's actions described herein). See also Deposition, Exhibit F, attached hereto, at Page 5-16. 60

able jury, that she colluded and/or conspired with others to deny Plaintiff same and/or that her actions constituted fraud and/or misrepresentation to "<u>intentionally</u>" "<u>injure</u>" Plaintiff's litigation and appeal rights, especially in light of the fact that Defendant's Motion for Summary Judgment is <u>not</u> supported with any evidence to the contrary.[24]

2. Moreover, for the sake of argument, contrary to Defendant's motion for summary judgment, the record show that she knew or had reason to know that she was required to attach a "<u>Rule to Show Cause</u>" order form to the Petition to Open Judgment when she placed an "<u>x</u>" in the box next to Petition (Attach Rule to Show Cause) <u>and</u> her lack of signature with her name merely printed, on the "<u>Petition Cover Sheet</u>," indicates that she was "<u>aware</u>" of the "<u>warning</u>" <u>and</u> "<u>notice</u>" on the "<u>Cover sheet</u>" indicating that: "<u>By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and other</u>

_____

24. However, notably, contrary to Defendant's assertion that, "Plaintiff also was able to inform the Trial Court Action judge during a conference among the parties that he had never received a copy of the Petition to Open Judgment," Plaintiff "mistakenly" replied, "IReTight, when he was asked during his deposition that during a conference with the Judge and Defendant, he informed both of them that he never received a copy of the Petition. <u>See</u> Motion for Summary Judgment at Page 2-3; Deposition, Exhibit F, attached hereto, at 20:13 – 21:12. To the Contrary, Plaintiff had attempted to inform the Judge at a conference that he was not served, however, he was not allowed to talk to her, yet, he did inform her in the documents he file. <u>See</u> Motion for Extraordinary Relief at Foot note 1, Exhibit D attached to Motion for Summary Judg.

61

unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6 Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers." And further where it say: "The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/ Response Date. No extension of the Answer/Re- sponse Date will be granted even if the parties so stipulate."

See Petition Cover Sheet, Exhibit 6, attached hereto (indicating that Defendant indicated on the Cover Sheet that she was filing a Petition that require a Rule to show Cause to be attached to the Petition; she did not sign the Cover Sheet, and that she was aware that the Petition to Open Judgment would be forwarded to the Court after the Response Date).[25] Also, the face of the Petition Cover Sheet supports Plaintiff's position that Defendant acted in collusion or conspired with A. Warren (i.e. the Motion Clerk) to have the Petition filed without a Rule to show Cause order form being attached so that a Rule

_____

25. Moreover, it is significant to note that although Page 1 (i.e. the proposed order form) show on its face that the Petition was "stamped" filed 09 DEC 2013 04:53 pm by A. Warren, and thus, contrary to A. Warren telling Plaintiff on the telephone that she don't recall whether Defendant shoffel hand delivered the Petition to her for filing, it appear from the face of the order that Defendant did in fact personal ly hand the Petition to A. Warren for filing without a Rule to show Cause attached and A. Warren still accepted it and did not attach a Rule to show Cause order form and issue the Rule as of course on behalf of the court.

would not "issue" and Plaintiff would not be "aware" of the Petition being filed because Defendant did not serve him with a copy of the Petition, thus the Petition would be forwarded to the Court without Plaintiff being given an opportunity to file a response to the Petition, where the face of the Petition Cover Sheet attached hereto show that it was not filed with the Petition when A. Warren filed the Petition (i.e. docketed the Petition), it was filed separate at 30-1061B E-File #1312015803 on 10-DEC-13 09:34:12, without it having the Response Date and Control Number "stamped" on it or a Bar Code sticker placed on it by the filer (i.e. the Motion Clerk) and without a Rule to Show Cause proposed order form even though one was not attached to the Petition at the time A. Warren stamped filed it. Thus, it can be inferred therefrom that although Defendant "intentionally" filed the Petition to Open Judgment "without attaching a Rule to Show Cause", A. Warren agreed to file it without the Rule to Show Cause being attached, however, she advised Defendant that she had to send a "Cover Sheet" for the Petition and therefore Defendant E-filed it the next day to her. See Page 1 (the proposed order) of the

Petition to Open Judgment, Exhibit G, attached hereto (indicating that A. Warren stamped it Filed 09 DEC 2013 04:53 pm, with **no Response Date or Control Number stamped on it** and **without a Bar Code sticker on it**). See also Petition Cover Sheet, Exhibit G, attached hereto (indicating that there is **no Response Date or Control Number stamped on it** and **no Bar Code sticker on it** and at the bottom left hand corner it indicate: **30-106IB E-File # 1312015803** and **10-DEC-13 09:34:12** instead of the date and time stamped on the face of the proposed order as indicated in Footnote 25 herein) and Compare Cover of Motion for Extraordinary Relief, Exhibit J(1), attached hereto (indicating that it was stamped with the Response Date and Control Number and a Bar Code sticker was placed on it the way the Petition Cover Sheet of the Petition to Open Judgment should have been). Consequently, certainly a reasonable jury could find that Defendant's actions (i.e. not serving Plaintiff with a copy of the Petition to Open and not attaching a Rule to Show Cause to the Petition) was "intentional," "fraudulent," "collusive" and/or "conspiratorial" to deny Plaintiff an opportunity to respond to the Petition to Open (i.e. deny him notice of the filing of the

