IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARYL COOK,<br>    **Plaintiff,** | :<br>:<br>: |
| v. | : |
| CITY OF PHILADELPHIA, et al.,<br>    **Defendants.** | :  CIVIL ACTION<br>:  NO. 17-0331<br>: |

### RESPONSE OF DEFENDANT, AMANDA C. SHOFFEL, ESQ., TO RULE TO SHOW CAUSE

Defendant, Amanda C. Shoffel, Esq. ("Attorney Shoffel"), by and through her attorneys, hereby responds to the Court's Rule to Show Cause, issued April 11, 2019 [Dkt. 64], as to why Plaintiff's claims should not be dismissed for either lack of subject matter jurisdiction under Rooker-Feldman doctrine or for being precluded by res judicata or collateral estoppel. Attorney Shoffel asserts, for the reasons set out more fully below, that Plaintiff's claims should be dismissed for both lack of subject matter jurisdiction under the Rooker-Feldman doctrine and as being precluded by collateral estoppel.

On April 4, 2018, Attorney Shoffel filed a motion for summary judgment (the "Motion") [Dkt. 50]. Attorney Shoffel adopts and incorporates the factual allegations and references to the record outlined in the motion as herein.

### I.  FACTUAL BACKGROUND

  **A.**  **Court of Common Pleas Action.**

On July 13, 2010, *pro se* plaintiff Daryl Cook, Jr. ("Plaintiff") was found guilty of murder in the third degree. CP-51-CR-0010093-2008.

On May 4, 2012, Plaintiff filed a lawsuit in the Philadelphia Court of Common Pleas alleging claims against the City of Philadelphia (the "City"), as well as Lieutenant Dean ("Lt. Dean") and Detective Gregory Rodden ("Det. Rodden") (the "Trial Court Action"). Trial Court Action Docket, attached as Exhibit A. In the Trial Court Action, Plaintiff alleged that his constitutional rights were violated on June 6, 2008 when he was tortured and threatened, causing him to sign a self-incriminating statement that contributed to Plaintiff's murder conviction. *See id.*

On November 30, 2012, the City's preliminary objections in the Trial Court Action were granted, and the City was dismissed from the litigation (the "Dismissal Order"). *Id.*. On March 14, 2013, Defendant filed praecipes for default against defendants Lt. Dean and Det. Rodden. *Id.* A settlement conference was held on November 8, 2013. *Id.* At this conference, Attorney Shoffel, counsel for Lt. Dean and Det. Rodden, was informed that a default had been entered as to them. Trial Court Action Petition to Open ("Petition to Open"), attached as Exhibit B, at ¶11. Plaintiff did not participate in the settlement conference. Deposition of Daryl Cook ("Cook Dep."), attached as Exhibit C, at 30:18-31:2.

On December 9, 2013, Attorney Shoffel filed a petition to open judgment as to Defendants Lt.Dean and Det. Rodden on the grounds that: (1) Plaintiff failed to properly serve the Complaint for Det. Rodden and Lt. Dean on the City, pursuant to Pennsylvania Rule of Civil Procedure 1018, because Plaintiff's attempted service of process and notice of default were sent to the county prison, and not the address for the City; (2) the Trial Court lacked jurisdiction to enter the defaults following Plaintiff's appeal of the Dismissal Order; and (3) the Defendants had a legitimate excuse as the Trial Court entered an order dismissing all claims in Plaintiff's Trial Court Complaint. *See generally*, Petition to Open. The Trial Court granted the Petition to Open

as to Lt. Dean and Det. Rodden on January 7, 2014. *See* Trial Court Action Docket. Subsequently, Plaintiff filed a series of motions requesting the Court to vacate the opening of the judgment.

First, on June 19, 2014, Plaintiff filed a motion for extraordinary relief requesting, among other things, that the trial court strike the order opening judgment as to Lt. Dean and Det. Rodden on the grounds that Attorney Shoffel had never served Plaintiff with a copy of the Petition to Open (the "June 19 Motion"). June 19 Motion attached as Exhibit D, at p.4-5. Then, on July 22, 2014, Plaintiff filed a separate motion for extraordinary relief in the nature of a motion for default judgment or in the alternative, a motion for judgment on the pleadings, requesting the Court to rule on the June 19 Motion prior to the upcoming status conference (the "July 22 Motion"). July 22 Motion, attached as Exhibit E. The Trial Court denied the motion for extraordinary relif on October 29, 2014 ("October 29 Order"). *See* Trial Court Action Docket. Next, on November 19, 2014, Plaintiff filed a motion for reconsideration of the Court's October 29 Order on the basis that the order failed to technically address the original June 19 Motion (the "Motion for Reconsideration"). Motion for Reconsideration, attached as Exhibit F. The Trial Court denied the Motion for Reconsideration on December 10, 2014. *See* Trial Court Action Docket.

