IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FILED**

JUN 2 6 2019

KATE BARKMAN, Clerk
By_____Dep. Clerk

DARYL COOK,

      Plaintiff,

    v.

CITY OF PHILADELPHIA, et al.,

      Defendants.

CIVIL ACTION

NO. 17-00331

(THE HONORABLE EDUARDO C.
ROBRENO)



RECEIVED
JUN 2 6 2019

## PLAINTIFF'S RESPONSE TO RULE TO SHOW CAUSE

## ORDER OF THE 17TH DAY OF JUNE, 2019

    Pursuant to this Honorable Court's order of June 17, 2019 (ordering that "Plaintiff shall file a written response to the Rule to Show Cause (ECF No. 64) by no later than July 22, 2019"), Plaintiff, _pro se_, hereby respectfully respond to the Rule to Show Cause, and thus respectfully request this Honorable Court to allow him to conduct the discovery taken under advisement on March 27, 2019, to demonstrate that he is entitled to judgment on the pleadings or entitled to trial on the issues triable by jury or entitled to file an amended complaint, for the following reasons:

1

1. Plaintiff's claims should not be dismissed for either lack of subject matter jurisdiction under _Rooker-Feldman_ doctrine or for being precluded by _res judicata_ or collateral estoppel, because Plaintiff alleges a conspiracy and/or collusion among Defendants Amanda C. Shoffel (a Deputy City Solicitor), City of Philadelphia (City Solicitor), Motion Clerk (Motion Court Clerk) and Jacqueline F. Allen (the state-court judge) to deny Plaintiff meaningful access to the courts, his right of appeal, and deprive him of his property, i.e. $4,875.000 (four million, eight and hundred, seventy-five thousand dollars) that he was entitled to from the default judgments entered in his favor in the state-court, and also deprive him of his liberty (i.e. his freedom he was entitled to as a result of the default judgments and/or settlement of the claim of assault and battery against the Homicide detective, _namely_, Gregory Rodden, who Plaintiff alleged beat, threatened, and choked Plaintiff into signing a self-incriminating statement which was used to convict

Plaintiff of third degree murder and sentence him to 20 to 40 years of incarceration), by denying Plaintiff due process of law, and thus, Plaintiff is _not_ attacking the state-court judgment, "_he is complaining of the injuries caused by the Defendants_," especially by Defendant, Amanda C. Shoffel, who also had committed fraud and misrepresentation to thwart vindication of Plaintiff's claims in the state-court, and moreover, the two (2) remaining Defendants herein were not parties to the state-court lawsuit and nor are the claims the same as the claims in the state-court lawsuit and although Plaintiff attempted to have the settlement in the state-court rendered/declared void, null, without effect as a result of him _not_ being served with a copy of the Petition to Open Judgment filed by Defendant Shoffel in the state-court and because _no rule to show cause order was issued as of_ course as required by the Pennsylvania Rules of Civil Procedure and the Local Rules of Philadelphia County, the

3

state-court judge did not afford Plaintiff an opportunity to "actually"
litigate the issue regarding ~~the~~ lack of service and lack of a Rule
to show Cause Order being issued as of course upon the filing of
the Petition to Open the Default Judgments (i.e. Plaintiff was not
afforded a hearing on the issue of service or the issue of the
Rule to Show Cause) and the facts regarding same were never
"actually" litigated in the state-court, or in the state-appellate
courts because the state-court held in it's memorandum
Opinion pursuant to Pennsylvania Rules of Appellate Procedure,
Rule 1925(b), that the issue(s) "is waived and will not be
addressed" in its opinion, and furthermore, none of Plaintiff's
other issues/claims in the state-court and in the instant Complaint
were ever actually litigated in the state-court and Plaintiff
were not afforded an opportunity to "actually" litigate same in
~~because~~ the state-court because he did not have a hearing on
any of his issues or a final judgment on the merits due to
the settlement agreement and due to the fact that his
conpinacy claim that Defendant Shoffel conspired with the state-

