IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DARYL COOK,                :  CIVIL ACTION
                        :  NO. 17-00331
     Plaintiff,        :
                        :
v.                      :
                        :
CITY OF PHILADELPHIA, et al.,  :
                        :
     Defendants.       :


**M E M O R A N D U M**


EDUARDO C. ROBRENO, J.                    JULY 18, 2019


       Plaintiff Daryl Cook is an inmate in the Pennsylvania
State Correctional System.  He brings claims against the City of
Philadelphia and other defendants under § 1983 and § 1985
alleging due process violations and conspiracy, and claims for
fraud and misrepresentation, all of which relate to certain
prior state court litigation.  That litigation was settled and
concluded when the Supreme Court of the United States declined
to review Cook's allegations of impropriety in the case.
Unhappy with the outcome, Cook believes there must have been a
conspiracy or other misconduct.  However, Cook's federal case
cannot proceed:  his § 1985 claim is not cognizable on the facts
he has alleged; the Court lacks jurisdiction over his § 1983 and

misrepresentation claims under <u>Rooker-Feldman</u>; the Settlement

Agreement bars all claims, including the fraud claim; and

finally, <u>res judicata</u> also precludes all claims.  Thus, the

§ 1985, § 1983, and misrepresentation claims will be dismissed,

and summary judgment will be granted in favor of Defendants and

against Cook on the fraud claim as a matter of law.


## Contents

I.   INTRODUCTION ............................................. 3
  A.   State Court Litigation ................................. 3
  B.   Federal Litigation .................................... 7
II.  DISCUSSION .............................................. 11
  A.   Sua Sponte Raising of Subject Matter Jurisdiction and
  Preclusion ............................................... 11
  B.   Cook's § 1985 claim is not legally cognizable .......... 13
  C.   Rooker-Feldman ........................................ 14
    1.   Legal doctrine ...................................... 14
    2.   The Court lacks jurisdiction over Cook's § 1983 claims
    and misrepresentation in the Settlement Agreement claims in
    light of Rooker-Feldman ................................. 15
    3.   Cook's claim of fraud in the Petition to Open Judgment is
    not barred by Rooker-Feldman ............................ 16
  D.   Preclusion ............................................ 17
    1.   Legal principles .................................... 17
    2.   Cook's arguments against preclusion ................. 20
    3.   The Settlement Agreement bars Cook's claims .......... 21
    4.   Res judicata bars Cook's claims ..................... 21
III. CONCLUSION ............................................. 24

## I.    INTRODUCTION

A lengthy recitation of the facts and history of the state and federal litigations is warranted in order to put the legal issues in this case in perspective.

### A.    State Court Litigation

On July 13, 2010, Cook was convicted of third-degree murder in the Court of Common Pleas of Philadelphia County, Pennsylvania.  ECF No. 50 at 3.  Cook alleges that during the investigation, he was beaten into making a self-incriminating statement, and he was assaulted while awaiting trial.  Id.; ECF No. 50-3 at 12, 15; see also Cook v. City of Phila., No. 2304 C.D. 2015, 2016 WL 6938451, at *1 (Nov. 28, 2016).

In May 2012, after his conviction, Cook filed a state court civil action seeking damages for his alleged injuries from multiple defendants, including Lt. Dean and Det. Rodden.  See ECF No. 50-1.  On March 14, 2013, Cook sought the entry of default judgments against Dean and Rodden for their failure to file an answer, and default judgment was entered against them. Id. at 20 (entries dated March 14, 2013).

On December 9, 2013, Dean and Rodden filed a Petition to Open Judgment,[1] which was granted on January 7, 2014.  Id. at 26-27.  On June 19, 2014, Cook moved for extraordinary relief in

---

[1]         See ECF No. 50-2.

the form of reinstating the default judgment,[2] but was denied on October 29, 2014.  Id. at 30.