Petition and opportunity to be heard) so that there would be no reason given for the Trial Action judge not to open the default judgments, especially in light of the fact that the Defendant and judge had "a meeting of their minds" at the conference according to Defendant in the petition to open, without Plaintiff being present, and at which time Defendant states the Court advised or informed her that the default judgments was entered. There is nothing to support Defendant's assertion in her motion for summary judgment that her actions was not intentional, fraudulent, collusive, and/or conspiratorial, not to mention that even if there was, then certainly the "City solicitor" was responsible for training and supervising her and therefore is also re- sponsible for Defendant's failure to follow the Rules of Civil Procedure when she failed to attach a "Rule to show cause" "proposed order" to the Petition to make sure that Plaintiff would have notice of his opportunity to be heard and thus show why the Petition should not be granted, es- pecially where Plaintiff has shown a pattern of Defendant's

65

failure to comply with the service requirement of the Rules, thus an amendment to the instant complaint adding the City Solicitor as a defendant would not be futile. _See_ Motion for Summary Judgment at **III**. A. paragraph **4, n.1** (indicating that Defendant does not deny that she was required to attach a Rule to Show Cause to the Petition and that upon the filing of the Petition a Rule to Show Cause Order is to issue as of course by the Motion Court Clerk on behalf of the court), _See also_ **Rule 206.4(C)**. Rule to Show Cause. Issuance as of Course, Form of Order. Stay, **Exhibit A(2)**, attached hereto. Thus, there is no dispute that Defendant did _not_ serve Plaintiff with a copy of the Petition to Open Judgment and attach a proposed order as she was required to do. She merely asserted in her motion for summary judgment that she "_takes no position as to whether a rule to show cause was required to be issued_," even though she knew or should have known that "_she was required to attach a Rule to Show Cause proposed order_" for it to be issued as of course by the Motion Court Clerk upon the filing of the Petition _and_ even though she knew that she did _not_ attach same to the Petition she had filed. _See_ Rule 206.6 **(c)** of Pa. R.C.P.;

Phila. Civ. R. 206.4(c); Petition to Open, attached as Exhibit B to Motion for Summary Judgment (indicating that no Rule to Show Cause proposed order was attached thereto at the time it was filed); Petition to Open, Exhibit C, attached hereto (indicating that no Rule to Show Cause proposed order was attached thereto at the time it was filed); Trial Court Action Docket, attached as Exhibit A to Motion for Summary Judgment (indicating that no Rule to Show Cause Order was issued upon the filing of the Petition to Open or "before" the default judgments was opened). Defendant has not provided any evidence to show that she did serve Plaintiff and attached a Rule to Show Cause proposed order to the Petition. See Deposition, Exhibit F, attached hereto, at Page 6-7 (indicating that Plaintiff testified that he was never served with a copy of the Petition to Open, and that the copy he received from another source "after she filed it" showed that Defendant checked, i.e. marked, the cover sheet where it say Petition (Attach Rule to Show Cause), and she signed the certificate of service, indicating that she attached a Rule to Show Cause and served Plaintiff with a copy of the Petition and Rule, but she did _not_ serve Plaintiff

with the Petition and she did <u>not</u> attach a Rule to Show Cause
proposed order to the Petition she filed that Plaintiff obtained
a copy of). <u>See also</u> Affidavit of Daryl Cook, Exhibit **N** (4),
attached hereto, at paragraph 1 (indicating that Plaintiff verified
that he did not receive a copy of the Petition to Open Judgment
or a **c**opy of the answer to the complaint as of March 16,
2014, and that he believe that the failure to serve him was
"another strategy" to have a judgment of non pros entered
against him" just like when they failed to timely answer the
complaint"). [25] The record also show that Defendant never responded to
his Motion to Compel that he attempted to file or any other documents
plaintiff filed or attempted to file. <u>See</u> Trial Court Action Docket,
Exhibit A, attached to Motion for Summary Judgment. Not only does
Defendant have a history of not filing a timely answer to Plaintiffs
complaint filed in the Trial Court Action, she also have a history
of not filing a timely answer to the complaint in this Honorable

_____

25. Thus far, the record show that Defendant did not serve Plaintiff at his
address of record when she filed preliminary objections on behalf of the
City of Philadelphia and not on behalf of Detective Rodden and Lieutenant Dean,
and that Defendant did not file a timely answer to the complaint on behalf of
Detective Rodden and Lieutenant Dean after they were properly served. <u>See</u>
Trial Court Action Docket Excerpts, Exhibits M(4), (5) and (7), attached hereto
(indicating that Detective Rodden and Lieutenant Dean was served before
Defendant filed the preliminary objections on October 18, 2012 on behalf of the city, and
indicating that Defendant did not serve Plaintiff initially with the original preliminary
objections instead of the amended preliminary objections.