In addition to the multiple filings, Plaintiff also had a conference with the Trial Court Action judge and Attorney Shoffel at some point after January 6, 2014 but before Januray 23, 2015 during which he was able to personally inform the Trial Court Action judge that he had never received a copy of the Petition to Open Judgment. Cook Dep. at 19:10-12, 20:13-24. It is therefore undisupted that the Trial Court Action judge was aware of the same factual allegations

Plaintiff makes today concerning Attorney Shoffel's alleged failure to serve Plaintiff with a copy of the Petition to Open Judgment prior to January 23, 2015. *Id.*

On December 3, 2014, the Court ordered the parties to attend a settlement conference on January 23, 2015 (the "Settlement Conference"). *Id.* At the Settlement Conference, Attorney Shoffel explained to the Court that as part of the settlement, Plaintiff wanted "to be released from prison and [to] have [his] murder conviction expunged." Transcript of January 23, 2015 Settlement Conference ("Settlement Conference Transcript"), attached as Exhibit G, at 5:7-12. Attorney Shoffel explained to Plaintiff that "that is relief that the City is unable to provide." *Id.* at 5:13-14.

When Plaintiff persisted in requesting that as part of the settlement his conviction expunged and that he be released from prison, the Court similarly stated that this was not possible:

> THE COURT: All right. Let me try to explain this to you, Mr. Cook. There's a real difference between civil litigation and criminal litigation.
>
> To my understanding based on what I've heard you said [sic] and the City attorney, the request that in the context of this civil litigation that she [sic] of record expunge and that you be released that's impossible. This is not a possible remedy for this civil law suit you filed. . . .
>
> So that I am as clear as I can be I am saying to you that even if in fact you are an innocent man, wrongly convicted of murder, there is no way to readdress that issue within the context of a civil lawsuit you filed here relating to an assault and battery by city police officers.

*Id.* at 9:25-11:9.

When Plaintiff persisted, the Court reiterated:

> THE COURT: Exactly. You and I agree that that's what the law says. That you can be compensated for any assault upon your person while in police custody that's made out, and what

>we're now here talking about is an assumption that you made out for purposes of settlement conference negotiations that case [sic].
>
>That has nothing, and cannot every [sic] have anything to do with whether or not you could be released from the criminal conviction.

*Id.* at 11:24-12:8.

Subsequently, the Attorney Shoffel offered, and Plaintiff accepted, $2,500 in exchange for a ***total settlement*** of the civil lawsuit:

>THE COURT: You have the authority today to offer him $2,500.00 to settle this civil lawsuit?
>
>MS. SHOFFEL: Yes, Your Honor.
>
>THE COURT: Mr. Cook, I hear that she has $2,500.00 to offer you a total settlement of this civil lawsuit. Do you accept it.
>
>MR. COOK: Yes, Your Honor.
>
>THE COURT: I will then mark this case settled . . . .

*Id.* at 14:5-14.

The case was marked as settled on January 26, 2015. *See* Trial Court Action Docket.

At some point after the Settlement Conference, Plaintiff came to believe that Attorney Shoffel had been required to issue a rule to show cause along with the Petition to Open Judgment, and that she had not done this. Cook Dep. at 21:13-22. Plaintiff believed that this failure to issue a rule to show cause voided the settlement. Cook Dep. at 21:23-22:9.

Attorney Shoffel filed a motion to enforce settlement on April 14, 2015. *See* Trial Court Action Docket. This motion was granted on May 13, 2015. *Id.* On May 29, 2015, the parties executed a settlement agreement (the "Settlement Agreement"). Settlement Agreement, attached as Exhibit H. The Settlement Agreement clearly states that "[i]t is further understood that

acceptance of this release and payment of the consideration herein named is not to be construed in any court whatsoever, or otherwise, as an admission of liability . . ." *Id.*

Plaintiff subsequently stated during his deposition relating to the herein case that when he signed the Settlement Agreement, he was "frustrated" because he felt that the Trial Court Action judge was "denying all my motions" and "just wanted to throw the case out or something," so Plaintiff "believed that it was in [his] best interest to settle" and he "gave in." Cook Dep. at 28:23-29:10.