4

court judge to deny him due process by agreeing to have the default judgments~~apea~~ *opened* without affording Plaintiff an opportunity to be heard <u>and/or</u> conspired or acted in collusion with the Motion Clerk[1] to file the Petition to Open Judgment without a proposed Rule to Show Cause Order form being attached thereto, and said Defendant committed fraud/misrepresentation when she "falsely" certified that she served Plaintiff with a copy of the Petition to Open Judgment and falsely indicated on the cover sheet of the Petition to Open that she had attached a Rule to Show Cause Order form to the Petition, <u>gave rise from the conference held between said Defendant and the state-court judge</u>, which Plaintiff did <u>not</u> have knowledge of until "on appeal" when the attorney for the City-Defendants filed his Brief on their behalf in the Commonwealth Court of Pennsylvania. <u>See</u> Complaint, Exhibit "A", attached hereto. <u>See</u> <u>also</u> Memorandum

---

1. It is alleged also in the instant Complaint that Defendant Shoffel conspired with the Motion Clerk and/or acted in collusion with the Motion Clerk to not docket motions/petitions regarding the Plaintiff's challenge to Petition to Open and the purported settlement agreement, and that Defendant Shoffel committed fraud/misrepresentation regarding the purported settlement agreement, and thus caused Plaintiff to be denied his right of appeal.

5

Opinion Pursuant to Pa. R.A.P. 1925(b), Exhibit "B", attached hereto (clearly indicating that the claims/issues in the instant Complaint were not the same claims/issues in the state-court or they were not "actually" litigated or adjudicated on the merits in the state-court and none of the Defendants in the instant Complaint, except the City of Philadelphia, were Defendants in the state-court lawsuit). Accordingly, Plaintiff should be allowed to conduct the requested discovery taken under advisement, to show that there was a conspiracy/collusion among Defendant Shoffel and the state-court judge <u>at the conference held between them without Plaintiff being allowed to be present</u>, to open the default judgments against Detective Gregory Rodden and Lieutenant Dean, without affording Plaintiff an opportunity to be heard; ~~and~~ to show that Defendant Shoffel conspired with and/or colluded with the Motion Clerk to <u>not</u> docket Plaintiff's Petition to Strike/Motion to Enforce or Invalidate Settlement and/or to file said Defendant's Petition to Open Judgment <u>without requiring her to attach a proposed Rule to Show Cause Order to the Petition</u>; to show that Defendant Shoffel did not have the authority to settle "<u>all</u>" claims and thus committed fraud!

misrepresentation, conspiracy/collusion with the state-court judge and/or City of Philadelphia when said Defendant had "falsely" stated on record at the settlement conference on January 23, 2015 that she did have the authority to settle all claims, and/or to show, and thus add to the Complaint the name of the motion court clerk and/or his or her supervisor who was responsible for filing the Petition to Open Judgment and <u>not</u> requiring Defendant Shoffel to attach "a proposed" Rule to Show Cause Order to the Petition or for <u>not</u> attaching same to the Petition on behalf of said Defendant, and thus for <u>not</u> issuing a Rule to Show Cause Order on behalf of the state-court ~~upon~~ as of course upon the filing of the Petition to Open the Default Judgments as required by the Pennsylvania Rules of Civil Procedure and Philadelphia Local Rules of Civil Procedure. <u>See</u> Plaintiff's Response to Defendant Shoffel's Motion for Summary Judgment, incorporated herein by way of reference.

2. Notwithstanding the above, Plaintiff believes and thus avers that as a matter of state and federal law the settlement in the state-court action was void ab inito; that is, the judgment in the state-court was a complete nullity and without legal effect be-

cause of the defendants' actions, especially the fact that the state-court record show that no Rule to Show Cause Order was issued as of course upon the filing of the Petition to Open the Default Judgments and that Plaintiff was _not_ afforded a hearing on the Petition to Open Judgment or an opportunity to file an answer to the Petition to Open, and thus the order opening the default judgments was void and without legal effect as ~~related~~ violative of Plaintiff's right to due process, and consequently, the order scheduling the status/settlement conference for January 23, 2015 and the settlement agreement itself is also void and without legal effect, and therefore, its vacation would be a mere formality and would not intrude upon the notion of mutual respect in federal-state interests and thus is _not_ barred under the Rooker-Feldman doctrine, and moreover, because the alleged conspiracy herein is violative of due process in itself, the judgment in the state-court was void as violative of due process and certainly Plaintiff's claims should not be dismissed for being precluded by res judicata or collateral estoppel where as here Plaintiff was never afforded _a fair opportunity to be heard_ and the conspiracy among Defendant Shoffel and the state-court judge did not come to light until "after" Plaintiff appealed the