The case proceeded, and over a year later, on January 23, 2015, the remaining parties attended a settlement conference held on the record before Judge Jacqueline Allen in the Philadelphia County Court of Common Pleas.  See id. at 33; ECF No. 50-5.  Cook stated that he sought money damages, release from prison, and expungement of his murder conviction.  ECF No. 50-5 at 8-11.  Judge Allen explained to Cook that the court could not grant him relief as to his imprisonment or conviction.  Id. at 11-12.  Cook stated that he understood "very clearly," he wanted help with the settlement as to the amount of money, and he was "still going to seek [his] relief in the criminal process."  Id. at 12-13.

The parties then discussed settlement amounts.  Judge Allen stated her view that "if the City offers you $2,500.00 I think you ought to take it and this case should be marked settled, $2,500.00."  Id. at 13.  Cook replied "I want to do that."  Id. at 14.  Judge Allen confirmed with the defendants' attorney, Amanda Shoffel, Esq., that she had authority to "settle this civil lawsuit."  Id.  Judge Allen then asked Cook

[2]        See ECF No. 50-4.

4

whether he accepted the offer in "total settlement of this civil
lawsuit," to which Cook responded yes.  Id.

But Cook later refused to sign the Settlement
Agreement, believing that Shoffel had failed to send him all of
the required paperwork when petitioning to open the judgment,
including the Petition and an accompanying proposed Rule to Show
Cause Order.  See ECF No. 50-3 at 6-7, 21-22.  The defendants
moved the court to enforce the Settlement Agreement, and the
court granted the motion on May 13, 2015.  ECF No. 50-1 at 33-
34.  Cook ultimately signed the Settlement Agreement on May 29,
2015.  ECF No. 50-6.

On September 4, 2015, Cook moved to strike the
Settlement Agreement, arguing in part that he had not been
served with the Petition and the accompanying proposed Rule to
Show Cause Order, but his motion was denied by the Court of
Common Pleas on October 13, 2015.  ECF No. 50-1 at 34-35; Cook,
2016 WL 6938451, at *3.

Cook then timely appealed the denial of his motion to
strike the Settlement Agreement to the Commonwealth Court of
Pennsylvania.  Cook, 2016 WL 6938451, at *4.  Amongst the issues
presented, Cook contended that "the trial court's January 2014
order opening and vacating the default judgment [was] void
because the trial court did not issue a rule to show cause."
Id.  Cook also contended that "the trial court's order denying

the motion to strike settlement and reinstate default judgment should be vacated and the case remanded to the trial court" because of errors and coercion. Id.

The Commonwealth Court held that Cook had "withdrawn and terminated" any claim that he may have had on any procedural defects because he entered into a "total settlement of the civil law suit," and had "agreed to discontinue those claims." Id. at *5. Furthermore, the Settlement Agreement plainly applied to all defendants, any mistake in its making would not vitiate it, and there was no duress in its making. Id. at *7-8.

Cook petitioned the Supreme Court of Pennsylvania for the allowance of an appeal from the Commonwealth Court, but that was denied on August 17, 2017. Cook v. City of Phila., 170 A.3d 1011 (Pa. 2017).

Following the Supreme Court of Pennsylvania's denial of the allowance of an appeal, Cook petitioned the Supreme Court of the United States for a writ of certiorari. Petition for Writ of Certiorari, Cook v. City of Phila., No. 17-7394 (S. Ct. Nov. 21, 2017). Cook contended that he was "denied his fundamental and substantive right to due process of law, in that he was deprived of his entitlement to default judgments . . . without being afforded notice of the petition to open the default judgments" because he was not served with a copy of the

Petition or the accompanying proposed Rule to Show Cause Order. Id. at 5 (emphasis in original).  The Supreme Court of the United States denied certiorari on March 19, 2018.  Cook v. City of Phila., 138 S. Ct. 1294 (2018).

### B.   Federal Litigation

Cook filed the Complaint on January 23, 2017,[3] a few months after the Commonwealth Court had denied Cook's appeal of Judge Allen's decisions.  ECF No. 1.; Cook, 2016 WL 6938451.