Court in Cook v. City of Philadelphia, et al. at ~~the~~ Civil Action No. 10-1600 in which Plaintiff was awarded a sum of $100.00 as a result of her filing an untimely answer to the complaint. Thus, plaintiff believes that a reasonable jury will find that Defendant's failure to serve him with a copy of the Petition to Open, her failure to attach a proposed Rule to Show Cause Order to the Petition, and her failure to serve Plaintiff with a copy of the complaint and the Motion to Enforce Settlement was "intentional" to "thwart vindication" of his claims, and to deny him an opportunity to show cause why the default judgments should not be opened and to pursue an appeal regarding "all" his claims. See Instant Complaint, Exhibit A(1), attached hereto; Trial Court Action Complaint, Exhibit A, attached to Motion for Summary Judgment. As indicated in Plaintiff's instant complaint, Defendant's actions described therein, and her actions described herein "injured his litigation" in the trial court action as follows:

    3. As a result of Defendant not serving Plaintiff and not attaching a Rule to Show Cause to the Petition to Open, Plaintiff was "kept in the dark" and thus not responsive to the Petition to Open, and him not responding caused the trial court action judge to accept the allegations in the Petition as true and thus allowed the judge to open the default judgments. However, although De-

69

fendant caused Plaintiff _not_ to be able to respond to the Petition
to Open, by _not_ serving him and _not_ attaching a Rule to Show
Cause to the Petition to Open, "_it can be inferred by a reason-_
_able jury_" that Defendant acted in "collusion" and/or in "con-
spiracy" with the trial court action judge "_at the confer-_
_ence among ~~also~~ only them_" on November 4th or 8th, 2013 to
open the default judgments _and_ "induce" Plaintiff to "accept
a small settlement amount of money" to have the case
marked close _and_ "circumvent" the "Amended Complaint" _and_
"Plaintiff's request for release from custody" _and_ to "have
his murder conviction expunged" from his records _and_
_also_ to "circumvent" his "appeal rights," from the trial court
action judge vacating and opening the default judgments
entered against Detective Rodden and Lieutenant Dean,
"_without first affording Plaintiff an opportunity to be heard_"
_by issuing a Rule to Show Cause Order to Plaintiff_ "as of
course" as required by Pennsylvania/Philadelphia Rules of
Civil Procedure, from the trial court judge _not_ mentioning
at the status/settlement conference on January 23, 2015 "_none_"

**70**

of Plaintiff's allegations, issues, assertions in his motions for extraordinary relief regarding him <u>not</u> being served with a copy of the Petition to Open, <u>no</u> rule to show cause order being issued, him <u>not</u> receiving a copy of the order opening the default judgments, <u>not</u> being served with a copy of the answer to the complaint filed on behalf of Detective Rodden and Lieutenant Dean, his documents <u>not</u> being filed, and Defendant <u>not</u> responding to his discovery requests, from <u>not</u> ordering his release from custody and that his murder conviction be expunged as a condition/term of settling as he had requested, from <u>not</u> suggesting to Defendant to give him "a substantial amount of money to settle as he requested," and from when the trial court action judge suggested that Defendant give Plaintiff $2,500.00 to settle the case and then asked Defendant do she have the authority to give Plaintiff the $2,500.00 to settle the case to mark the case closed and Defendant responded "<u>yes, your Honor</u>," even though both Defendant and the trial court action judge knew that Defendant did <u>not</u> have the authority to settle the claims against non-city defendants

and that there was "only" two(2) remaining defendants at the time of the status/settlement conference. Thus, it can also be inferred therefrom, that Defendant "misrepresent-ed" to the trial court action judge that she had the authority to settle "all" claims to reach the object of the conspiracy and thus "*thwart vindication*" of Plaintiff's claims, his **appeal** rights, and to stop him from pursuing the Amended Complaint and his entitlement to the money from the default, judgments. <u>See</u> Transcript of January 23, 2015, Exhibit **K**, attached hereto.[26] <u>See</u> Motion to Strike Settlement and Reinstate Default Judgment, Exhibit **L**, at-tached hereto (indicating that Plaintiff was under the belief and understanding that Detective Rodden and Lieutenant Dean was admitting liability and that the City was going to be withdrawn from the Release and Plaintiff was not served with the petition to open and the motion to enforce settlement and as indicated in his Affidavit attached to his motion, De-

---

26. It can also be inferred that Defendant's intentions was to thwart vindication of his **claims** from her misrepresenting to Plaintiff that he had to release all the City defendants from liability to get the settlement funds after the settlement without making Plaintiff aware at the conference that they was not admitting liability by agreeing to settle, and by misrepresenting to him that the City was withdrawn from the Release but than she threatened him into signing a Release which still included the City of Philadelphia, and thus, caused him not to be able to pursue his Amended Complaint he filed against the City, especially because she filed a motion to enforce without serving Plaintiff.