Plaintiff further testified that he entered into the Settlement Agreement on the belief that he was "going to settle [the Trial Court Action] and appeal it later and see what the Court – the Appellate Court said about me never being issued a rule to show cause." *Id.* at 11:18-21. Plaintiff believed that as a result of the failure to issue a rule to show cause that "the judgment became void." *Id.* at 11:21-22. Plaintiff did not understand at the time he entered into the Settlement Agreement that he was waiving his right to appeal from the Settlement Agreement. *Id.* at 12:3-13. Nor did Plaintiff understand that he was settling the case as to all defendants, Cook Dep. at 14:14-22, despite the Trial Court Action judge stating that it was a "total settlement" and that she was "mark[ing] the case as settled." Settlement Conference Transcript at 14:5-14.

On September 4, 2015, Plaintiff filed a motion to strike the Settlement Agreement, and to reinstate the default judgments as to Det. Rodden and Lt. Dean, raising effectively the same issues raised in the present case ("Motion to Strike"). Motion to Strike, attached as Exhibit I. Specifically, Plaintiff asserted that he was "under duress" when he agreed to settle and believed that Det. Rodden and Lt. Dean "were admitting liability, and that the settlement was only as to Det. Rodden and Lt. Dean, and not any other defendants." *Id.* at pp. 1-2.

The Trial Court denied the Motion to Strike on October 13, 2015. *See* Trial Court Action Docket. On October 23, 2015, Plaintiff appealed the denial of the motion to the Commonwealth Court. *Id.* The Commonwealth Court affirmed the Trial Court's decision on December 1, 2016. *Id.* Over a year later, on March 10, 2017, Plaintiff filed a petition for allowance of appeal to the Supreme Court. *Id.* On August 28, 2017, the Supreme Court denied Plaintiff's Petition for Allowance of Appeal. *Id.*

### B. Federal Court Action.

Plaintiff filed the complaint in the herein federal court action on April 6, 2017 (the "Federal Complaint"). In this present action, Plaintiff seeks a declaratory judgment stating that Defendants' actions were unconstitutional, and asks this Court to void the settlement agreement as violative of due process. Complaint at ¶26. Further, Plaintiff seeks to enjoin enforcement of the state proceedings and reinstatement of the default judgments, as well as an expungement of Plaintiff's murder conviction. *Id.* at ¶27.

### C. Claims Against Attorney Shoffel.

Based upon the foregoing, Plaintiff has asserted several claims against Attorney Shoffel. First, Plaintiff has asserted claims for fraud seeking to vacate the Settlement Agreement based upon Attorney Shoffel's alleged failure to actually serve Plaintiff with a copy of the Petition to Open Judgment, despite filing a Certificate of Service along with the Petition stating that a copy had been mailed to him. Cook Dep. at 6:20-7:3. Further, Plaintiff alleges that Attorney Shoffel failed to attach a rule to show cause to the Petition to Open. *Id.* at 6:7-14.

Second, Plaintiff asserts a claim against Attorney Shoffel for violation of due process based upon the same facts. *Id.* at 9:21-24.

Finally, Plaintiff also alleges that Attorney Shoffel was colluding or conspiring with the Trial Court Action judge to have the default judgment opened and/or the Trial Court Action motions clerk to prevent Plaintiff's motions from being filed. Cook Dep. at 31:6-16.

All claims should be dismissed as to Attorney Shoffel as the Court lacks subject matter jurisdiction pursuant to the Rooker-Feldman Doctrine and the claims are barred by collateral estoppel.

## II. LEGAL ARGUMENT

### A. This Court Lacks Subject Matter Jurisdiction to Hear Plaintiff's Claim Pursuant to The *Rooker-Feldman* Doctrine.

This Cout lacks subject matter jursidcition to hear Plaintiff's claims against Attorney Shoffel to strike the Settlement Agreement and to reinstate the default judgments pursuant to the *Rooker-Feldman* doctrine as the claims are in the nature of appellate review of the Trial Court Action judge's decisions. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Under the *Rooker-Feldman* doctrine, a district court lacks jurisdiction when the requested relief requires the court to determine that a state court's decision was incorrect. *See Desi's Pizza, Inc. v. City of Wilkes Barre,* 321 F.3d 411, 419 (3d Cir. 2003); *Smith v. Thomas Jefferson Univ. Hosp.*, No. 08-cv-2478, Dkt. 15 (E.D. Pa. July 3, 2008), ¶6.

In *Smith*, this Court addressed a nearly analogous fact pattern and determined that the underlying claims were barred by the *Rooker-Feldman* doctrine. There, appellants brought a claim against appellees in the Philadelphia Court of Common Pleas. The parties ultimately reached a settlement agreement, but appellants subsequently refused to execute the finalized agreement citing newly discovered information. The Trial Court judge, Judge Jacqueline Allen ("Judge Allen"), enforced the agreement and instructed appellants to comply with its terms.