order denying his motion to strike the settlement and reinstate the default judgments, which he was not afforded a hearing on. See Complaint at paragraph 16, Exhibit "A", attached hereto; Raymark v. Lai, 973 F.2d 1125, 1992 U.S. App. LEXIS 21126, Bankr. L. Rep. (CCH) P74, 914, 23 Bankr. Ct. Dec. 689 (3rd Cir. 1992); Davis v. PPL Sustainable Energy Fund, 2011 Pa. Dist. + Cnty. Dec. LEXIS 593; Briggs v. Erie Ins. Group, 406 Pa. Super. 560, 594 A.2d 761, 1991 Pa. Super. LEXIS 2010; Matternas v. Stehman, 434 Pa. Super. 255, 642 A.2d 1120, 1994 Pa. Super. LEXIS 1723. It is well established that the doctrine of res judicata does not apply where fraud or collusion may be found. Morris v. Jones, 329 U.S. 545, 550-51, 67 S.Ct. 451, 91 L.Ed. 488 (1947). See also Ppg Architectural Finishes v. N. Siper Stein West-End Paint Co., 2017 Pa. Dist. + Cnty. Dec. LEXIS 2932; Muhammad v. Strassburger, Mckenna, Messer, Shilobod + Gutnick, 526 Pa. 541, 587 A.2d 1346, 1991 Pa. LEXIS 49; Great W. Mining + Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 2010 U.S. App. LEXIS 16210; Kaller's

Inc. v. Spencer Roofing, Inc., 388 Pa. Super. 361, 565 A.2d 794, 1989 Pa. Super. LEXIS 3278; The Dime Bank v. Andrews, 2015 PA Super. 114, 115 A.3d 358, 2015 Pa. Super. LEXIS 247; Callery v. Blythe Township Municipal Authority, 432 Pa. 307, 243 A.2d 385, 1968 Pa. LEXIS 519; Sewickley Valley Hospital v. Pennsylvania Department of Public Welfare, 121 Pa. Commw. 337, 550 A.2d 1351, 1988 Pa. Commw. LEXIS 898; Plaintiff's Response to Defendant Shoffel's Motion for Summary Judgment at Page 4, §II.1. - Page 91.[3]

WHEREFORE, for the foregoing reasons, Plaintiff pray that this Honorable Court allow him to proceed with the prosecution of his claims against Defendant Shoffel and Defendant Motion Clerk and be allowed to conduct the requested discovery taken under advisement or he be allowed to amend the Complaint to forgo all relief sought in the instant Complaint except the compensatory damages he seek from Defendants Shoffel and Motion Clerk, if deemed necessary for him to proceed further, and he shall forever pray.

Date: June 23, 2019

Respectfully submitted,

DARYL COOK,
Pro Se Plaintiff

---

2. Defendant failed to raise res judicata or collateral estoppel in her answer to the Complaint and Motion to Dismiss. Id.
3. Defendant failed to present any evidence to show that Plaintiff's claims/issues are barred in her Response to the Rule to Show Cause.

10

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Civil Action

Daryl Cook, Plaintiff     : No.

     v.          :

City of Philadelphia,     :

Amanda C. Shoffel,     :

Jacqueline F. Allen, and     :

Motion Clerk,        :

       Defendants    :

## COMPLAINT

### I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Sections 1983 and 1985 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Sections 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Sections 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Eastern District of Pennsylvania is an appropriate venue

Page 1

under 28 U.S.C. section 1391(b)(2) because it is where the events giving rise to this claim occurred.

## II. PARTIES

3. Plaintiff, Daryl Cook, # JR8635, is a prisoner currently confined in the state Correctional Institution at Fayette, Box 9999, LaBelle, PA 15450-0999.

4. Defendant, City of Philadelphia, is a municipality represented by the City Solicitor at 1515 Arch Street, 17th Floor, Philadelphia, PA 19102-1595.

5. Defendant, Amanda C. Shuffel, is a Deputy Solicitor at 1515 Arch Street, 14th Floor, Philadelphia, PA 19102-1595.

6. Defendant, Jacqueline F. Allen, is a Judge at the Court of Common Pleas of Philadelphia County, 360 City Hall, Philadelphia, PA 19107.