The Complaint named four defendants:  Philadelphia Court of Common Pleas Judge Allen; the City of Philadelphia; former Deputy City Solicitor Shoffel; and an unnamed "Motion Clerk."

Cook brought claims for:  1) violation of due process in state court proceedings under § 1983 (lack of notice of the accompanying proposed Rule to Show Cause); 2) conspiracy to deny equal protection in state court proceedings under § 1985 (concerning the opening of the default judgment); 3) fraud in the Petition to Open Judgment (because he did not receive a copy of the Petition); and 4) misrepresentation in the settlement proceedings (because Shoffel did not have authority to settle

_____

[3]     Cook sought leave to proceed in forma pauperis, which the Court denied.  ECF No. 2.  Cook then paid the filing fee and proceeded pro se.

the case, and he did not receive what he was expecting).[4]  See
ECF No. 60 (explaining at length across 91 handwritten pages
Cook's reason for bringing suit, including the state court
background; his averred federal § 1983 and § 1985 causes of
action; the myriad forms of relief sought; and allegations of
fraud, misrepresentation, collusion, and conspiracy); see also
ECF No. 1-1 ¶¶ 1, 20-22, 27, 29, 30; ECF No. 50-3 at 6:2-4
("fraud, misrepresentation, acting in concert or conspiracy,
concerting actual conspiracy of conspired true acts."), 6:9-
7:14, 9:15-18 (conspiracy), 9:21-10:5, 10:21-11:8
(misrepresentation in the settlement); ECF Nos. 51, 52, 53, 55,
73.

Cook claims that the default judgment entitled him to
$4,875,000 and his immediate liberty.[5]  ECF No. 73 at 2.  Cook
seeks $10,000,000 in compensatory damages from several
defendants (presumably from each one listed), expungement of his

_____

[4]      Pro se litigants are afforded greater leeway with
their pleadings and filings, and the Court must construe those
materials liberally.  Erickson v. Pardus, 551 U.S. 89, 94
(2007); see also Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32
(3d Cir. 2011).

[5]      At this stage of the proceedings, the Court is not
presented with the question of whether Cook's state court case
was barred by Heck v. Humphrey, 512 U.S. 477 (1994) and its
progeny.  The Court notes, however, that to the extent Heck
applied, Cook's claim that he was beaten by the authorities into
making a confession could not have been brought because it would
be a collateral attack on his conviction.

murder conviction, restoration of his appellate rights, and
other relief.  ECF No. 1-1 ¶¶ 27-30.

Motions to dismiss were filed by Judge Allen, the
City, and Shoffel.[6]  Shoffel argued <u>inter alia</u> that the Court
lacked jurisdiction under <u>Rooker-Feldman</u>; the City of
Philadelphia argued <u>res judicata</u> precluded Cook's claims; Judge
Allen asserted <u>inter alia</u> <u>Rooker-Feldman</u>, Eleventh Amendment
immunity, and judicial immunity.  ECF Nos. 13, 14-1.  The Court
granted the City's motion to dismiss, finding that <u>res judicata</u>
applied to bar the claims against the City.  ECF No. 35 ¶ 3 n.2.
The Court denied Shoffel's motion but did not address Shoffel's
argument that the claims were barred by the application of
<u>Rooker-Feldman</u>.  The Court dismissed the case as to Judge Allen
on the grounds of Eleventh Amendment immunity and judicial
immunity.  ECF No. 35.  Shoffel then filed an Answer on November
15, 2017.  ECF No. 37.