72

fendant "circumvented" discovery and committed fraud and misrepresentation and her failure to respond to the discovery requests should constitute an admission to same). <u>See</u> <u>also</u> Exhibit K(2), attached hereto (indicating that Plaintiff was told that the City was withdrawn from the Release); Exhibit K(3), attached hereto (indicating that Plaintiff did not wish to release anyone from liability but he would do so for a sum of $1,500.000.00); Exhibit K(5), attached hereto (indicating that Plaintiff was threatened into signing a Release, by Defendant threatening not to make payment and to close the file if Plaintiff do not sign and return the release which did not have the City withdrawn from it as she said she would do previously); Exhibits P, Q, R, and S, attached hereto (indicating that Defendant and the trial court action judge was aware prior to the settlement that Plaintiff was seeking release from custody and to have his murder conviction expunged on "a substantial" amount of money; that Plaintiff had attempted to file a motion (i.e. petition) to strike the Petition to Open because he was not served with a copy of said Petition; that Plaintiff was seeking clarification/confirmation from Judge Allen that the

73

settlement was based on an admission or agreement that the Defendants was liable; he believed that he would be successful in obtaining the default judgments on appeal; he intended to pursue his claims in his Amended Complaint, and that he was seeking a final order to protect his appellate rights). Despite Plaintiff alleging in the instant Complaint that Defendant did *not* have the authority to settle "*all*" claims, as mentioned earlier, she have *no* evidence in her motion for summary judgment to the contrary to support her position that at the most her actions was *not* intentional. *See* Letter of July 19, 2016, Exhibit T, attached hereto (indicating that Defendant did not have the authority to settle claims against unserved defendants, defendants whom she did not enter her appearance on behalf, and defendants whom was not City-defendants).

84. Even if a reasonable jury could find that Defendant's actions was *not* intentional, fraudulent, collusive and/or conspiratorial, her actions still caused Plaintiff's litigation to be injured along with the trial court action judge's actions, and thus caused Plaintiff to be *denied* *due process* which caused the order vacating and opening

74

the default judgments and <u>all</u> subsequent orders and the settlement to be "<u>void</u>," "without legal effect" as violative of Plaintiff's due process rights (i.e. to notice and the opportunity to be heard when Defendant filed the Petition to Open without serving Plaintiff with a copy of same and without attaching a Rule to Show Cause proposed order and without a Rule to show Cause Order being issued to Plaintiff by the Trial Court Action judge, <u>namely</u>, Judge Jacqueline F. Allen, as of course as required by Pennsylvania/Philadelphia Rules of Civil Procedure) as a result of the Trial Court Action record on its face showing that <u>no Rule to Show Cause Order was issued</u> to afford Plaintiff notice of the Petition to Open, and his right to an opportunity to be heard "before" the Trial Court Action judge decided to vacate and open the default judgments and schedule the status conference which led to the "<u>invalid</u>" settlement. However, in light of all the foregoing and the fact that the Order of November 29th, 2012 was not a final appealable order and the Trial Court Action court had corrected its order and placed the case into deferred/appeal status "<u>after</u>" the default judgments was entered, in the event that a Rule to Show Cause Order was properly issued,

there would <u>not</u> have been a valid reason for the Trial Court Action judge to vacate and open the default, judgment**s**, especially in light of the fact that Plaintiff has demonstrated herein with documentary evidence that he had initiated the process of obtaining the default, judgments "before" the Trial Court had entered the "erroneous" November 29th, 2012 Order, thus, the Trial Court did <u>not</u> err in maintaining the status quo of the default judgments when they was entered.[27] Nevertheless, plaintiff was entitled to notice and the opportunity to be heard before the default judgments was opened regardless of the reason why they was opened, and in the event he wasn't, certainly he was entitled to release from custody and to have his murder conviction expunged as a condition/term of the defendants agreeing to settle as he requested and the Trial Court Action judge had the authority to order his release and order that the murder conviction be expunged pursuant to 42 Pa. C.S. § 912, and certainly he was entitled to "a substantial" amount of money to settle all claims against the "only" two (2) remaining defendants, <u>namely</u>, Detective Gregory Rodden and Lieutenant Dean, and certainly he was entitled to adequate notice that he

27. <u>See</u> Exhibit U, attached hereto (indicating the court made an error).