Appellants then filed a *pro se* complaint in this Court concerning Judge Allen's enforcement of the settlement agreement. Judge Norma L. Shapiro determined that this Court lacked jurisdiction under the *Rooker-Feldman* doctrine, requiring any appeal of the decision to be taken to the Pennsylvania Appellate Court. *Id.*, at ¶6. The Third Circuit affirmed, holding that "insofar as the [appellant's] complaint sought review of the state court's ruling on the settlement agreement, the District Court properly held that it falls squarely within the class of actions prohibited by the *Rooker-Feldman* doctrine." *Smith v. Thomas Jefferson Univ. Hosp.*, No. 08-3238, 2009 WL 323281, at *1 (3d Cir. Feb. 11, 2009) (citing *Desi's Pizza, Inc.,* 321 F.3d at 419).

As in *Smith*, here, Plaintiff is asking this court to review the Trial Court's orders in opening the default judgments and enforcing the Settlement Agreement. Such a request "falls squarely" within the *Rooker-Feldman* doctrine, and therefore this Court lacks jurisdiction to make such a determination. Plaintiff has already appealed the Trial Court Action judge's order to the Commonwealth Court of Pennsylvania, which affirmed the ruling. *See Cook v. City of Philadelphia, et al.*, 2304 CD 2015, attached as Exhibit J. Subsequently, the Supreme Court of Pennsylvania denied allowance of appeal. *Id.* This Court should not disturb the state courts' rulings on this issue.

This Court lacks subject matter jurisdiction to hear Plaintiff's claims as to Attorney Shoffel pursuant to the *Rooker-Feldman* Doctrine and they should be dismissed. *See Smith*, No. 08-cv-2478, Dkt. 15 (E.D. Pa. July 3, 2008), ¶6.

    **B.**    **Plaintiff's Claim Against Attorney Shoffel Are Barred By Issue Preclusion.**

Plaintiff's claims against Attorney Shoffel are barred by collateral estoppel. The Third Circuit has described collateral estoppel as follows:

> "[O]nce a court has decided an issue of fact of law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of

> action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also* Restatement (Second) of Judgments § 27 (1982). This doctrine is known as issue preclusion, or more traditionally, as collateral estoppel. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984). Issue preclusion is based upon the policy that "a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise." *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991); *see also* 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4416 (1981) ("later courts should honor the first actual decision of a matter that has been actually litigated"). The doctrine of issue preclusion reduces the costs of multiple lawsuits, facilitates judicial consistency, conserves judicial resources, and "encourage[s] reliance on adjudication." *Allen*, 449 U.S. at 94.

*Dici v. Commonwealth of Pennsylvania*, 91 F.3d 542, 547 (3d Cir. 1996).

A federal court examining the preclusive effect of a state court judgment should turn to the Federal Full Faith and Credit Act:

> Such Acts, records and judicial proceedings ... shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738 (1994).

Under section 1738, a federal court adjudicating a section 1983 suit must give a prior state judgment the same effect as would the adjudicating state. *Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988) (citing *Davis v. United States Steel Supply*, 688 F.2d 166, 170 (3d Cir.1982) (*in banc*), *cert. denied*, 460 U.S. 1014 (1983)). The United States Supreme Court has recognized that collateral estoppel broadly applies to section 1983 claims. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Ingram v. Lupas*, No. CIV.A.09-1688, 2009 WL 4048786, at *2 (3d Cir. Nov. 24, 2009) (noting that "[i]t is well established that principles of collateral estoppel are fully applicable to civil rights actions brought under § 1983."). The preclusive effect of a prior state court judgment under collateral estoppel is generally governed by state law, so Pennsylvania law applies here. *Gregory*, 843 F.2d at 116.

In Pennsylvania, collateral estoppel applies when there exists the concurrence of four conditions: "First, the issue determined in the prior action is identical to that presented in the subsequent action; second, the previous judgment is final on the merits; third, the party against whom the defense is invoked was a party or in privity with a party in the first action; and fourth, the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue on its merits in the prior action." *Bortz v. W.C.A.B.*, 683 A.2d 259, 261 (Pa. 1996) (quoting *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995)); *Shaffer v. Smith*, 673 A.2d 872, 874 (Pa. 1996).

Each of the four above-referenced elements is present in this case as to Attorney Shoffel. As to the first element, the issues of whether the Settlement Agreement is valid and enforceable despite the fact that Attorney Shoffel allegedly failed to serve Plaintiff with a copy of the Petition to Open Judgment, allegedly failed to attach a rule to show cause to the Petition to Open Judgment, and the clerk's alleged failure to docket Plaintiff's motion were litigated in the Trial Court Action. *See* June 19 Motion, at pp.4-5; Motion to Strike, at pp. 1-3.