7. Defendant, Motion Clerk, is responsible for issuing a rule to show cause as of course on behalf of the Court of Common Pleas of Philadelphia County upon the filing of a petition to open judgment and located at Civil Division, Room 296, City Hall, Philadelphia, PA 19107.

## III. FACTS

8. Despite the fact that Plaintiff had obtained a default

Page 2

judgment against two (2) City employees of Defendant City of Philadelphia in Cook v. City of Philadelphia, et al, Court of Common Pleas of Philadelphia County, Civil Division at No. 120-404474, Defendant Amanda C Shoffel had filed a petition to open the default judgments without serving Plaintiff with a copy of said petition and without attaching a rule to show cause order to said petition.

9. However, on January 6, 2014, Defendant Jacqueline F. Allen had entered an order granting the petition to open judgment and thus vacated and opened the default judgments entered against Detective Gregory Rodden and Lieutenant Dean, without issuing a rule to show cause why the petition to open judgment should not be granted.

10. Plaintiff did not receive a copy of the order opening and vacating the default judgments.

11. As a result of Plaintiff not be served with a copy of the petition to open judgment filed by Defendant Shoffel, he filed motions for extraordinary relief based on him not being served with a copy of the petition to open judgment and not being served with a copy of the answer to the complaint with new matter, and he attempted to file a

page 3

petition to strike the order vacating and opening the default
judgments, which was not docketed.

12. As a result of Defendant Motion Clerk not docketing
some of Plaintiff's motions/petitions, and Defendant Jacqueline
F. Allen ignoring Plaintiff's allegations regarding Plaintiff's
motions/petitions not being docketed and also denying all
of Plaintiff's motions/petitions and application which was
docketed even though Defendant Shoffel never responded to
any of Plaintiff's motions, petitions and nor his application
to have the sheriff personally serve his complaint upon the
unserved City defendants, Plaintiff felt compelled to accept
a settlement offer in open court, with the understanding
and belief that he was only settling his claims of assault
and battery against Defendant City of Philadelphia employee
Detective Gregory Rodden and employee Lieutenant Dean, and
that the settlement constituted both Rodden and Dean ad-
mitting liability.

13. As a result of Defendant Shoffel sending Plaintiff
a "General Release" to sign, releasing the City and all its employees

from liability, Plaintiff advised Defendant Shoffel via correspond-
ence that he would only release Detective Rodden and Lieutenant
Dean from further liability, and Defendant Shoffel responded
and advised Plaintiff that she would only withdraw the City
from the release form.

14. As a result of Defendant Shoffel only agreeing to
withdraw the City of Philadelphia from the General Release
form and not agreeing to indicate on the release form that
Detective Rodden and Lieutenant Dean admit liability even
though Plaintiff clearly advised Defendant Shoffel that he
was under the understanding and belief that Detective
Rodden and Dean were the only defendants who remained
for purposes of settling and that they were admitting
liability by agreeing to settle, Plaintiff attempted to file a
motion to enforce settlement or invalidate settlement because
he had only intended to settle his assault and battery claims
against Detective Rodden and Lieutenant Dean and be-
lieved that the settlement was based on them admitting
liability, however, the Plaintiff's motion to enforce
settlement was not docketed.

Page 5

15. Despite the fact that Plaintiff's motion to enforce settlement was not docketed, he had sent a copy of his correspondence(s) to Defendant Jacqueline F. Allen which he sent to Defendant Shoffel regarding his motion to enforce settlement, and Defendant Shoffel had filed a motion to enforce settlement which Plaintiff was not served with and Defendant Allen granted the motion to enforce settlement filed by Defendant Shoffel.

16. While Plaintiff was waiting to see his motion to enforce settlement appear on the docket, it came to his attention that the settlement of January 23, 2015 was invalid/void because there is "a fatal defect" on the face of the record (i.e. the record clearly show that no rule to show cause was issued by the Motion Clerk on behalf of the court or by the court itself as of course as required by Philadelphia Local Rules of Civil Procedure No. 206.4(c)), and therefore, amongst the fact that Plaintiff was not served with a copy of the petition to open judgment, the answer to his complaint and the motion to enforce settlement filed by Defendant Shoffel, and the motion to enforce settlement was filed on behalf of Officer Fennell who was never served with the

Page 6

complaint, Plaintiff filed a motion to strike settlement and reinstate default judgment, which was denied by Defendant Jacqueline F. Allen without affording Plaintiff a hearing and without requiring Defendant Amanda C. Shoffel to respond to Plaintiff's motion before denying it.