In accordance with the Court's Scheduling Order, on
March 1, 2018, Cook was deposed on the nature and bases for his

---

[6]     The City and Shoffel filed a joint memorandum of law
in support of their motion to dismiss under Federal Rules of
Civil Procedure 12(b)(1) and 12(b)(6).  ECF No. 14-1.  The
defendants challenged the complaint as being barred by <u>Rooker-
Feldman</u> doctrine, and for failing to state due process and
conspiracy claims.  <u>Id.</u>  The City also alleged <u>res judicata</u>, and
Shoffel raised qualified immunity.  <u>Id.</u>

claims, and then Shoffel moved for summary judgment.  ECF No. 47
¶¶ 1, 2; ECF No. 50.  Numerous filings ensued over many months.[7]

On March 26, 2019, the Court held a conference with
the parties to determine what discovery Cook believed he
required to respond to the motion for summary judgment.  ECF
Nos. 61, 62.  Cook identified areas of discovery that he
believed were necessary to explore;[8] Shoffel responded that
Cook's claims were barred and therefore discovery was
unnecessary.  The Court took the issue of scheduling further
discovery under advisement.  ECF No. 63.

On April 12, 2019, the Court sua sponte issued a Rule
to Show Cause requiring the parties to brief whether Rooker-
Feldman, originally asserted by Shoffel in her motion to dismiss
but not ruled on by the Court, applied or whether the claims

---

[7]     Cook filed responses on April 27, May 29, and June 4,
2018, which were incorrectly and misleadingly titled as a
"Motion for Appointment of Counsel."  ECF Nos. 51, 52, 53.  On
June 12, 2018, Shoffel filed a response to the motion to appoint
counsel/response to motion for summary judgment.  ECF No. 54.
On June 25, 2018, Cook filed a reply to Shoffel's response.  ECF
No. 55.  On October 18, 2018, the Court denied Cook's motions
for appointment of counsel and required Cook to submit all legal
arguments and evidence of record in support of his opposition to
Shoffel's motion.  ECF No. 56.  Cook submitted a final response
to the motion for summary judgment on December 27, 2018.  ECF
No. 60.

[8]     Cook indicated that he wanted to serve interrogatories
and requests for admission concerning inter alia the petition to
reopen the state court case.

were precluded by <u>res judicata</u> or collateral estoppel.  ECF No. 64.  Shoffel and Cook timely complied.

The parties having been fully heard, ECF Nos. 66 & 73, the Court will now proceed to assess its jurisdiction and whether the claims are precluded.

## II.  DISCUSSION

### A.  <u>Sua Sponte</u> Raising of Subject Matter Jurisdiction and Preclusion

In responding to the Rule to Show Cause on <u>Rooker-Feldman</u> and preclusion, Cook first moved to obtain relief from responding to the Rule on the grounds that Shoffel did not raise <u>Rooker-Feldman</u> in her motion to dismiss.  ECF No. 65 ¶ 2.  The Court summarily denied Cook's motion.  ECF No. 67.  In his later briefing, Cook argued that Shoffel "failed to raise res judicata or collateral estoppel in her answer to the Complaint and her Motion to Dismiss."  ECF No. 73 at 10 n.2.

A federal court must always have subject matter jurisdiction and may <u>sua sponte</u> raise the issue of whether to apply <u>Rooker-Feldman</u> doctrine.  Fed. R. Civ. P. 12(h)(3); <u>see, e.g.</u>, <u>Bass v. New Jersey</u>, 649 F. App'x 255 (3d Cir. 2016) (non-precedential).

The preclusion defenses of <u>res judicata</u> and collateral estoppel are affirmative defenses that typically must be made by a defendant in a responsive pleading.  Fed. R. Civ. P. 8(c);

Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 350 (1971). However, a court may sua sponte resolve that an action is barred on preclusion grounds when "a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised" in order to avoid "unnecessary judicial waste." Arizona v. California, 530 U.S. 392, 412-13 (2000) (internal quotation marks omitted); see also Carbonell v. La. Dep't of Health & Human Res., 772 F.2d 185, 189 (5th Cir. 1985) (explaining that preclusion can be invoked sua sponte when "all relevant data and legal records are before the court and the demands of comity, continuity in the law, and essential justice mandate invocation of the principles of res judicata"); Collazo v. Mount Airy No. 1 LLC, 723 F. App'x 147, 151 (3d Cir. 2018) (non-precedential) (deciding sua sponte that res judicata barred the claims because "the Commonwealth Court previously addressed them in [plaintiff]'s declaratory judgment action against [defendant]").