76

would be "waiving" his right to proceed with his Amended Complaint against the City of Philadelphia and his right to file an appeal regarding the matters he wish to complain of on appeal, if he elect to file an appeal. Therefore, the settlement was "arbitrary" and "ambiguous" as violative of due process (i.e. it was unfair and caused plaintiff to be denied a just remedy and his right to appeal, and thus injured his litigation). Accordingly, plaintiff believes he is now entitled to a declaratory judgment, declaring that he have a right to be heard before the default judgments are vacated and opened; he have a right to have a judge in the court of common pleas to issue any writ that any other court of common pleas could issue when he is properly before the court, such writ that justice require; he is entitled to have the default judgments reinstated; the settlement and order opening the default judgments is "void," without legal effect; he is entitled to release from custody and to have his murder conviction expunged because the default judgments "invalidated" his conviction due to his claim that Detective Gregory Rodden forced him to incriminate himself and the statement was used to convict him and Detective Rodden failed to answer the

complaint in the Trial Court Action. Moreover, as a result of the foregoing, Plaintiff believes he is entitled to the damages he demand from Defendant Sheffel in his instant complaint, or that he be allowed to conduct discovery pursuant to this court's order of January 3, 2018 at paragraph 4 (ordering that after Defendant files her motion for summary judgment, the court will schedule a telephone conference to determine what, if any, discovery Plaintiff needs requires to respond to the motion), and thus be allowed to obtain a copy of the conferences transcripts of August 15, 2012, April 16, 2014 and November 4th and/or 8th, 2013, request admissions, interrogatories and production of documents such as the "policy" or "contract" that gave/give Defendant the authority to settle "all claims against non-City defendants and unserved defendants. <u>See Haines v. Kerner</u>, 404 U.S. 519, <u>See also</u> Response to Opposition to Plaintiff's Motion for Appointment of Counsel; Supplemental Motion for Appointment of Counsel and Declaration; <u>Bennett v. United States of America</u>, 798 F. 2d 565, 1986 U.S. App. LEXIS 27841 (2nd Cir. 1986) <u>Curtis Ambulance of Fla., Inc. v. Bd. of County Comm'rs</u>, 811 F. 2d 1371, 1375-76 (10th Cir. 1987)(quoting Perry v. Sindermann, 408 U.S. 593, 601, 92 S. Ct. 2694, 33 L. Ed. 2d

570 (1972); *High Tech Auto Repair, Inc. v. Commonwealth of Pennsylvania Department of Transportation*, 2010 Phila. Ct. Com. Pl. LEXIS 361, 17 Pa. D. & C. 5th 14; *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 2003 U.S. App. LEXIS 4151; *Step Plan Servs. v. Koresko*, 2010 PA Super 232, 12 A.3d 401, 2010 Pa. Super. LEXIS 4615; *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. –, 130 S.Ct. –, 176 L.Ed. 2d 158, 2010 U.S. LEXIS 2750; *Miller v. United States of America*, 530 F. Supp. 611, 1982 U.S. Dist. LEXIS 10427; *see Zeropoli v. Act+s Corporation*, 577 Pa. 138, 842 A.2d 919, 2004 Pa. LEXIS 146, CCH Prod. Liab. Rep. P16,877; *Goble v. S. Klein on the Square*, 430 Pa. 93, 242 A.2d 251, 1968 Pa. LEXIS 675; *Great W. Mineral Co. v. Fox Rothschild LLP*, 615 F. 3d 159, 2010 U.S. App. LEXIS 16210; *Kimes v. Stone*, 84 F. 3d 1121, 1996 U.S. App. LEXIS 11674, 34 Fed. R. Serv 3d (Callaghan) 1603, 96 Cal. Daily Op. Service 3594, 96 Daily Journal DAR 5824; *Cross v. 50th Ward Community Ambulance*, 365 Pa. Super. 74, 528 A.2d 1369, 1987 Pa. Super. LEXIS 8579; *M+P Management, LP v. Williams*, 2006 PA Super 112,