Here, Plaintiff's claims against Attorney Shoffel are identical – that the Settmenet Agreement should be deemed void because Attorney Shoffel she failed to actually serve Plaintiff with a copy of the Petition to Open Judgment, that she failed to attach a rule to show cause to the Petition to Open judgment, and that by doing so she colluded or conspired with the Trial Court Action judge to have the default judgment opened and/or colluded or conspired with the Trial Court Action motion clerk to prevent Plaintiff's motions from being filed. *See generally*, Complaint [Dkt. 6].

In other words, the Trial Court Action judge was made aware of the same allegations asserted by Plaintiff as in this case when ruling on the June 19 Motion and the Motion to Strike.

Similarly, the Commonwealth Court and Supreme Court were provided the Trial Court Action record in reaching their respective decisions as to Plaintiff's appeal. The Trial Court Action judge still found that the Settlement Agreement was valid and enforceable, and still declined to reinstate the default judgment against the Trial Court Action defendants.

As to the second element, a decision as to whether the Settlement Agreement is valid and enforceable was reached on the merits in the Trial Court Action, and Plaintiff has had the opportunity to appeal this issue. After the Settlement Conference on January 23, 2015, Plaintiff refused to execute the Settlement Agreement. Attorney Shoffel filed the Motion to Enforce, and the motion was granted on May 13, 2015. *See* Trial Court Action Docket. On May 29, 2015, Plaintiff and the City entered into a Settlement Agreement in the Trial Court Action. Plaintiff subsequently filed a Motion to Strike the Settlement Agreement on Septmeber 4, 2015, which was denied by the Trial Court on October 13, 2015. *Id.* This was appealed to the Commonwealth Court. *Id.* On February 22, 2016, the Trial Court Action judge issued a four-page memorandum opinion pursuant to Pa.R.A.P. 1925(b) explaining the basis for her denial of Plaintiff's motion ("Memorandum Opinion"). Memorandum Opinion, attached as Exhibit K. The Commonwealth Court affirmed the Trial Court's denial of Plaintiff's Motioni to Strike on December 1, 2016. *See* Trial Court Action Docket. On August 28, 2017, the Supreme Court of Pennsyvlania denied Plaintiff's Petition for Allowance of Appeal. *Id.*

The third element is satisfied because Plaintiff was the plaintiff in the Trial Court Action and is the plaintiff in the present action. Finally, the fourth element is satisfied because the Plaintiff had a full and fiar opportunity to litigate the issue on the merits. As discussed above, Plaintiff had the opportunity to file a Motion to Strike the Settlement Agreement, and to appeal the denial of the motion all the way to the Supreme Court of Pennsylvania.

Issue preclusion thus bars Plaintiff's claims againt Attorney Shoffel in the present case, and all claims as to Attorney Shoffel should be dismissed.

### III.   CONCLUSION

For the foregoing reasons, Attorney Shoffel respectfully requests that this Court dismiss all remaining claims for lack of subject matter jurisdiction and/or as being precluded under collateral estoppel.

Date: May 17, 2019								Respectfully submitted,

								*/s/* Meghan E. Claiborne_____
								Meghan E. Claiborne, Esquire
								Deputy City Solicitor
								Pa. Attorney ID No. 315918
								City of Philadelphia Law Department
								1515 Arch Street, 14th Floor
								Philadelphia, PA 19102
								(215) 683-5447
								meghan.claiborne@phila.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARYL COOK,          Plaintiff, : | |
| : | |
| v. : | |
| : | |
| CITY OF PHILADELPHIA, et al., : | CIVIL ACTION |
|               Defendants. : | NO. 17-0331 |
| : | |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer to Rule to Show Cause of Defendant, Amanda Shoffel, Esq., has been filed on ECF and is available for viewing and downloading.

In addition, I certify that I have caused a copy to be served via first class mail on the following:

> Daryl Cook
> JR-8653
> SCI-Coal Township
> 1 Kelley Drive
> Coal Township, PA 17866
> *Pro Se Plaintiff*
>
> A. Taylor Williams
> Administrative Office of PA Courts
> 1515 Market Street
> Philadelphia, PA  19102
> *Attorney for Defendant*
> *The Honorable Jacqueline F. Allen*

Date: May 17, 2019                        */s/* Meghan E. Claiborne
                                                         Meghan E. Claiborne
                                                         Deputy City Solicitor