17. Despite the fact that Plaintiff is a prisoner and was a pro se litigant and prisoner at the time he pursued his claims in state court against the parties involved in his lawsuit and the assault and battery committed against him by Detective Gregory Rodden caused Plaintiff to be unconstitutionally convicted and sentenced, thus Plaintiff had a liberty interest at stake, Defendant Jacqueline F. Allen arbitrarily denied Plaintiff the equity relief he sought in his complaint and at the settlement conference on January 23, 2015, and the appellate court (ie. Commonwealth Court of Pennsylvania) affirmed Defendant Allen's order denying Plaintiff the relief he sought in his motion to strike settlement and reinstate default judgment based on Plaintiff agreeing to settle in open court although the record show that the purported settlement agreement was/is "ambiguous" and

"arbitrary", in that it was not explained to Plaintiff that he was agreeing to settle all claims against all the defendants who were dismissed and unserved and was giving up his right to file an appeal regarding the dismissed and unserved defendants, and despite 42 Pa.C.S. § 912 clearly showing that the state court had the power to grant Plaintiff the equitable relief he sought, Plaintiff was still arbitrarily denied the equitable relief by the state courts at the time he filed his motion to strike settlement and re-instate default judgment and his appeal to the Commonwealth Court of Pennsylvania; thus the purported settlement agreement was unconstitutional, void as violative of due process.

18.  As a result of Plaintiff filing an appeal to the Commonwealth Court of Pennsylvania and thus filing his "Brief for Appellant," Plaintiff discovered from the petition to open judgment filed by Defendant Amanda C. Shoffel attached to the ~~Reco~~ "Supplemental Reproduced Record" filed on July 1, 2016 in the Commonwealth Court of Pennsylvania by Daniel J. Averbach, Esquire. at No. 2304 C.D. 2015, that Defendant Shoffel attended a conference with

Defendant Jacqueline F. Allen on November 4, 2013 and was advised that the default judgments was entered against Detective Gregory Rodden and Lieutenant Dean without Plaintiff being allowed to participate in the conference.

19. Despite Defendant Shoffel asserting that she was advised on November 4, 2013 that default judgment was entered, she did not file the petition to open judgment until on December 9, 2013 and Defendant Allen granted said petition on January 6, 2014 without a rule to show cause being issued and without Defendant Shoffel filing an answer to the complaint at the time she filed the petition to open and without the petition being filed within the ten day period which allows the court to open the judgment as a matter of law.

20. Plaintiff believes and thus avers that the Defendants acted in collusion and/or conspired together to deny Plaintiff access to the courts and due process of law (i.e. a meaningful opportunity to be heard by agreeing not to answer Plaintiff's complaint and not providing Plaintiff with discovery and not serving him and not issuing a

rule to show cause why the petition to open judgment should not be granted and not docketing Plaintiff's motion to enforce settlement and not affording Plaintiff a hearing on his motion to strike settlement and reinstate default judgment.

21. As a result of the Defendant City of Philadelphia and Defendant Amanda C. Shoffel misrepresenting to Defendant Jacqueline F. Allen at the settlement conference on January 23, 2015 that they had the authority to settle all claims for all defendants and Defendant Allen is the one who suggested that Defendant Shoffel agree to a "total settlement of the lawsuit" even though Defendant Shoffel was not the attorney for all defendants and thus did not have authority to enter into an agreement to settle all claims against all defendants, Defendants City of Philadelphia, Amanda C. Shoffel and Jacqueline F. Allen acted in collusion and thus caused Plaintiff to be denied his right to appeal and deprived of his liberty without due process of law and also denied access to the Courts because although he had a motion to amend the complaint pending the case was marked closed arbitrari-

Page 10

ly, in violation of the First and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. §1983.

22. As a result of the ambiguous, arbitrary settlement agreement and the Defendants acting in collusion and/or conspiring to deny Plaintiff access to the courts, a meaningful opportunity to be heard and to defend himself in court, and to thus deny Plaintiff due process of law and cause him to be deprived of his liberty in violation of his right to be protected from compelled self-incrimination and to also be deprived of his right to appeal and his property (i.e. the $4,875.000 that he was entitled to from the default judgments) without due process of law, in violation of the First and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §§ 1983 and 1985, the Defendants' actions described herein caused and is continuing to cause Plaintiff to be denied his right to access to the courts, unnecessary and undue delay in obtaining a remedy at law, meaningful access to the courts and the damages he was entitled to from the default judgments and against the rest of the

Page 11

defendants who he had sued besides Detective Rodden and Lieutenant Dean, the only two (2) remaining defendants at the time of the settlement conference held on January 23, 2015.