The Court properly issued the Rule to determine its jurisdictional basis for hearing the case and whether Cook's claims were otherwise precluded. First, as to Rooker-Feldman, Shoffel had raised the defense in her motion to dismiss but the Court did not rule on it. Second, as to the preclusion defense, given that many other courts have expended resources on Cook's

challenges to the opening of the default judgment and the enforcement of the Settlement Agreement, and that this Court has now joined them in an ever-increasing expenditure of time and effort, it is proper to resolve whether the claims and issues have already been previously decided and whether any claims can proceed.

**B. Cook's § 1985 claim is not legally cognizable**

Cook does not identify under which part of 42 U.S.C. § 1985 he brings a claim of conspiracy. Section 1985 prohibits "five broad classes of conspiratorial activity." Kush v. Rutledge, 460 U.S. 719, 724 (1983). Only two of the classes concern activity involving state officials: "the administration of justice in state courts;" and "the private enjoyment of 'equal protection of the laws' and 'equal privileges and immunities under the laws.'" Id. Both categories require an equal protection component in that the conspirators must have "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind [their] action." Id. at 725-26.

Cook has not alleged an equal protection component to the purported conspiracy. It is clear that the facts he has alleged in his many filings and in his deposition do not comport with a legally cognizable § 1985 claim. Accordingly, Cook's § 1985 claims must be dismissed with prejudice.

C.  **Rooker-Feldman**

    1.  **Legal doctrine**

Rooker-Feldman is a jurisdictional doctrine whereby federal courts lack jurisdiction over suits that are essentially appeals from a state-court judgment.  Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010).

For Rooker-Feldman doctrine to apply:  1) the federal plaintiff must have lost in state court; 2) the plaintiff must complain of injuries caused by the state-court judgment; 3) the judgment was rendered before the federal suit was filed; and 4) the federal complaint asks a district court to review and reject the judgment.  See id. at 166 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).  In the Third Circuit, the second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim.  Id.

Rooker-Feldman does not apply when the plaintiff alleges that a state court action was tarnished by due process violations arising from the lack of an impartial forum, i.e., the conduct of the opposing counsel and members of the judiciary violated the plaintiff's constitutional rights, and is separate from the state court decision itself.  Id. at 172-173.  "If the state-court judgments [are] not themselves the cause of [a plaintiff]'s alleged injuries, the Rooker-Feldman doctrine

[will] not deprive the District Court of jurisdiction." Id. at 173. For example, a claim for fraud that relates to how the state court decisions on admissibility of evidence were reached (because the testimony is alleged to be untrue) does not require rejection of the state court judgments. Johnson v. Draeger Safety Diagnostics, Inc., 594 F. App'x 760, 765-66 (3d Cir. 2014) (non-precedential) ("While a decision that [earlier state court judgments] were tainted by alleged fraud would undermine the force of those judgments, this is not the same as asking that the state judgments be rejected.").

A plaintiff's claim for damages may "require review of state-court judgments and even a conclusion that they were erroneous," but will not be barred if "those judgments would not have to be rejected or overruled for [the plaintiff] to prevail." Great W. Mining, 615 F.3d at 173.

### 2. The Court lacks jurisdiction over Cook's § 1983 claims and misrepresentation in the Settlement Agreement claims in light of Rooker-Feldman

In response to the Rule to Show Cause, Cook argued that he was "not attacking the state-court judgment" but rather "complaining of the injuries caused by the Defendants." ECF No. 73 at 3 (emphasis in original).

Cook's argument overlooks that he complained to both the Court of Common Pleas and the Commonwealth Court that the

settlement proceedings were procedurally improper.  The
Commonwealth Court affirmed the propriety of enforcing the
Settlement Agreement, stating that Cook agreed to a "total
settlement" of the suit and his claims of procedural defects in
the litigation "must be considered withdrawn and terminated."
Cook, 2016 WL 6938451 at *5 (emphasis in original).
Furthermore, the Commonwealth Court found that any mistake in
making the Settlement Agreement would not vitiate it, and there
was no duress in making the Settlement Agreement.