900 A. 2d 871, 2006 Pa. Super. LEXIS 948; _Bank v. Taylor_, 2005 Phila. Ct. Com. Pl. LEXIS 3; _Jordan v. Rothschild_, 20 F.3d 1250, 1994 U.S. App. LEXIS 5974; _Instant Complaint_, Exhibit A(1), attached hereto; _Thomas v. Seaman_, 304 A.2d 134, 137 (Pa. 1973); O'Callaghan v. Weitzman, 436 A. 2d 212, 214 (Pa. Super. Ct. 1981) (quoting Newman v. Conn Exchange Nat'l Bank + Trust Co., 51 A.2d 759, 764 (Pa. 1947)); _Welch v. United States_, 136 S. Ct. 1257, 194 L. Ed. 2d 387, 2016 U.S. LEXIS 2451, 84 U.S.L.W. 4195, 26 Fla. L. Weekly Fed. S 27; _Peoples Nat'l Bank v. Hitchcock_, 278 Pa. Super. 375, 420 A. 2d 589, 1980 Pa. Super. LEXIS 2662; _Darabant v. Atwood Home Builders, Inc._, 281 Pa. Super. 153, 421 A. 2d 1194, 1980 Pa. Super. LEXIS 3523; _Petula v. Mellody_, 588 A.2d 103, 107 (Pa. Commw. 1991); _Wilson v. Donegal Mut. Ins. Co._, 598 A.2d 1310, 1315–16 (Pa. Super. 1991); _CMR D.N. Corp. v. City of Philadelphia_, 703 F. 3d 612, 628 (3d Cir. 2013); _Conliss v. O'Brien_, 200 Fed. Appx. 80, 84 (3nd Cir. 2006) (citing Gruntal + Co., Inc. v. Steinberg, 837 F. supp. 85, 89 (D.N.J. 1993); _In Re: Nicholas A. Mattera_, 2007 Bankr. LEXIS 628; _Raymark, Inc. v. Lai_, 973 F. 2d 1125, 1992 U.S. App. LEXIS 21126, Bankr. L. Rep. (CCH) P74, 914, 23 Bankr. Ct. Dec. 689; _Rossi v. Commonwealth, Pennsylvania State Police_, 100 Pa. Commw. 639, 515 A. 2d 120, 1986 Pa. Commw. LEXIS 2548 (Pa. Commw. Ct. 1986); _Cook v. Pennsylvania Dept. of Agric._ 166 Pa. Commw. 204, 646 A. 2d 598, 1994 Pa. Commw. LEXIS 428 (Pa. Commw. Ct. 1994); _Callahan v. Pennsylvania State Police_, 494 Pa. 461, 431 A. 2d 946, 1981 Pa. LEXIS 874 (Pa. 1981);

*Vichesky v. Boucher*, 162 Pa. Super. *598*, 60 A.2d 381, 1948 Pa. Super. *LEXIS* 298; *JPMorgan Chase Bank v. Malita Realtors, LLC*, 2011 Phila. Ct. Com. Pl. *LEXIS 78*; *Burnett v. Mortg. Elec. Registration Sys., Inc.*, *706* F.3d 1231, 2013 U.S. App. *LEXIS* **2303**; *Plaintiff's Motion in Opposition to Motions to Dismiss of Defendants City of Philadelphia, Allen, and Shoffel* (citing cases and documents in support of his claims/ attached thereto positions); *George v. Mapp*, 2006 Phila. Ct. Com. Pl. *LEXIS* 275; Pa. R. C. P. No. 419(c)(3); *City of Phila. v. FOP Lodge No.5*, 604 Pa. 267, 985 A.2d 1259, 2009 Pa. *LEXIS* 2792 (citing *Logan*; *Butler Bros. v. McColgan*, 315 U.S. 501, 62 S.Ct. 701, 86 L.Ed. 991 (1942); *Saunders v. Shaw*, 244 U.S. 317, 37 S.Ct. 638, 61 L.Ed. 1163 (1917)); *Seeger v. First Union Nat'l Bank*, 2003 PA Super. 417, 836 A. 2d 163, 2003 Pa. Super. *LEXIS* 4011; *P. 237 v. Torgre Limousine Serv.*, 2008 Phila. Ct. Com. Pl. *LEXIS* 58; *Laverty v. Vannarsdale*, 65 Pa. 507, 1870 Pa. *LEXIS* 264 (May 12, 1870); *Buyanowsky v. Capital Area Intermediate Unit*, 215 F. 3d 396, 407 (3d Cir. 2000); *In re Lewis*, 4**78** B.R. 645 (a misrepresentation is material if it is of such character that if it had not been misrepresented, the transaction would not have been consummated). Here, Defendant made *"a deliberate decision"* *not* to defend Detective

Gregory Rodden **and** Lieutenant Dean and then she made a deliberate decision <u>not</u> to serve Plaintiff with a copy of their Petition to Open Judgment (ie. the default judgments) and <u>not</u> to attach a Rule to Show Cause proposed Order form to the Petition and <u>not</u> to attach their answer to the complaint to the Petition and <u>not</u> to serve Plaintiff with a copy of their answer to the complaint when she filed it and"most" <u>damaging</u> to Plaintiff's default judgments (and i.e. the $4,875,000.00 that Plaintiff was entitled to from the default judgments) Defendant Shoffel deliberately "<u>misrepresented</u>" to the Trial Court Action judge, <u>namely</u>, Judge Allen, that she **had** served Plaintiff with a copy of the Petition to Open Judgment and thus made it appear to the judge that Plaintiff elected not to file a response to the Petition and that, along with the fact that the face of the Trial Court record show that no Rule to Show Cause Order was issued, caused Plaintiff <u>not</u> to be afforded notice of the filing of the Petition to Open and an

82

opportunity to be heard before the Petition to Open Judgment was forwarded to Judge Allen "after" the "Response Date" for a decision, and consequently, Judge Allen issued an Order vacating and opening the default judgments without Plaintiff being attended notice of the Petition and an opportunity to be heard, in violation of his due process rights under the 14th Amendment to the United States Constitution. However, although Plaintiff believes that it can be inferred from the foregoing thus far that Defendant did not act "alone" in causing Plaintiff to be deprived of the $4,875,000.00 (i.e. the default judgments) without due process of law, if it turn out on trial that only she was concerned, Plaintiff may still recover, the same as if she had been sued alone.[28] Laverty v. Varrarsdale, 65 Pa. 507, 1870 Pa. LEXIS 264. The conspiracy or combination is nothing, so far as sustaining the action goes, the foundation of it being the actual damage