23. All of the Defendants herein were acting under the color of state law at the time of the acts complained of.

24. Plaintiff have no other adequate remedy at law available to him.

25. All of the Defendants are sued in their official and individual capacities.

## III RELIEF

26. A declaratory judgment declaring that the Defendants' actions described herein was unconstitutional, and the settlement agreement is void as violative of due process because no rule to show cause was issued to give Defendant Jacqueline F. Allen the authority, power to open and vacate the default judgments.

27. An injunction enjoining enforcement of the state proceedings and requiring that the default judgments be reinstated and also Plaintiff's appellate rights be reinstated and the murder conviction be expunged from Plaintiff's records.

Page 12

28. Compensatory damages from Defendant City of Philadelphia in the amount of $10,000.000 (ten million dollars) for delayed damages and to compensate Plaintiff for his pain and suffering and to deter the same or similar acts in the future, and thus enforce his due process rights.

29. Compensatory damages from Defendant Amanda C. Shoffel in her official and individual capacity in the amount of $10,000.000 (ten million dollars) for her failing to comply with the Pa. rules of civil procedure and thus causing Plaintiff to be deprived of his right to due process and thus punished without due process.

30. Compensatory damages from Defendant Motion Clerk in her or his official and individual capacity for causing Plaintiff to be denied his right to access to the courts and a meaningful opportunity to be heard and to defend himself, in the amount of $10,000.000 (ten million dollars).

31. Trial by jury on all issues triable by jury.

32. Costs to be paid by Defendants.

33. Pendent-jurisdiction invoked, and such other relief deemed just, equitable, and proper.

I declare under the penalty of perjury that the foregoing is true and correct.

Date: January 17, 2017

s/ Daryl Cook

DARYL COOK
Pro se Plaintiff

Page 13

# EXHIBIT "B"

### IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CIVIL TRIAL DIVISION

| | |
|---|---|
| **DARYL COOK**<br>Plaintiff<br><br>v.<br><br>**CITY OF PHILADELPHIA, et al**<br>Defendants | **APRIL TERM, 2012**<br>**No. 4474** |
| **COMMONWEALTH COURT** | **2304 CD 2015** |

### MEMORANDUM OPINION PURSUANT TO Pa. R.A.P. 1925(b)

Plaintiff *pro se*, Daryl Cook, (hereinafter appellant) has filed an appeal of this Court's Order

of October 13, 2015 denying his miscellaneous motion to strike settlement and reinstate default

Judgment. On January 16, 2015, appellant provided this court with his 1925(b) Statement of Matters

Complained of on Appeal.[1]  In addition, notice of appeal to the Commonwealth Court was docketed

December 7, 2015.  The said Statement of Matters raises issues not identified in the notice of appeal,

specifically this court's order of January 6, 2014 opening default judgments previously entered against

certain defendants.  Appellant having failed to effectuate an appeal of this issue in a timely fashion,

the issue is waived and will not be addressed in this opinion.  Consequently, the only issue subject to

review and addressed in this opinion is this court's refusal to strike the settlement reached between the

parties.  For reasons that follow, the denial of appellant's motion to strike settlement should be

affirmed (and correspondingly the court's grant of appellees' Motion to Enforce Settlement affirmed).

---

[1] See official court record.

Cook Jr8635 Vs City Of Philadelphia City Sol–OPFLD

12040447400187

## I. BACKGROUND

Appellant filed this action seeking damages for assault, battery and false imprisonment against the City of Philadelphia, correctional officers and police personnel for acts and/or omissions surrounding his arrest and interrogation on or about June 6, 2008 and continuing on April 7, 2010. As well, the instant lawsuit sought recovery from appellant's defense counsel, the prosecuting assistant district attorney and the trial judge in an underlying criminal trial for which appellant stands convicted and sentenced to murder. After a tortious procedural history not relevant to this appeal, appellant reinstated and otherwise re-issued his complaint on January 29, 2014 and February 10, 2014. On October 29, 2014, appellant's motion for extraordinary relief seeking entry of default judgment and/or judgment on the pleadings was denied as was appellant's subsequent request for reconsideration. The order denying appellant any relief also scheduled a settlement conference to be conducted via video conference as necessitated by appellant's incarceration. Said conference was conducted on January 23, 2015. An agreement to settle any and all claims was then and there reached between appellant and counsel for appellees. *See* Settlement Conf. Tr. 14, January 23, 2015.[2] Thereafter, the case was marked settled, discontinued and ended on January 23, 2015.