        In order for Cook's claims to proceed here, this Court
would have to review and reject the judgment by the state courts
that there was no error in the procedures as to how the
Settlement Agreement was reached, and that the Settlement
Agreement foreclosed future litigation on this matter with
regard to the process by which the parties ultimately arrived at
a settlement.  This review by a federal court of the state court
decision is barred under Rooker-Feldman.

### 3.   Cook's claim of fraud in the Petition to Open Judgment is not barred by Rooker-Feldman

Rooker-Feldman does not bar litigation concerning
fraud by a party during a state court lawsuit.  See, e.g.,
Williams v. BASF Catalysts LLC, 765 F.3d 306, 315 (3d Cir.
2014); Johnson, 594 F. App'x at 764-66.  To the extent Cook is
presenting independent claims against the defendants for

unlawful conduct in the course of the Petition to Open Judgment

proceedings in state court, his claims are not barred.

### D.   Preclusion

#### 1.   Legal principles

The preclusion doctrine of <u>res judicata</u>[9] applies in

federal courts to any causes of action and any issues that were

decided by state courts which could exercise jurisdiction over

the claims.   <u>Kremer v. Chem. Const. Corp.</u>, 456 U.S. 461, 466 n.6

(1982); <u>see also</u> <u>Edmundson v. Borough of Kennett Square</u>, 4 F.3d

186, 189 (3d Cir. 1993) ("When a prior case has been adjudicated

in a state court, federal courts are required by 28 U.S.C.

§ 1738 to give full faith and credit to the state judgment and,

in section 1983 cases, apply the same preclusion rules as would

the courts of that state.").

In federal court litigation in which prior state

litigation is implicated, principles of preclusion are informed

by state law, in this case, the law of Pennsylvania.   <u>Marrese v.</u>

<u>Am. Acad. of Orthopaedic Surgeons</u>, 470 U.S. 373, 380 (1985).

Even if a federal court finds that it has jurisdiction because

---

[9]     <u>Res judicata</u> "precludes the parties or their privies
from relitigating issues that were or could have been raised" in
an action which proceeded to a final judgment on the merits;
collateral estoppel "precludes relitigation of the same issue on
a different cause of action between the same parties."   <u>Kremer</u>
<u>v. Chem. Const. Corp.</u>, 456 U.S. 461, 466 n.6 (1982) (citations
omitted).

Rooker-Feldman does not apply, state law principles of preclusion will apply. Exxon, 544 U.S. at 292.

In Pennsylvania, under res judicata, "[a]ny final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action." Balent v. City of Wilkes-Barre, 669 A.2d 309, 313 (Pa. 1995). "Res judicata applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action." Id.

Res judicata applies when "the two actions share the following four conditions: (1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued." R & J Holding Co. v. Redevelopment Auth. of Cnty. of Montgomery, 670 F.3d 420, 427 (3d Cir. 2011) (citing Bearoff v. Bearoff Bros., Inc., 327 A.2d 72, 74 (Pa. 1974)).

Both suits must have the same identity of parties or privity for res judicata to apply. City of Phila. v. Wells Fargo & Co., No. CV 17-2203, 2018 WL 424451, at *3 (E.D. Pa. Jan. 16, 2018) (applying Pennsylvania law); Day v. Volkswagenwerk Aktiengesellschaft, 464 A.2d 1313, 1317 (Pa. Super. Ct. 1983). But privity "is merely a word used to say

that the relationship between one who is a party on the record and another is close enough to include that other within the res judicata." E.E.O.C. v. U.S. Steel Corp., 921 F.2d 489, 493 (3d Cir. 1990) (quoting Bruszewski v. United States, 181 F.2d 419, 423 (3d Cir. 1950)).