---

28. Plaintiff sued the City of Philadelphia, the Motion Clerk, and the Trial Court Action judge, namely, Jacqueline F. Allen with the Defendant herein and the City and Judge was dismissed from the instant complaint. However, Plaintiff alleges in his complaint that Defendant acted in collusion and/or conspiracy with the rest of the defendants who are named in the complaint.

done to the party. <u>Hutchins v. Hutchins</u>, 7 Hill 104; <u>Jones v. Baker</u>, 7 Con. 445. Yet still, as indicated herein, although Defendant injured his litigation by causing the Trial Court Action judge to have a reason to "<u>rely</u>" on Defendant's reasons in her petition to open the default judgments, and thereby open the default judgments, by Defendant misrepresenting, to the judge, in her "Certificate of Service" attached to the petition, that she had served Plaintiff with a copy of the petition, discovery will show what transpined between Defendant and the judge at the conference held among them on November 4th and/or 8th, 2013 and whether they colluded or conspired with each other to have the default judgments opened and/or whether or not the judge "<u>relied</u>" on the arguments of Defendant in the petition to open as a result of Plaintiff not filing a response to the petition. In re Lewis (a misrepresentation is material if it is ~~such~~ of such character that if it had not been misrepresented, the transaction would not have been consummated). Here, if Defendant did not certify that she served Plaintiff with a

copy of the petition to open judgment or if she did not file the petition without serving Plaintiff, the Trial ~~action~~ Court Action judge would not have been able to make a decision to open the judgments. Nevertheless, Defendant committed fraud upon the Trial Court by "misrepresenting" that she served Plaintiff with a copy of the petition or the Trial Court Action judge had _already_ advised Defendant that she would open the default judgments when or if Defendant file a petition to open the judgments. Also, discovery will show why Plaintiff's documents was not filed/docketed and who was responsible for docketing and/or not docketing his documents, and why Defendant's petition to open judgment was filed (i.e. docketed) and/or addressed by the Trial Court Action judge without first requiring Defendant to attach a rule to show cause order form to the petition or without the motion clerk (i.e. whoever actually filed/ docketed the petition) attaching a rule to show cause order form to the petition and/or without a rule to show cause order being issued as of course by the motion court clerk (i.e. the motion clerk) or the

85

Trial Court Action judge as required by the Pennsylvania/
Philadelphia Rules of Civil Procedure. Moreover, discovery
will show whether the City was aware of Defendant's
actions/inactions and gave Defendant authority to
settle all claims against all defendants and whether
the Trial ~~Motion~~ Court Action judge was or should have
been aware of same, and last but not least, whether
the Trial Court Action judge had the power to release
Plaintiff from custody and expunge his murder con-
viction pursuant to 42 Pa.C.S. § 9.12 as a consider-
ation for defendants agreeing to settle, more specific,
based on Plaintiff's conviction being "unconstitutional"
as a result of one of the defendants who agreed
to settle causing Plaintiff to self-incriminate himself by
beating, choking and threatening him into signing a self-
incriminating statement which was the sole evidence
used at his murder trial to convict him, thus the
settlement "_invalidated_" Plaintiff's murder conviction,
however, the Trial Court Action judge denied Plaintiff due
process of law by "arbitrarily" _not_ considering the fact

86

that she had the power to issue a writ ordering his
release and that his murder conviction be expunged.[29]
42 Pa. C.S. § 912. Contrary to the Trial Court Action judge's
power to issue a writ ordering Plaintiff's release from
custody and that his murder conviction be expunged,
she "misrepresented" to Plaintiff that it was impossible
for her to release him even if he were innocent, despite
the fact that he alleged that Detective Redden assaulted
him and forced him to self-incriminate himself and the
detective was willing/agreeing to settle the claims
against him and Plaintiff had also sought habeas cor-
pus relief in his Trial Court Action complaint. See Trial
Court Action Complaint, Exhibit A, at paragraphs 1, 3, and 28,
attached to Motion for Summary Judgment; Instant
Complaint, Exhibit A (1), at paragraph 17, attached hereto;
Motion to Strike Settlement and Reinstate Default Judgment