Appellees filed a motion to enforce settlement on April 14, 2015. On September 4, 2015 appellant filed a miscellaneous motion seeking to strike settlement and reinstate default judgement. By Order of May 15, 2015 the motion to enforce settlement was granted and correspondingly the

---

[2] Attached hereto as Exhibit A.

2

motion to strike settlement was denied by Order of October 13, 2015. It is the Order of October 13, 2015, that is the subject of this appeal.

## II.   DISCUSSION

Superior Court precedent is persuasive in that, "[t]here is strong judicial policy in favor of voluntarily settling lawsuits because it reduces the burden on the courts and expedites the transfer of money into the hands of a complainant." *Mastroni–Mucker v. Allstate Ins. Co.,* 976 A.2d 510, 518 (Pa.Super.2009). It is well established that the "principles of contract law govern the enforceability of settlement agreements, and thus as with any contract, the minds of the parties must meet upon all of the material terms, as well as the subject matter, of the agreement in order for the settlement to be enforceable." *Porreco v. Maleno Developers, Inc.,* 761 A.2d. 629, 632-33 (Pa. Commw. Ct. 2000). "Therefore to be enforceable, a settlement agreement must possess all of the elements of a valid contract – offer, acceptance, and consideration." *In re City of Philadelphia*, No. 651 C.D. 2013, 2014 WL 977683, at *3 (Pa. Commw. Ct. Mar. 12, 2014).

Here, the appellant voluntarily requested that the court "help [him] as far as the settlement." Settlement Conf. Tr. 12, January 23, 2015. Appellant furthers his request by stating that, he "would be simply entitled to more than $1,500.00 [and] could [the court] somehow negotiate a settlement." *Id.* at 13. The court facilitated the negotiation between appellant and counsel for appellees. Counsel offered appellant $2,000 to settle all claims. *See id.* at 13. Appellant renewed his request for the court's guidance in proposing a settlement. *See id.* at 13. Thus, the court recommended that appellant take $2,500 and mark the case settled if counsel should make the offer. *See id.* at 13. Correspondingly, the counsel offered appellant $2,500 in total settlement of the civil lawsuit and he

3

accepted. *See id.* at 14.  Subsequently, the court marked this case settled, discontinued and ended. *See id.* at 14.

The record clearly indicates that the parties reached an agreement.  The settlement agreement contained all the elements of a valid contract—an offer, acceptance and consideration.  Moreover, in Appellant's Motion to Strike Settlement and Reinstate Default Judgment, appellant admits that, "[he] agreed to settle his claims…" *See* Plf,'s Mtn., 1.[3]  Thus, the settlement agreement is enforceable as there is a clear meeting of the minds as to the subject and amount of the settlement of the civil lawsuit.  There is no legally cognizable reason to strike the settlement, therefore the court must enforce the settlement.

## III.    CONCLUSION

For the foregoing reasons the Court's Order of October 13, 2015 denying appellant's Motion to Strike Settlement and Reinstate Default Judgment should be affirmed.

BY THE COURT:

February 22, 2016
**DATE**

ALLEN,  J.

---

[3] See official court record.

4

## CERTIFICATE OF SERVICE

I certify that I caused a true and correct copy of the foregoing "Plaintiff's Response to Rule to Show Cause Order of the 17th day of June, 2019" and "Exhibits "A" and "B" attached thereto, to be served on this 23rd day of June, 2019, by first class certified mail, to:

Meghan E. Claiborne, Esquire
Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5447
(Counsel for Defendant Shoffel)


BY: Daryl Cook
DARYL COOK
JR8635
SCI-Coal Township
1 Kelley Drive
Coal Township, PA 17866

cc: Dc/file
Certified Mail Receipt No. 7011 2970 0000 4492 1872