Res judicata "will not be defeated by minor differences of form, parties or allegations where the controlling issues have been resolved in a prior proceeding in which the present parties had an opportunity to appear and assert their rights." Massullo v. Hamburg, Rubin, Mullin, Maxwell & Lupin, P.C., Civ. A. No. 98-116, 1999 WL 313830, at *5 (E.D. Pa. May 17, 1999) (quoting Helmig v. Rockwell Mfg. Co., 131 A.2d 622, 627 (Pa. 1957)) (quotation marks omitted).

A settlement agreement, like any other contract, will bind the parties and have preclusive effect. See, e.g., Porreco v. Maleno Developers, Inc., 761 A.2d 629, 632–33 (Pa. Commw. Ct. 2000); see also Bandai Am. Inc. v. Bally Midway Mfg. Co., 775 F.2d 70, 74–75 (3d Cir. 1985) ("In subsequent litigation between the parties to a settlement agreement resulting in a consent decree, litigation of issues resolved in the agreement is precluded."); Toscano v. Conn. Gen. Life Ins. Co., 288 F. App'x 36, 38 (3d Cir. 2008) ("Judicially approved settlement agreements are considered final judgments on the merits for the purposes of claim preclusion.") (non-precedential). "A

settlement will not be set aside absent a clear showing of fraud, duress or mutual mistake." McDonnell v. Ford Motor Co., 643 A.2d 1102, 1106 (Pa. Super. Ct. 1994) (quoting Rago v. Nace, 460 A.2d 337, 339 (Pa. Super. Ct. 1983)).

### 2.  Cook's arguments against preclusion

In response to the Rule to Show Cause, Cook argues that the remaining defendants were "not parties to the state-court lawsuit," "nor are the claims the same."  ECF No. 73 at 3. Cook also argues that he was not given the opportunity to actually litigate the issues concerning the reopening of the default judgment, as shown by the trial court's memorandum in which the judge stated that Cook "failed to effectuate an appeal . . . in a timely fashion, [therefore] the issue is waived." Id. at 3-4, Ex. B at 1.  Cook continues by arguing that "he did not have a hearing on any of his issues or a final judgment on the merits due to the settlement agreement."  Id. at 4 (emphasis in original).

Cook also argues that he "did not have knowledge of [a conference between Shoffel and the state-court judge] until 'on appeal' when the attorney for the City-Defendants filed [a] brief" that included the petition to open judgment.  Id. at 5; Ex. A ¶ 18.

### 3.  The Settlement Agreement bars Cook's claims

Whether or not Rooker-Feldman applies to only a subset of Cook's claims, the Settlement Agreement forecloses this litigation.  The scope of the Settlement Agreement subsumes all of his claims, including the fraud claim.

The Commonwealth Court ruled that Cook could not pursue any claims regarding the conduct of the litigation prior to settlement because he had withdrawn and terminated them by entering into the Settlement Agreement.  Cook, 2016 WL 6938451, at *5.  Furthermore, the Commonwealth Court ruled that there was no procedural error in the making of the Settlement Agreement. Thus, the effect of the Settlement Agreement is to bar Cook from bringing his federal case as to all claims.

### 4.  Res judicata bars Cook's claims

Even if the application of Rooker-Feldman and the operation of the Settlement Agreement did not conclusively end the inquiry, res judicata operates to preclude all of Cook's claims.

"[I]ssues actually litigated in a state-court proceeding are entitled to the same preclusive effect in a subsequent federal § 1983 suit as they enjoy in the courts of the State where the judgment was rendered."  Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 83 (1984) (discussing Allen v. McCurry, 449 U.S. 90 (1980)).  Section 1983 "does not

override state preclusion law and guarantee petitioner a right to proceed to judgment in state court on . . . state claims and then turn to federal court for adjudication of . . . federal claims." Id. at 83-85. Where an issue could have been raised but was not, preclusion still applies. Balent, 669 A.2d at 313.