29. It is significant to note that at the time of the settlement in open
court, Plaintiff was not aware of the fact that because of the "fatal" defect
on the face of the Trial Court Action record (i.e. that no rule to show cause
order was issued as of course upon the filing of the petition to open
the default judgments) and Plaintiff was not afforded an opportunity to be
heard before the default judgments was opened, the order opening the de-
fault judgments was "void", thus there were actually no defendants before
the court to settle because Plaintiff was still entitled to the default judgments.
87

at Page 5, Exhibit L, attached hereto (indicating that the Trial Court Action judge stated that she did not have the power to release Plaintiff because his case was civil not criminal, and that she still did not release him and expunge his murder conviction" after "he pointed out to her in his motion the power she had to grant him the equitable relief he requested as part of the settlement, and i.e, he pointed out that she had the power because as of July 1, 2004, under new consolidated civil action, there is no "law side" or "equity side" to a court but simply "the court" which is empowered to grant appropriate relief whether legal or equitable — Pa. Supreme Court, No. 402 Civil Procedural Rules Docket No. 5, In re: Consolidation of the Action in Equity with the Civil Action: Order, Rule and Explanatory Comment (December 16, 2003)); Status Conference of January 23, 2015 Transcript at Pages 5-11, Exhibit K, attached hereto. Consequently, as indicated herein and in the instant complaint, Plaintiff believes that it can be inferred by a reasonable jury from the Trial Court Action judge's actions described herein, that she had colluded or conspired with Defendant to open the default judgments and induce Plaintiff

88

to settle for a small amount of money and have the case
marked close to "circumvent" Plaintiff's Amended Com-
plaint against the City of Philadelphia and to "thwart"
vindication of his claims on appeal by also "circumvent-
ing" his right to appeal, by inducing him to accept a total
settlement agreement without informing him what it con-
sisted of. Thus, all the named Defendants in the
instant complaint had injured Plaintiff's litigation as
described in his complaint and herein, and Defend-
ant's motion for summary judgment is **not** supported to
show that the Order of January 6, 2014 vacating/opening
the default judgments entered against Detective
Gregory Rodden and Lieutenant Dean is not "_VOID_",
without legal effect as violative of due process,
and that she did not "intentionally" file the Petition
to Open Judgment without attaching a Rule to show
Cause Order **Form** thereto and without serving
Plaintiff with a copy of the Petition, and nor
did she show that she did not "intentionally" not

89

serve Plaintiff with a copy of the answer to the complaint and "misrepresent" that she had the authority to settle "*all*" claims in the lawsuit (i.e. against the unserved and non-City defendants), and in light of the foregoing facts and caselaw in support of Plaintiff's claims and positions, Defendant's arguments lack merit. *See* Instant Complaint, Exhibit A(1), at paragraph 22, attached hereto; Motion for Summary Judgment; *Kimes v. Stone*, 84 F.3d 1121 (9th Cir. 1996); *Hopkins v. Hagenbuch*, 1970 Pa. Dist. & Cnty. Dec. LEXIS 94, 50 Pa. D. & C.2d 531; *Baum v. Allstate Insurance Company*, 1966 Pa. Dist. & Cnty. Dec. LEXIS 143, 40 Pa. D. & C.2d 315; *Vogt v. Liberty Mutual Fire Insurance Company*, 2006 PA Super 124, 900 A.2d 912, 2006 Pa. Super. LEXIS 989 (indicating that the procedures mandated for petition practice under the Rules, provide sufficient safeguards to protect one's constitutional right to notice and an opportunity to be heard. Pa.R.C.P. 206.2 provides for answers to be filed to petitions. Implicit in Rule 206.2 is that the respondent be given notice of the petition so as to be able to respond in an answer). Here, Plaintiff was denied notice and an opportunity to be heard as a result of Defendant's actions

90

when she "deliberately" did _not_ serve Plaintiff with a copy of the Petition to Open Judgment and "deliberately" did _not_ attach a Rule to Show Cause Order form to the Petition and she colluded or conspired with the Motion Clerk and/or the Trial Court Action Judge so that the Petition will be filed and granted without Plaintiff being issued a Rule to Show Cause Order as of course as required by the Rules, and so that Plaintiff could be induced to settle in order for Plaintiff's claims and his right to appeal could be circumvented. _See_ Motion for Leave to File Amended/ Supplemental Complaint (indicating the amended complaint circumvented by Defendant as a result of her misrepresenting to Plaintiff that she had withdrew the City from the Release and as a result of her misrepresenting that she had authority to settle all claims and thus caused Plaintiff not to be able to proceed with the amended complaint or file an appeal).[30] attached hereto.

WHEREFORE, for the foregoing reasons, Plaintiff pray for an Order denying Defendant's motion for summary judgment and granting him the relief requested herein or such other relief deemed just, equitable, and proper.

Date: December 6, 2018

Respectfully submitted,

Daryl Cook

DARYL COOK, Pro se Plaintiff

---

30. Defendant injured Plaintiff's litigation by causing the default judgments to be opened unconstitutionally and thus causing the status conference of January 23, 2015 to be scheduled even though the order of January 6, 2014 opening the default judgments was/is void as violative of due process. Voot, _Supra_; Exhibit R(1), attached hereto. Defendant's actions herein constitute "Extrinsic Fraud" at the least. Haines, _Supra_.