In the state court proceedings, Cook sought to have the Settlement Agreement stricken, the opening of the default judgment reversed, and the default judgment reinstated. Cook, 2016 WL 6938451, at *3. As bases for relief, Cook argued many of the same facts that he argues before this Court: lack of notice regarding the Petition; lack of a Rule to Show Cause Order; and mistake or misrepresentations concerning the Settlement Agreement. Id. After failing to persuade the state courts that he was entitled to relief, Cook argued to the Supreme Court of the United States that there had been a violation of due process in the opening of the default judgment, but Cook did not challenge the ruling that the Settlement Agreement was properly obtained or that its operative effect disposed of the case in its entirety. See Petition for Writ of Certiorari at i, 4-6. The Supreme Court of the United States denied the petition for a writ of certiorari. 138 S. Ct. 1294.

In this case, Cook's is precluded because he either did or could have raised claims of due process violations, fraud, and misrepresentation.

Cook alleges that Shoffel committed fraud as shown by
Cook not receiving all of the documents concerning the opening
of the default judgment.  The material facts, documentation, and
witnesses for Cook's due process claims are the same as for his
fraud claim on the opening of the default judgment.  In other
words, it is apparent that now Cook is trying to repackage his
original claim under the new label of "fraud."  But adding the
gild of fraud does not save his claims.

To be sure, Cook seeks a different avenue for recovery
(fraud), from different defendants (Shoffel and an unnamed
motion clerk), and different relief (additional money), but the
underlying dispute remains the same, i.e., claims of a due
process violation.  Although Shoffel and the unnamed motion
clerk were not parties, they are close enough to the allegations
of due process violations and other improprieties as to fall
within the scope of a privy for claim preclusion purposes.

Even if Cook had not been served with the Petition to
Open Judgment or the accompanying proposed Rule to Show Cause
Order, he could have reviewed the docket, obtained a copy of the
Petition, and brought the matter to the attention of the state
court, and if dissatisfied, raised the issue on appeal.  All
litigants are charged with the responsibility of monitoring the
docket and taking appropriate action, see, e.g., Yeschick v.
Mineta, 675 F.3d 622, 629 (6th Cir. 2012) ("[P]arties have an

affirmative duty to monitor the dockets to keep apprised of the entry of orders that they may wish to appeal."), and pro se litigants are not immune from this rule, see Adonai-Adoni v. King, Civil Action No. 07-3689 (MLC), 2012 WL 3535962, at *1 (E.D. Pa. Aug. 13, 2012), aff'd, 506 F. App'x 116 (3d Cir. 2012) ("Pro se litigants have an obligation to monitor the docket sheet to inform themselves of the entry of orders and other filings.") (citing United States ex rel. McAllan v. City of N.Y., 248 F.3d 48, 53 (2d Cir. 2001)); Abulkhair v. Liberty Mut. Ins. Co., 405 F. App'x 570, 573 n.1 (3d Cir. 2011).

Cook offered no argument as to why he could not have raised his allegations of fraud during the pendency of the state trial court matters or when he sought appellate review. The state courts have the power to hear and could have heard Cook on his fraud allegations had Cook decided to raise them.

Cook cannot now raise the claims that he could have raised during the earlier state court litigation. Because claim preclusion law applies to Cook's claims of every stripe, Cook's suit cannot proceed.

## III. CONCLUSION

No claims can proceed. Cook's § 1985 are not legally cognizable, lacking a factual basis of an equal protection violation. The § 1983 and misrepresentation claims are

jurisdictionally barred under Rooker-Feldman.  Even if the Court were to reach the merits of the § 1983 and misrepresentation claims, he is barred from bringing those claims and the fraud claim because Cook entered into the Settlement Agreement. Finally, Cook is precluded by res judicata from bringing any of his claims because he could have been raised the claims in his state court litigation.

The Court will dismiss the § 1985 claim with prejudice; dismiss the § 1983 and misrepresentation claims for lack of jurisdiction; and grant summary judgment on the fraud claim in favor of Defendants and against Cook.